UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LAWRENCE I. FRIEDMANN,

                Plaintiff,                 <u>MEMORANDUM AND ORDER</u>

  -against-                                 CV 12-1307 (LDW) (AKT)

RAYMOUR FURNITURE CO., INC., and LUCY
GOLDSTEIN, individually,

                Defendants.
------------------------------------------------------------X
WEXLER, District Judge

Plaintiff Lawrence I. Friedmann brings this action against defendants Raymour Furniture Co., Inc. ("Raymour") and Raymour supervisor Lucy Goldstein ("Goldstein") for discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296. Defendant Raymour moves to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion.

I. <u>BACKGROUND</u>

For purposes of this decision, the relevant background can be summarized as follows: Plaintiff was employed by Raymour as a sales associate from in or about October 2005 until his termination on June 18, 2011. Complaint ¶¶ 11, 38. Plaintiff claims that from January 2006 until late 2010 he met all sales quotas imposed by

Raymour and excelled in his sales numbers compared to other employees. *Id.* ¶ 12. Plaintiff had surgery for sciatica in May 2002 and suffered flare ups in or about May 2008 and March 2010. *Id.* ¶¶ 13-17. Although the May 2008 flare up did not hinder plaintiff's employment, the March 2010 flare up affected his ability to meet required sales numbers and required him to seek medical treatment and therapy. *Id.* ¶¶ 15, 18, 19. In or about February 2011, Goldstein asked plaintiff his age and when he planned to retire. *Id.* ¶ 27. Plaintiff, who was born in 1941, did not divulge his age, but stated that he planned to retire in approximately five years. *Id.* Thereafter, Goldstein and others employees and managers began addressing plaintiff as "old man" and made other derogatory comments regarding his age. *Id.* ¶¶ 27, 28; *see*, *e.g.*, *id.* ¶¶ 35-36, 38. In or about April 2011, plaintiff was put on a "performance plan," and in or about May 2011, he was placed on a "coaching plan." *Id.* ¶¶ 22, 32. Plaintiff alleges that he complained to his superiors about age and disability discrimination, but "nothing changed." *Id.* ¶ 31. He was terminated on June 18, 2011. *Id.* ¶ 38.

On October 21, 2011, approximately four months after his termination, plaintiff filed a charge of discrimination with the EEOC. The EEOC issued plaintiff a right to sue letter on December 19, 2011, and he commenced this action on March 15, 2012 – almost nine months after his termination.

Raymour contends that plaintiff's claims are time-barred, in that plaintiff contractually agreed to a six-month limitations period for filing "claims or lawsuits"

against Raymour relating to his employment but failed to file this action until almost nine months after his termination.  In this respect, before plaintiff began employment with Raymour, he completed, signed, and dated an "Application for Employment," which, in relevant part, provided:

> **Applicant's Statement** – READ CAREFULLY BEFORE SIGNING – IF YOU ARE HIRED, THE FOLLOWING BECOMES PART OF YOUR OFFICIAL EMPLOYMENT RECORD AND PERSONNEL FILE.
>
> . . .
>
> I agree that any claim or lawsuit relating to my service with Raymour & Flanigan Furniture must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit.  I waive any statute of limitations to the contrary.

Declaration of Tara Eyer Daub, Esq. in Support of Raymour & Flanigan's Motion to Dismiss, Exh. B.

## II.  DISCUSSION

Raymour maintains that the contractual six-month limitations period is enforceable and bars this action because plaintiff did not file this action within six months of his termination.  In support, Raymour argues that contractual agreements shortening applicable limitations periods on federal and state employment-related claims are enforceable, citing, among other cases, *Burke v. PricewaterhouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 81 (2d Cir. 2009) (ERISA claims), and *Schiavone*

*Constr. Co. v. City of New York*, 594 N.Y.S.2d 27, 28 (1st Dep't 1993) (New York claims).

On the other hand, plaintiff maintains that "standard-form, non-negotiated clauses in employment applications, just like the one at issue here, cannot deprive plaintiffs of their right to file employment discrimination lawsuits within the statutory limitations periods." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint ("Pl.'s Mem."), at 6. There is no dispute that plaintiff filed this action within the applicable statutory limitations periods for ADA, ADEA, and NYSHRL claims. More particularly, plaintiff cites cases for the proposition that a contractual agreement shortening the limitations period on "federal claims" must specifically refer to such federal claims and clearly express the intent to shorten the limitations period in which a party may bring an action based on a federal claim. *See Vega v. Federal Express Corp.*, No. 09 Civ. 07637, 2011 WL 4494751, at *5 n.4 (S.D.N.Y. Sept. 29, 2011); *Van-Go Transport Co. v. New York City Bd. of Educ.*, 53 F. Supp. 2d 278, 283-84 (E.D.N.Y. 1999). Notably, however, plaintiff acknowledges that *Vega* holds that, under New York law, an agreement shortening the time period in which to bring an action will be upheld if it is clearly set forth, reasonable, and voluntarily agreed upon. *See Vega*, 2011 WL 4494751, at *5 (concluding that New York and numerous other jurisdictions have upheld enforceability of six-month contractual limitations provisions in employment

discrimination cases, and holding plaintiff's NYSHRL claims time-barred by six-month contractual limitations clause in plaintiff's employment application).

Upon consideration, the Court agrees with plaintiff that the provision at issue here does not bar plaintiff's ADA and ADEA claims because it does not specifically refer to federal claims, and it does not clearly express an intent to shorten the limitations period in which plaintiff can bring an action on such federal claims. *See id.* at *5 n.4; *Van-Go Transport Co.*, 53 F. Supp. 2d at 283-84. Given the administrative exhaustion requirements and prescribed regulatory filing periods applicable to federal employment discrimination claims (including ADA and ADEA claims), the absence of specific references and clearly expressed intent to shorten the limitations period on such claims militates against enforceability.

The Court disagrees with Raymour that *Burke* is controlling. *Burke* involved claims under ERISA, which does not prescribe a limitations period for actions under 29 U.S.C. § 1132. *Burke,* 572 F.3d at 78. As such, the Second Circuit observed, the applicable limitations period is that specified in the "most nearly analogous state limitations statute." *Id.* (citing *Miles v. N.Y. State Teamsters Conference Pension & Ret. Fund Employee Pension Benefit Plan,* 698 F.2d 593, 598 (2d Cir. 1983)). Upon concluding that New York's six-year statute of limitations for contract actions is the most analogous to § 1132 actions, the court recognized that "New York permits contracting parties to shorten a limitations period . . . if the agreement is memorialized in writing."

*Id.* (citing N.Y. C.P.L.R. § 201). Given the applicability of rules of contract to ERISA plans, the court upheld the enforceability of a "clear and unambiguous" policy-prescribed limitations period. *Id.* at 81. Thus, *Burke* did not consider, as here, the applicability of a contractual limitations provision to federal claims of employment discrimination under the ADA or ADEA (or Title VII) and the implications of statutorily-imposed administrative exhaustion requirements and regulatory filing periods.

Moreover, even assuming that the contractual limitation provision is enforceable as to plaintiff's federal claims, this Court cannot say as a matter of law that it bars plaintiff's ADA and ADEA claims. The reference to "claim or lawsuit" in this standard-form provision is sufficiently ambiguous in the context of federal claims that require an administrative filing – such as employment discrimination claims under the ADA and ADEA. Given that "ambiguities in a contract should be construed against the drafter," *Van-Go Transport Co.*, 53 F. Supp. 2d at 283, under a reasonable interpretation of the provision, plaintiff satisfied his contractual obligation by filing his administrative complaint with the EEOC within the six-month period. An employee, such as plaintiff, reasonably may expect that the contractually-imposed limitations provision is satisfied by an administrative filing. *See Ravenscraft v. BNP Media, Inc.*, No. 09 C 6617, 2010 WL 1541455, at **1, 5 (N.D. Ill. Apr. 15, 2010) (determining that six-month contractual limitations clause requiring plaintiff to commence "any action or other legal proceeding related to [her] employment" would have been satisfied had plaintiff filed her EEOC

charge within six months of her termination). Accordingly, Raymour's motion to dismiss plaintiff's ADA and ADEA claims as time-barred is denied.

As for plaintiff's NYSHRL claims, New York law allows parties to contractually shorten the limitations period. *See* N.Y. C.P.L.R. § 201 ("An action ... must be commenced within the time specified in this article unless a different time is prescribed by law or a shorter time is prescribed by written agreement."). An agreement shortening the time period in which to bring an action will be upheld if it is clearly set forth, reasonable, and voluntarily agreed upon. *See Vega*, 2011 WL 4494751, at *5; *see also Watson v. Riptide Worldwide, Inc.*, No. 11 Civ. 0874 (PAC), 2012 WL 383946, at *5 (S.D.N.Y. Feb. 7, 2012) (observing that, under New York law, "[c]ourts will enforce a contractually shortened limitations period so long as it is reasonable and not against public policy or obtained through fraud, duress, or wrongdoing"). Plaintiff acknowledges that *Vega* dismissed NYSHRL claims as time-barred based on "essentially the same [contractual limitations provision] as the one at issue in this case." Pl.'s Mem. at 6. Thus, plaintiff's NYSHRL claims for age and disability discrimination are time-barred since he contractually agreed to file such claims within six months of the "date of the employment action" and he did not do so until almost nine months after his termination. Accordingly, plaintiff's NYSHRL claims are dismissed.

## III. <u>CONCLUSION</u>

For the above reasons, defendant Raymour's motion to dismiss is granted in part and denied in part. It is granted to the extent that plaintiff's NYSHRL claims are dismissed, but is otherwise denied.

SO ORDERED.

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      October 16, 2012