Tara Eyer Daub, Esq. (TE-7943)
Jessica Chiclacos, Esq. (JG-2534)
Nixon Peabody LLP
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500
tdaub@nixonpeabody.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAWRENCE I. FRIEDMANN,<br><br>                                                    Plaintiff,<br><br>          - against -<br><br>RAYMOUR FURNITURE CO., INC., and LUCY GOLDSTEIN, individually.<br><br>                                                    Defendants. | 12 CV 1307<br>(LDW) (AKT) |

## DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES

Defendant Raymour Furniture Company, Inc., d/b/a Raymour & Flanigan Furniture ("Defendant" or "Raymour & Flanigan"), by its attorneys Nixon Peabody LLP, hereby answers the Complaint of Plaintiff Lawrence Friedmann ("Plaintiff" or "Mr. Friedmann") in accordance with the numbered paragraphs thereof as follows:

### JURISDICTION AND VENUE

1.      Admits that Plaintiff purports to base the jurisdiction of this Court on the statutes cited in Paragraph 1 of the Complaint but, except as so admitted, denies the allegations set forth in Paragraph 1 of the Complaint.

2.      Admits that Plaintiff purports to base proper venue of this action within this Court on the statute cited in Paragraph 2 of the Complaint and that at the time of his termination from

employment, Plaintiff worked at Raymour & Flanigan's Garden City, New York location but, except as so admitted, denies the allegations set forth in Paragraph 2 of the Complaint.

3. Admits the allegations set forth in Paragraph 3 of the Complaint.

## PARTIES

4. Admits, upon information and belief, the allegations set forth in Paragraph 4 of the Complaint.

5. Admits the allegations set forth in Paragraph 5 of the Complaint.

6. Admits that at certain points during Plaintiff's employment with Raymour & Flanigan his work was supervised by Lucy Goldstein but, except as so admitted, denies the allegations set forth in Paragraph 6 of the Complaint and refers all questions of law to the Court.

7. Admits the allegations set forth in Paragraph 7 of the Complaint.

8. Admits and avers that Plaintiff was employed by Raymour & Flanigan from on or about October 18, 2005 until the termination of his employment on or about June 18, 2011.

9. Admits the allegations set forth in Paragraph 9 of the Complaint.

## DEMAND FOR TRIAL BY JURY

10. Admits that Plaintiff demands a trial by jury.

## FACTUAL BACKGROUND

11. Admits the allegations set forth in Paragraph 11 of the Complaint.

12. Denies the allegations set forth in Paragraph 12 of the Complaint.

## DISABILITY DISCRIMINATION ALLEGATIONS

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's "flare up" in May 2008, and denies the remainder of the allegations set forth in Paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's "flare up," and denies the remainder of the allegations set forth in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, including all sub-parts thereof.

20. Denies the allegations set forth in Paragraph 20 of the Complaint.

21. Denies the allegations set forth in Paragraph 21 of the Complaint.

22. Avers that Plaintiff was placed on a coaching for success plan but, except as so averred, denies the allegations set forth in Paragraph 22 of the Complaint.

23. Denies the allegations set forth in Paragraph 23 of the Complaint.

24. Denies the allegations set forth in Paragraph 24 of the Complaint.

25. Denies the allegations set forth in Paragraph 25 of the Complaint.

## AGE DISCRIMINATION ALLEGATIONS

26.     Admits that Plaintiff began working for Raymour & Flanigan as a Sales Associate in October 2005 but, except as so admitted, denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Avers that Plaintiff and other employees of Defendant were placed on coaching for success plans in May 2011 due to low sales figures but, except as so averred, denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Avers that in or about May 2011, Plaintiff spoke with Ms. Goldstein and thereafter met with the Carle Place Store Manager Laura D'Ambrosio about a possible transfer to Defendant's Carle Place, New York showroom but, except as so averred, denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Avers that Plaintiff was informed that he would not be transferred to the Carle Place showroom but, except as so averred, denies the allegations set forth in Paragraph 37 of the Complaint.

38. Admits that Plaintiff's employment with Raymour & Flanigan was terminated on or about June 18, 2011, but, except as so admitted, denies the allegations set forth in Paragraph 38 of the Complaint.

39. Denies the allegations set forth in Paragraph 39 of the Complaint.

40. Denies the allegations set forth in Paragraph 40 of the Complaint.

41. Admits the allegations set forth in Paragraph 41 of the Complaint.

### FIRST CAUSE OF ACTION

42. Defendant repeats and restates each and every response to paragraphs 1 through 41 as if fully set forth herein.

43. Denies the allegations set forth in Paragraph 43 of the Complaint.

44. Denies the allegations set forth in Paragraph 44 of the Complaint.

### SECOND CAUSE OF ACTION

45. Defendant repeats and restates each and every response to paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. Denies the allegations set forth in Paragraph 46 of the Complaint.

47. Denies the allegations set forth in Paragraph 47 of the Complaint.

### THIRD CAUSE OF ACTION

48. Defendant repeats and restates each and every response to paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Pursuant to United States District Court Judge Wexler's October 16, 2012 Memorandum and Order, Plaintiff's claims under the New York Executive Law have been dismissed from this action and, therefore, no responsive pleading is required.

50. Pursuant to United States District Court Judge Wexler's October 16, 2012 Memorandum and Order, Plaintiff's claims under the New York Executive Law have been dismissed from this action and, therefore, no responsive pleading is required.

## FOURTH CAUSE OF ACTION

51. Defendant repeats and restates each and every response to paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. Pursuant to United States District Court Judge Wexler's October 16, 2012 Memorandum and Order, Plaintiff's claims under the New York Executive Law have been dismissed from this action and, therefore, no responsive pleading is required.

53. Pursuant to United States District Court Judge Wexler's October 16, 2012 Memorandum and Order, Plaintiff's claims under the New York Executive Law have been dismissed from this action and, therefore, no responsive pleading is required.

## PRAYER FOR RELIEF

The Paragraph in the "Wherefore" clause immediately following Paragraph 53 of the Complaint states requests for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Denies each and every allegation not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they were not interposed within the applicable statute(s) of limitations or contractual limitations period.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that he failed to properly and timely exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by Plaintiff or the administrative investigation thereof.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principles/doctrines of estoppel, laches, waiver and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The relief sought herein is barred, in whole or in part, to the extent that Plaintiff has failed to take reasonable steps to mitigate his damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any allegedly discriminatory behavior.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant or to otherwise avoid his alleged harm.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not a "qualified individual" with a "disability" under the applicable laws.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may be considered to have a "disability," Defendant took appropriate steps to reasonably accommodate such "disability." To the extent that any accommodation was requested but not granted, Plaintiff sought accommodations which are not required and/or are excused by law because they would impose undue hardship on Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to timely engage in an "interactive process" with Defendant respecting some or all of his requested accommodations.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant did not aid, abet, ratify, condone, encourage or acquiesce in any alleged discriminatory conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

The decisions and actions, or failure to act, if any, respecting Plaintiff and his employment were not discriminatory, but were justified by legitimate, non-discriminatory reasons and based on factors other than Plaintiff's age or alleged disability.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims must be dismissed because Defendants would have made the same employment decisions regardless of Plaintiff's age and alleged disability.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for emotional distress are barred, in whole or in part, by the exclusivity provisions of Sections 10 and 11 of the New York State Workers' Compensation Law.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims for punitive damages are barred because Defendant at no time engaged in discriminatory practices or actions with malice or with reckless disregard for Plaintiff's rights. To the contrary, Defendant made a good-faith effort to comply with obligations under the various discrimination statutes.

**WHEREFORE,** having fully answered Plaintiff's allegations, Defendant respectfully requests that this Court dismiss the Complaint in its entirety, award it the costs and disbursements of this action, including reasonable attorney's fees, and award such other relief as the Court deems just and proper.

Dated: November 14, 2012
       Jericho, New York

**NIXON PEABODY LLP**

By: /s/
    Tara Eyer Daub

50 Jericho Quadrangle, Suite 300
Jericho, NY 11753-2728
(516) 832-7613

*Attorneys for Defendant*
*Raymour Furniture Company, Inc.*