# THE HARMAN FIRM, PC

ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

February 8, 2013

**VIA ECF**
Hon. A. Kathleen Tomlinson
United States District Court
  for the Eastern District of New York
100 Federal Plaza, Courtroom 910
Central Islip, New York 11722

    **Re:**    *Friedmann v. Raymour Furniture et al.*, **12 CV 1307 (LDW)(AKT) (E.D.N.Y.)**
              **Second Amended Motion to Compel Defendants to Produce Discovery**

Dear Judge Tomlinson:

    We represent the Plaintiff in the above-referenced action, and write to respectfully request that the Court compel Defendant Raymour Furniture to produce discovery responsive to Plaintiff's discovery requests. Plaintiff submits this Second Amended Motion. Plaintiff's Certification of Compliance with *Local Rule* 37.3 is annexed hereto as *Exhibit A*.

    Plaintiff notes that the Court's *Order* directs Plaintiff to "submit a bullet point list," and in order to reduce confusion, Plaintiff's bullet points are numbered.

    We again underscore our willingness to, and affirmative record of, narrowing the scope of Plaintiff's discovery requests and again respectfully direct the Court's attention to the broad scope of discovery as prescribed by *Fed. R. Civ. P.* 26(b).

    Nevertheless, in the interest of Plaintiff's prosecution of this matter, we request that the Court compel Defendants' production, with sworn verification,[1] of the following:

      (i)    The complete personnel file[2] of Plaintiff's former supervisor, Lucy Goldstein;[3]

---

[1] Plaintiff respectfully requests that any verification Defendant produces is sworn to by individuals or an individual with <u>personal</u> knowledge of the issue at hand, *i.e.*, not an attorney.

[2] Defendant has indicated that they intend to produce Ms. Goldstein's complete personnel file at the end of the day on Tuesday, February 12, 2013—which is the day before Defendant's *Fed. R. Civ. P.* 30(b)(6) deposition. Despite the short time during which Plaintiff will have access to these pertinent documents prior to the deposition, Plaintiff assumes good faith. However, in the event that Defendant's production is incomplete, Plaintiff herein formally requests its production with verification.

[3] During the parties' latter meeting and conference, Defendant claimed that there were no complaints, written or oral, formal or informal, filed against Ms. Goldstein and Defendant could therefore not produce responsive documents. Plaintiff requests that Defendant produce sworn verification supporting that position.

    (ii)    Disclosure of the identity of each and every employee who has worked for Defendant from 2005 until the time Plaintiff was terminated including each individual's age and purported reason for termination for those terminations that occurred in New York City or any of the following New York State counties: (i) Westchester; (ii) Nassau; and (iii) Suffolk.[4]

    (iii)    Production of all communications, all documents and all electronically memorialized information concerning any lawsuit filed in New York State against Defendant in the five (5) years immediately preceding the filing of the *Complaint* in this action,[5] which include allegations of age discrimination or disability discrimination, including but not limited to complaints, answers, settlement agreements or judgments entered in all such suits, unless covered by attorney-client privilege;[6]

    (iv)    Production of all communications, all documents and all electronically memorialized information concerning any and all investigations, whether by government organizations or by Defendant itself, regarding Defendant's age discrimination or disability discrimination in employment or any complaints thereof in the past five (5) years;[7]

    (v)    The identities of all individuals who will offer testimony regarding the affirmative defenses of a purported legitimate nondiscriminatory reason for Plaintiff's termination;[8]

    (vi)    The identities of any and all individuals[9] named in Defendant's *Initial Disclosures*, *Document Requests* or *Interrogatories*, who have knowledge of claims and/or defenses, including affirmative defenses, in this action;[10]

    (vii)    All emails concerning Plaintiff, including but not limited to any with reference to Plaintiff by either first or last name or allusion thereto, where

---

[4] This is an age discrimination and disability discrimination case and the information requested is pertinent to show a pattern and practice of discrimination against other workers with health issues.

[5] *I.e.* since March 13, 2007.

[6] Others' claims of age and disability discrimination are well within the scope of reasonable discovery and are intended to, and could, lead to other information relevant to Plaintiff's prosecution of this matter.

[7] *I.e.* since February 8, 2008.

[8] Plaintiff has drastically narrowed the scope of this Request which originally was for the "[d]isclosure of the identity of all persons with information or knowledge concerning each affirmative defense stated in Defendant's *Answer*," for which Defendant produced only the identity of the individual responsible for the decision to terminate Plaintiff's employment with Defendant.

[9] In the spirit of cooperation, Plaintiff has further narrowed the scope of this Request whose scope was previously, the "[d]isclosure of any and all information regarding individuals . . . ."

[10] Plaintiff respectfully requests that if there is one (1) individual responsive to this Request as Defendant claimed during the latter meeting and conference, that they so swear.

any occurs in the subject, body, to, from, copy or blind copy fields of any email and confirm with sworn confirmation that a complete search for such responsive emails has been completed;[11]

(viii) The production of the entire email chain for all electronic messages that Defendant has produced.[12] Plaintiff understands that Defendant has already produced all responsive electronic messages that they have, which are surprisingly low in quantity. In instances where Defendant has produced only part of an email chain, Plaintiff respectfully requests a sworn verification of the purportedly complete production.

(ix) Information regarding the redaction of Defendant's production at D000019, specifically either:

(a) The reasons for Defendant's decision to redact production at D000019 in the form of a privilege log and explanation; or,

(b) The unredacted content of Defendant's production at D000019;

(x) The production of all electronic messages and emails of Ms. Goldstein's that are responsive to Plaintiff's *Document Requests*;[13]

(xi) The production of the "$750,000 Business Planner" as described in Defendant's production at D000039;[14]

(xii) Sworn verification from Defendant[15] that there are only three (3) evaluations of Plaintiff's performance during his employment by Defendant and that Defendant has no means of better dating those that were produced without a date of issue;

---

[11] Defendant claims that all responsive documents have been produced. Plaintiff, however, remains unconvinced considering Defendant's size *vis-à-vis* Plaintiff's length of time employed there. If all responsive documents have been produced, we request sworn verification from the individuals who conducted the search for responsive emails.

[12] *See supra* note 11.

[13] *See supra* note 11, and specifically the documents and information responsive to Plaintiff's Document Request:

3., which is "[concerning] Plaintiff's work performance";

4., which is "[concerning] . . . complaints . . . received . . . about Plaintiff, including, but not limited to, complaints about [Plaintiff's] job performance"; and

18., which seeks "all [electronically memorialized information] identified in the answers to Plaintiff's [Interrogatories]."

[14] It is Plaintiff's understanding that documents and information responsive to this request may still have yet to be produced, but that if there are, Defendant intends to produce them forthwith. Therefore, Plaintiff hereby memorializes this Request with sworn verification regarding its production.

[15] *I.e.*, not Defendant's attorney.

Hon. A. Kathleen Tomlinson
February 8, 2013
Page 4 of 4

    (xiii)    The production of Ms. Goldstein to be deposed, either in Florida, where Plaintiff understands that she is on leave of absence, or in New York, as per Defendant's proposal;[16]

    (xiv)    The production of a privilege log for any documents Defendant has either withheld or redacted on the basis of privilege as well as the nature of the privilege asserted.

Thank you for your time, attention, and cooperation regarding these matters.

        Respectfully submitted,
        THE HARMAN FIRM, PC

        _____s/_____
        Walker G. Harman, Jr.

cc:    Jessica Chiclacos, Esq. (*via ECF*)
       Tara Eyer Daub, Esq. (*via ECF*)
       Peter J. Andrews (*via ECF*)

---

[16] Plaintiff underscores the fact that Defendant, which represents Ms. Goldstein, has refused to secure a date for her deposition since the time it was first noticed.  *See Notice to Take Deposition upon Oral Examination*, dated December 19, 2012, which is annexed hereto as *Exhibit B*.