# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600    FAX 212 202 3926

WWW.THEHARMANFIRM.COM

February 25, 2013

**VIA ECF**
Hon. A. Kathleen Tomlinson
United States District Court
   for the Eastern District of New York
100 Federal Plaza, Courtroom 910
Central Islip, New York 11722

      **Re:**    *Friedmann v. Raymour Furniture et al.*, 12 CV 1307 (LDW)(AKT) (E.D.N.Y.)

Dear Judge Tomlinson:

      We represent the Plaintiff in the above-referenced employment discrimination action. We write to the Court regarding items that Defendant never produced and about which Plaintiff only became aware on Friday during the deposition of a third-party witness.

      Plaintiff respectfully seeks the Court's guidance as today is the last day fact discovery,[1] and Defendant made it clear that in order for Plaintiff to seek any further production, it would be at the direction of Your Honor.

      Plaintiff also writes this letter with full knowledge that there is a conference before Your Honor tomorrow and Plaintiff's outstanding and undecided *Motion to Compel*.

      Had Plaintiff been aware of what he was made aware at Friday's deposition, the *Motion*, in addition to what it requests now, would have included requests for the following:

(i)     The documentation that Ms. Goldstein testified having reviewed with Defendant's counsel that Ms. Goldstein had sent to Human Resources. *See Rough Draft of Transcript of Deposition of Lucy Goldstein* ("*Drft. Goldstein Tr.*") at 13:20–14:7.[2]

(ii)     The five (5) documents that Ms. Goldstein testified having reviewed with Ms. Goldstein the day prior to the deposition. *Drft. Goldstein Tr.* at 14:15–15:19.

---

[1] *See Case Management and Scheduling Order* issued by this Court July 16, 2012, at § 1.

[2] For Defendant's convenience, Plaintiff includes references to *Draft Goldstein Tr.* In an abundance of caution, *Draft Goldstein Tr.* is not annexed. However, if the Court requests a copy, Plaintiff would be happy to produce it and to that end, Plaintiff will bring an additional copy to tomorrow's conference.

    (iii)    The documentation related to the termination of the younger individual that Ms. Goldstein believes was terminated for poor performance. *Drft. Goldstein Tr.* at 61:18–21.

    (iv)    Documentation related to the 2010 year-end sales figures for the associates as they show Plaintiff's allegedly unflattering figures contrasting with his former colleagues' numbers. *Drft. Goldstein Tr.* at 66:5–8.

    (v)    The performance improvement or coaching plans for Rafael and Karen. *Drft. Goldstein Tr.* at 79:2–5, 92:7–19.

    (vi)    The written report of Plaintiff's sales performance that was generated at least one (1) time during 2011. *Drft. Goldstein Tr.* at 79:15–21.

    (vii)    Sales performance reports from 2011 of Kevin, Theresa and Joann. *Drft. Goldstein Tr.* at 88:17–89:3.

    (viii)    The date when Defendant's representation of Ms. Goldstein began. *Drft. Goldstein Tr.* at 3:19–21. Regardless of the date that Defendant began its representation of Ms. Goldstein, it is clear that Defendant never contacted her during its purportedly complete search regarding Plaintiff's discovery demands. For this reason alone, Plaintiff respectfully renews his request for sworn verification from a non-attorney regarding Defendant's production.

    (ix)    Where not already provided, a sworn verification from a representative of Defendant Raymour Furniture (*i.e.*, not an attorney) regarding the existence or lack thereof, of each of the foregoing.

We thank the Court for its time and attention.

    Respectfully submitted,
    THE HARMAN FIRM, PC

    _____s/_____
    Peter J. Andrews

cc:    Jessica Chiclacos, Esq. (*via ECF*)
    Tara Eyer Daub, Esq. (*via ECF*)
    Walker G. Harman, Jr. (*via ECF*)