# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600    FAX 212 202 3926

WWW.THEHARMANFIRM.COM

March 21, 2013

**VIA ECF**
Hon. Leonard D. Wexler
United States District Court for the
  Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

>   **Re:**   *Friedmann v. Raymour Furniture et al.*, 12 CV 1307 (LDW)(AKT)

Dear Judge Wexler:

We represent the Plaintiff in the above-referenced employment discrimination action, which complains of his illegal termination due to his age and disability.

Plaintiff expressly disagrees with the notion that there are grounds for Defendants to move for summary judgment in good faith.

The outstanding issues regarding discovery are numerous. As asserted in Plaintiff's March 20, 2013 *Objection*, a myriad of factual issues remains in dispute regarding, and in response to, Defendant's incomplete discovery production. *See Docket Entry 46.*

Defendant repeatedly refused to produce responsive documentation and information during discovery. Plaintiff aggressively narrowed and limited the scope of his own discovery requests on multiple occasions without avail. Such a lack of cooperation is amongst the reasons Plaintiff would oppose Defendant's intended motion under, *inter alia*, FED. R. CIV. P. 56(d). Without Defendant's proper and fair production, Plaintiff is unfairly and permanently prejudiced and would not be able to properly or adequately respond to Defendant's motion.[1]

Plaintiff respectfully refers the Court to Senior U.S. District Judge Jack B. Weinstein's 2003 decision, which stated that "[i]f the record as a whole 'could lead a reasonable trier of fact to find in favor of the non-movant,' then a genuine issue of material fact exists." *Farulla v. N.Y. Sch. Constr. Auth.*, 277 F. Supp. 2d 140, 146 (E.D.N.Y. 2003) quoting *Strohmeyer v. Int'l Bhd., Painters & Allied Trades*, 989 F. Supp. 455, 458 (W.D.N.Y. 1997). Plaintiff understands that "the test for summary judgment is whether the evidence can reasonably support a verdict in plaintiff's favor." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 157 (2d Cir. 2000).

---

[1] Defendant's arguments in purported support of summary judgment serve to not only underscore the parties' disputes on facts, but also suggest that summary judgment is not appropriate.

Hon. Leonard D. Wexler
March 21, 2013
Page 2 of 2

      We thank the Court for its time and attention to this matter.

                                Very truly yours,
                                THE HARMAN FIRM, PC

                                _____s/_____
                                Walker G. Harman, Jr.

cc:    Hon. A. Kathleen Tomlinson (*via ECF*)
        Tara E. Daub, Esq. (*via email,* (tdaub@nixonpeabody.com)
        Jessica Chiclacos, Esq. (*via email*, jchiclacos@nixonpeabody.com)
        Peter J. Andrews (*via email*, pandrews@theharmanfirm.com)