| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 2/26/2013 |
| | U.S. MAGISTRATE JUDGE | TIME: | 10:49 a.m. (51 minutes) |

*Friedman v. Raymour Furniture Co., Inc., et al.*,
**CV 12-1307 (LDW) (AKT)**

TYPE OF CONFERENCE:		**MOTION HEARING**

APPEARANCES:	Plaintiff	Peter Andrews

		Defendant	Jessica A. Chiclacos

FTR:	10:49-11:29 (40 minutes)
	11:48-11:59 (11 minutes)

THE FOLLOWING RULINGS WERE MADE:

1. The Court said this matter down for a motion hearing today based upon plaintiff's filing of its "Second Amended Motion to Compel." *See* DE 37. Among other things, Plaintiff is seeking the complete personnel file of Lucy Goldstein, Plaintiff's former supervisor. Defendants' counsel confirmed that the entire file has been produced and that if there were any complaints against Ms. Goldstein, they would have been in that file. Plaintiff would like a sworn declaration of the accuracy of these statements. The Court declined to require a sworn declaration since plaintiff's counsel has made representation on the record today as an officer of the Court. However, but defendants' counsel was put on notice that the defendants will be precluded from introducing at summary judgment or trial any documents not produced during the course of discovery.

2. Plaintiff seeks the identity and age of all employees who were terminated from employment with the corporate defendant in New York City as well as Westchester Nassau and Suffolk Counties for the period running from January 2005 through the date of Plaintiff's termination. This request is overly broad. Defendants' counsel, however, is directed to produce a list of the names, ages, and reasons for termination for employees in the Nassau and Suffolk County locations who were involuntarily terminated from employment for the period January 2005 through Plaintiff's termination. This list is subject to the Confidentiality Order entered in the case.

3. Plaintiff also seeks all communications, all documents and all electronically memorialized information concerning any lawsuit filed in New York State alleging age discrimination or disability discrimination against the defendants in the five years immediately preceding the filing of the Complaint here. Plaintiff seeks any complaints, answers, settlement agreements or judgments entered in all such suits, "unless covered by attorney-client privilege." This request is also overly broad. Defendant is, however, directed to produce any pleadings filed in any court or agency proceeding relating to an age discrimination or disability discrimination complaint filed by an individual working in a sales capacity for the defendant Corporation in New York State for the five-year preceding the Complaint here.

4. Plaintiff is also seeking documents pertaining to all investigations, whether by government organizations or by the corporate defendant itself, regarding the plaintiff's age discrimination or disability discrimination in employment claim. I inquired whether plaintiff's counsel was looking for filings with the EEOC as well as internal complaints of his client. Plaintiff's counsel confirmed that this was correct. Defendant's counsel stated that they did not file a response/position statement to that filing since a right to sue letter was issued prior to the deadline for the response. The Court is satisfied with the response of defendants' counsel, but further advised plaintiff's counsel that the attorneys in these types of cases often file a FOIA request to access the complete EEOC file if he was not satisfied with the response of defendants' counsel.

5. Plaintiff also seeks the identities of all individuals who offer testimony regarding the affirmative defenses of "legitimate nondiscriminatory reason for Plaintiff's termination." Defendants' counsel responded that its she have provided the defendants' initial disclosures in July and had listed their all of the individuals who might have knowledge relating to the claims or defenses in this action. Plaintiff's counsel responded that his firm was dissatisfied with the recent Rule 30(b)(6) witness who was offered for deposition, namely, and HR professional named Patricia. Defendants' counsel objected to the fact that the witness testified she had not seen the complaint, the answer, the affirmative defenses, nor the Rule 30(b)(6) deposition notice. Plaintiff's counsel went through each of the affirmative defenses and asserts that the witness did not have first-hand knowledge of plaintiff's termination.. Nor had the witness read the performance improvement plans generated for the plaintiff. Apparently, when plaintiff's counsel went on to ask some other questions regarding age and disability-related discrimination, defendants' counsel objected on the grounds that the questions were beyond the scope of the deposition.

I asked to see a copy of the Rule 30(b)(6) Notice and went through some of the categories with counsel. When I asked counsel what information he was trying to get at based on some of the categories listed, he responded. However, I pointed out to counsel that his response to me was exceeded the parameter of the category as noticed, which presumably is why defendants' counsel objected. Defendants' counsel case of examples of the questions asked the responses given by the witness. I pointed out to plaintiff's counsel that whether or not the witness had actually seen the specific categories in the Notice, the real issue was whether or not the witness was competent to answer the question being asked. According to defendants' counsel the witness did answer the questions as to the facts underlying the affirmative defenses and that opposing counsel was simply not happy with the answers. Part of the dissatisfaction on the part of plaintiff's counsel was based on his position that the witness did not have any firsthand information about the circumstances leading up to the plaintiff's termination. I responded to counsel that for purposes of a Rule 30(b)(6) deposition, it does not matter whether the witness has first-hand knowledge. The witness is appearing in a representative capacity on behalf of the corporation and, essentially, is presenting the corporation's position on the issues raised. The obligation of the defendants is to ensure that the witness is prepared to do precisely that. Plaintiff's counsel reiterated that he was not happy with the answers that he received.

The Court also notes that the parties called the Court about this issue during the deposition and plaintiff's counsel was directed to go through each defense with the witness. Counsel apparently did not do this, although counsel believes he did so. Having heard the arguments of counsel for both sides, the Court is constrained to grant any further relief. Plaintiff also stated that he would like deposition of an HR employee less senior to the Rule 30(b)(6) witness who had more information about plaintiff's situation. This individual, however, is a fact witness that

                plaintiff could have noticed and deposed – as he could have done with any witness disclosed in the Rule 26(a) disclosures or in responses to interrogatories. Thus counsel's dissatisfaction with the 30(b)(6) witness is not a sufficient basis for this late request.

6. Plaintiff seeks identities of all individuals previously disclosed with knowledge of defendant's affirmative defenses. Defendants' counsel confirmed that no witnesses will be testifying with respect to the affirmative defenses other than those individuals previously disclosed. The Court therefore will not require anything further on this issue.

7. The next item discussed was plaintiff's request for all emails in which plaintiff's name appears, either the first name or the last and where there is "any allusion thereto." The Court found this request to be overly broad. Defendants' nevertheless agreed to produce all responsive documents and noted that the production was relatively small because the plaintiff did not use email. Plaintiff now accepts the representation of defendant's counsel regarding the completeness of the production. There was also an issue with respect to a redacted document [D000019]. Counsel for defendants was directed to send the document to the Court for an *in camera* inspection if counsel has the original if defendants are not able to work this issue out with plaintiff's counsel.

8. Plaintiff also seeks all emails relating to Ms. Goldstein. Defendant's counsel explained that Ms. Goldstein is an employee on medical leave. She took medical leave prior to the initiation of this lawsuit and has had no access to email during her leave. Defendants searched the records in their possession to produce responsive documents and Ms. Goldstein testified that she had no additional records. Defendants' counsel was directed to provide a declaration from an individual in the Garden City office to confirm that Ms. Goldstein's computer was searched for records relating to the plaintiff.

9. The parties agreed to resolve the issue with respect to the business planner among themselves.

10. Plaintiff's counsel seeks a sworn declaration relating to the completeness of the production of plaintiff's performance improvement plans. The Court was perpelexed by this request since plaintiff's counsel stated that his client actually received copies of the plans and therefore should have produced these documents himself. Defendants' counsel confirmed that all plans were produced and noted that plaintiff failed to produce any of his reviews. Plaintiff's counsel was directed to discuss the issue with his client and inform defendants' counsel whether he received any reviews by Friday. If he did, then plaintiff needs to produce them. The Court will not require a sworn declaration as to the completeness of the plan since this issue was discussed at Ms. Goldstein's deposition last week.

11. Plaintiff requested a privilege log. Defendant's counsel confirmed that no documents were withheld on privilege grounds. Consequently, a privilege log is not necessary.

12. Plaintiff's counsel filed a letter yesterday seeking additional documents. The parties were directed to confer on the issues raised in the letter. After conferring, many of the issues were narrowed and defendant agreed to check on certain items. There remained an issue with respect to year-end sales figures for other employees and performance improvement plans for other employees. Plaintiff's counsel stated that these documents are relevant for comparative purposes. Defendants' counsel objected on the grounds that the request was untimely and noted that the plaintiff has had eight months to ask for this information. The Court ruled that plaintiff cannot seek this information for the first time on the final day of fact discovery. The

     Court noted that plaintiff's counsel had previously been warned about his lack of diligence in this case and the need to adhere to the schedule given the assignment of the case to Judge Wexler. In addition, plaintiff's counsel raised issues about matters which clearly could have been raised during Ms. Goldstein's deposition but were not. Attorney Andrews did not attend that deposition and apparently someone else from his firm covered the examination. Plaintiff cannot be heard to ask for additional information that clearly could have been addressed during Ms. Goldstein's examination. In light of the information obtained from counsel during this discussion, the Court will not require further production from the defendants. As to the date of the initiation of representation of Ms. Goldstein by defendant's counsel, the Court finds that this is another issue which should have been explored at Ms. Goldstein's deposition. Defendants' counsel noted that it was. The final request in plaintiff's letter, which counsel described as a "catch-all" is denied.

13. All of the items discussed above are to be served within ten (10) days.

14. Plaintiff will not move for summary judgment. Defendant intends to move for summary judgment. As set forth in the Case Management and Scheduling Order, the deadline to file a letter requesting a pre-motion conference with Judge Wexler is March 11 deadline. Neither party disclosed experts and the deadline to do so has passed.

                                                 SO ORDERED

                                                 /s/ A. Kathleen Tomlinson
                                               A. KATHLEEN TOMLINSON
                                             U.S. Magistrate Judge