# NIXON PEABODY LLP
ATTORNEYS AT LAW

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500
Fax: (516) 832-7555
Direct Dial: (516) 832-7613
E-Mail: tdaub@nixonpeabody.com

April 3, 2013

**VIA ECF AND FEDERAL EXPRESS**

The Honorable Leonard D. Wexler
United States District Judge
United States District Court for the
 Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

      RE:    **Lawrence I. Friedmann v. Raymour Furniture Co., Inc., et al.**
            **12 Civ. 1307 (LDW)(AKT)**

Dear Judge Wexler:

      As you know, this firm represents defendant Raymour Furniture Company, Inc., d/b/a Raymour & Flanigan Furniture ("Defendant") in connection with the above-referenced matter. We write in response to plaintiff Lawrence Friedmann's ("Plaintiff") Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery dated March 20, 2013 (referred to herein as the "Objections").

      In his Objections, Plaintiff asks this Court to wade through his rambling and incoherent discussion of various complaints about discovery, which are either: (1) related to the Magistrate Judge's discovery rulings made at a February 26, 2013 conference in response to Plaintiff's motion to compel discovery dated February 8, 2013, or as "supplemented" by Plaintiff's letter dated February 25, 2013; (2) related to the Magistrate Judge's rulings on additional discovery issues Plaintiff raised during the February 26, 2013 conference; or (3) completely unrelated to any motion to compel or ruling.[1] Absent from Plaintiff's Objections is any clear explanation of the portions of the Magistrate Judge's ruling that Plaintiff believes are objectionable.

      Under Federal Rules of Civil Procedure ("FRCP") Rule 72(a), the district court should "consider timely objections" and set aside any order that is "clearly erroneous or is contrary to law." FRCP 72(a) (emphasis added). For the reasons discussed below, Plaintiff's Objections are untimely and, furthermore, do not cite to a single case or legal principle, let alone any authority that Plaintiff believes the Magistrate Judge should have considered and did not. Indeed, Plaintiff does not even attempt to argue that Magistrate Judge Tomlinson's rulings were clearly erroneous

---

[1] For example, Plaintiff complains about the date of the deposition of Lucy Goldstein, Plaintiff's former manager, who is currently on a medical leave of absence and residing in Florida. Since Plaintiff does not appear to be seeking any relief in this regard, Defendant will not address this topic in its response.

14383920.2

The Honorable Leonard D. Wexler
April 3, 2013
Page 2

or contrary to law – he merely claims that his requests were "not unreasonable." As a result, Magistrate Judge Tomlinson's rulings should not be disturbed and Plaintiff's Objections should be overruled.

**Plaintiff's Objections Are Untimely**

As an initial matter, Plaintiff's Objections are untimely. FRCP 72(a) provides that a party may file objections to a magistrate judge's order "[w]ithin fourteen days after being served with a copy of the [order]." Here, Magistrate Judge Tomlinson issued her ruling from the bench on February 26, 2013. Accordingly, Plaintiff was required to file any Objections to the February 26, 2013 rulings with the Court by no later than March 12, 2013.

It is well settled that if "the party fails to file a timely appeal, it cannot subsequently claim that the magistrate's order was erroneous." Mathias v. Jacobs, 167 F. Supp. 2d 606, 622 (S.D.N.Y. 2001); see also Diez v. Washington Mutual Bank, 2011 U.S. Dist. LEXIS 107428, at *28 (E.D.N.Y. Sept. 21, 2011) (concluding that the plaintiff's objections to the magistrate's discovery orders were untimely as they were filed more than 14 days after the order was issued); Dubai Islamic Bank v. Citibank, N.A., 2002 U.S. Dist. LEXIS 13290, at *3 (S.D.N.Y. July 23, 2002) ("Plaintiff waived objections to [the order] by filing it three weeks late."). As Plaintiff filed his Objections on March 20, 2013, over one week late, his Objections were untimely and should be rejected by this Court.

Apparently recognizing that he failed to timely appeal the Magistrate Judge's oral rulings from the bench, Plaintiff argues that his time to file should instead run from the date the transcript of the February 26, 2013 conference was issued. (See Plaintiff's Objections at 1, n.1). In support of this argument, Plaintiff claims to have had an *ex parte* conversation with a clerk in Your Honor's chambers on an unspecified date. Critically, Plaintiff cites no legal authority for this position, as he cannot, since courts have held that a party's time to appeal runs from the date of the magistrate's oral ruling. See Samad v. Bokara Rug Co., 2011 U.S. Dist. LEXIS 105795, at *9-10 (S.D.N.Y. Sept. 19, 2011) (concluding that defendants' time to object to the magistrate's discovery ruling pursuant to FRCP 72(a) began running the date the magistrate issued his oral order). Thus, since Plaintiff's Objections were filed more than three weeks after the Magistrate Judge issued her rulings orally from the bench, his appeal is untimely.

**Magistrate Judge Tomlinson's Discovery Rulings Were Not Erroneous or Contrary to Law**

Even assuming that Plaintiff's untimely appeal is permitted, there is no basis to disturb the Magistrate Judge's discovery rulings. It is well established that a "magistrate judge's resolution of discovery disputes deserves substantial deference." Dubai Islamic Bank, 2002 U.S. Dist. LEXIS 13290 at *3. Pursuant to FRCP 72(a), a district court judge may "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." An order is "clearly erroneous" only when the "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Thompson v.

The Honorable Leonard D. Wexler
April 3, 2013
Page 3

Keane, 1996 U.S. Dist. LEXIS 6022, at *1 (S.D.N.Y. May 6, 1996). Further, an "order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" State Farm Mutual v. Eastern Medical, P.C., 2011 U.S. Dist. LEXIS 7570, at *3 (E.D.N.Y. Jan. 25, 2011), citing Rathgaber v. Town of Oyster Bay, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007); see also Madison Stock Transfer v. Netco Investments, Inc., 2008 U.S. Dist. LEXIS 16121, at *2 (E.D.N.Y. Feb. 28, 2008) (LDW) (overruling objections to magistrate's order); Runza v. Wal-Mart Stores, Inc., 2008 U.S. Dist. LEXIS 6921, at *2 (E.D.N.Y. Jan. 28, 2008) (LDW) (same).

Particularly with regard to pre-trial matters, "magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." Universal Acupuncture Pain Servs., P.C. v. State Farm, 2002 U.S. Dist. LEXIS 19555, at *1 (S.D.N.Y. Oct. 10, 2002); see also American Home Assurance Co. v. Masters Ship Man., 2004 U.S. Dist. LEXIS 9364, at *6 (S.D.N.Y. May 24, 2004) ("The standard of review that a district judge is to apply to a magistrate judge's order is deferential."). In light of this deferential standard, "a party seeking to overturn a magistrate's discovery order therefore bears a heavy burden." Perez v. Consolidated Edison Corp., 2003 U.S. Dist. LEXIS 20028, at *4 (S.D.N.Y. Nov. 10, 2003). Plaintiff has not met his burden to establish a basis for this Court to modify or set aside Magistrate Judge Tomlinson's discovery rulings.

As an initial matter, Plaintiff does not even attempt to argue that Magistrate Judge Tomlinson's rulings were either clearly erroneous or contrary to law. Instead, he simply argues that his requests were "not unreasonable." Certainly, Plaintiff has not established that Magistrate Judge Tomlinson's discovery rulings were "contrary to law," since his Objections do not cite to a single statute, case law or rule of procedure, let alone one he believes was ignored.

Nevertheless, Plaintiff argues that Magistrate Judge Tomlinson's rulings should be set aside. Although Plaintiff's unintelligible submission fails to clearly state the specific discovery items he believes he is entitled to, or why, his Objections seem to relate to the following: (1) his desire for a verification of Defendant's interrogatory responses by someone other than in-house counsel; (2) a verification regarding an email search, which has already been provided; (3) performance-related personnel records of certain co-workers that were never requested during discovery; and (4) the opportunity to take another FRCP 30(b)(6) deposition. To the extent that these issues were even raised in Plaintiff's motion to compel, Magistrate Judge Tomlinson's rulings were not clearly erroneous or contrary to law.

First, Plaintiff argues that "it was not unreasonable for Plaintiff to request" a verification signed by a "non-attorney" employee of Defendant. This issue was not raised in Plaintiff's amended motion to compel dated February 8, 2013. In any event, Defendant's interrogatory responses were appropriately executed by in-house counsel. Contrary to Plaintiff's assertion, FRCP Rule 33(a) allows a corporate party to verify its interrogatory responses by any officer or agent who can furnish the information that is available to the party. See FRCP 33(b)(1)(B); see also Jacob v. City of New York, 2009 U.S. Dist. LEXIS 8897, at *6 (E.D.N.Y. Feb. 6, 2009)

The Honorable Leonard D. Wexler
April 3, 2013
Page 4

(concluding that a corporate party's attorney could verify its interrogatory responses). This is exactly what Defendant provided.

Second, Plaintiff argues that he was entitled to a verification regarding the electronic search that Defendant conducted for the emails of Lucy Goldstein, Plaintiff's former supervisor, who has been on a leave of absence since prior to the commencement of this litigation. During the February 26, 2013 conference, Magistrate Tomlinson instructed Defendant to conduct a defined search of Ms. Goldstein's emails containing Plaintiff's name and to produce any emails that were located that had not yet been produced. Magistrate Judge Tomlinson further instructed that if no emails were found, then Defendant should submit a declaration detailing its search efforts. (See Transcript at p. 36).

Following the February 26, 2013 conference, Defendant conducted the search of Ms. Goldstein's emails in accordance with those instructions and found two emails that referenced Plaintiff's name. These emails were produced to Plaintiff's counsel. In addition, regardless of whether or not the Magistrate Judge intended to require Defendant to provide an affidavit in addition to producing the emails located, Plaintiff's argument is moot. Defendant has already provided the affidavit to Plaintiff's counsel regarding the search.

Third, Plaintiff objects to Magistrate Judge Tomlinson's ruling that Defendant was not required to produce certain performance-related personnel records of other employees when such documents were never requested until the final day of fact discovery. Plaintiff raised this issue for the first time during the February 26, 2013 conference and it was not a subject of his motion to compel.[2] Despite this fact, Magistrate Judge Tomlinson allowed Plaintiff's counsel to make a request for these documents, and after hearing argument on the issue, correctly ruled that Plaintiff's incredibly broad request for documents and information relating to the alleged comparators was not something that Plaintiff sought in any of his discovery requests, and, thus, he was precluded from asking for this information at the close of discovery.

Plaintiff attempts to circumvent his complete failure to ask for these documents during discovery by claiming that one of his document requests – which sought the "complete personnel file of any former direct supervisor or manager of Plaintiff and any employee of Defendants' in the greater New York area [undefined] who has been disciplined for failing to meet sales quotas" – would have encompassed these particular documents. Defendant objected to this document request, Plaintiff never attempted to meet and confer with Defendant on this issue, and did not raise this request as part of his motion to compel. Thus, Magistrate Judge Tomlinson correctly ruled that Plaintiff was not entitled to these documents.

---

[2]  Although this document request was not a part of Plaintiff's motion to compel, during the February 26, 2013 conference, Magistrate Judge Tomlinson requested that the parties attempt to resolve these issues on their own. Despite Plaintiff's belated attempt to raise these issues, at the conference after discussion with Plaintiff's counsel, Defendant agreed to produce certain documents relating to other employees, and has produced such documents to Plaintiff's counsel.

14383920.2

The Honorable Leonard D. Wexler
April 3, 2013
Page 5

      Finally, Plaintiff seeks permission to take an additional FRCP 30(b)(6) deposition. Once again, this was not the subject of Plaintiff's motion to compel, but was raised at the February 26, 2013 conference and Magistrate Judge Tomlinson devoted a substantial amount of time to reviewing Plaintiff's untimely request. By way of background, in late December 2012, Plaintiff served a FRCP 30(b)(6) deposition notice, which sought testimony from a witness on three specific areas. (A copy of the notice is attached at Exhibit 5 to Plaintiff's Objections). On February 13, 2013, Defendant produced Patricia Delgenio, Field Vice President of Human Resources, as its witness.

      During Ms. Delgenio's lengthy deposition, she answered a variety of questions regarding the topics listed in the deposition notice. Because Plaintiff's counsel is displeased with the fact that Ms. Delgenio did not have personal knowledge of topics that went beyond the three limited subjects listed in his deposition notice, he is seeking permission to depose yet another witness. This request is entirely meritless. As Magistrate Judge Tomlinson correctly noted, Defendant fulfilled its obligation to produce a witness, as the corporate representative, who answered the questions in the deposition notice. Critically, Plaintiff cannot point to a single question that his counsel asked Ms. Delgenio that fell within the specific topics listed in the notice that she was unable to answer. Plaintiff had the opportunity to depose any fact witnesses, including those disclosed in Defendant's Rule 26(a) disclosures, and did not do so. Under these circumstances, Plaintiff's belated objection should be overruled.

      In sum, Plaintiff's "appeal" offers nothing which would warrant disturbing Magistrate Judge Tomlinson's February 26, 2013 Order. The Magistrate's decision regarding the scope of discovery in this matter was the product of written submissions by both parties and an oral argument lasting almost an hour in length. Even a cursory review of the transcript demonstrates that Magistrate Judge Tomlinson neither abused her discretion nor failed to address or consider any substantive law. In the absence of clear error, Plaintiff's appeal should be denied.

      Should Your Honor require any additional information, please do not hesitate to contact us. Thank you in advance for your attention to this matter.

                              Respectfully submitted,

                              /S/

                              Tara Eyer Daub
                              Jessica Chiclacos

cc:     Walker G. Harman, Jr., Esq. (via ECF)