# NIXON PEABODY LLP

ATTORNEYS AT LAW

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500
Fax: (516) 832-7555
Direct Dial:  (516) 832-7538
E-Mail: jchiclacos@nixonpeabody.com

April 29, 2013

<u>VIA ECF</u>

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court for the
   Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

> RE:   <u>Lawrence I. Friedmann v. Raymour Furniture Co., Inc., et al.</u>
>        <u>12 Civ. 1307 (LDW)(AKT)</u>

Dear Magistrate Judge Tomlinson:

As you know, this firm represents defendant Raymour Furniture Company, Inc., d/b/a Raymour & Flanigan Furniture ("Defendant") in connection with the above-referenced matter. We write regarding the parties' Joint Pre-Trial Order (referred to herein as the "Order"), which is due to be filed today.

On April 18, 2013, Defendant contacted Plaintiff's counsel to request Plaintiff's portion of the Order.  No draft was received.  On April 23, 2013, Your Honor granted Plaintiff's request for an extension of the parties' time to submit the Order until today, April 29, 2013.

Despite repeated requests last week to ascertain the status of Plaintiff's portion of the Order, we did not receive a draft of the Order from Plaintiff until after the close of business this past Friday, April 26, 2013.  Plaintiff's draft did not comply with the requirements set forth in Judge Wexler's rules.  Thus, we worked over the weekend and this morning to complete the draft, which we sent to Plaintiff's counsel at approximately 1:00 p.m. this afternoon.  We requested that Plaintiff send us any revisions to the Order by 3:30 p.m. this afternoon, so that we could file the document with the Court by 5:00 p.m.

It is now after 8:00 p.m. and we have not heard back from Plaintiff's counsel.  We did receive an e-mail at approximately 5:45 p.m. from a paralegal at Plaintiff's counsel's firm, who stated that his computer crashed while working on the Order.  We asked the paralegal when we could expect to receive the Order, and have not received a response.  We have not received any communications from any attorney from Plaintiff's firm on this topic.

Accordingly, attached please find the draft of the Order that we sent to Plaintiff early this afternoon.  This draft is complete with respect to Defendant's portion of the Order.  We assume that Plaintiff has been revising this document over the past seven hours.  To that end, if Plaintiff

14445389.1



The Honorable A. Kathleen Tomlinson
April 29, 2013
Page 2

has made any substantive changes to the Order, we respectfully request that Defendant be provided with an opportunity to respond to such changes.

We apologize for having to bring this matter to Your Honor's attention.  Should the Court require any additional information, we are available at Your Honor's convenience.

Respectfully submitted,

/S/

Jessica Chiclacos

cc:    Peter Andrews, Esq. (via ECF)

14445389.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAWRENCE I. FRIEDMANN,

Plaintiff,

- against -

RAYMOUR FURNITURE CO., INC., and LUCY
GOLDSTEIN, individually.

Defendants.

**JOINT
PRE-TRIAL
ORDER**

12 CV 1307
(LDW) (AKT)

**WEXLER**, District Judge:

The parties having conferred among themselves and pursuant to Rule 4-A of the

Individual Rules of the Honorable Leonard D. Wexler, U.S.D.J., plaintiff Lawrence Friedmann

("Plaintiff" or "Friedmann") and defendant Raymour Furniture Company, Inc., d/b/a Raymour &

Flanigan Furniture ("Defendant" or "Raymour & Flanigan"),[1] submit the following Joint Pre-

trial Order in this matter:

I.       **FULL CAPTION**

The full caption of this case appears in the caption to this Joint Pre-trial Order.

II.      **TRIAL COUNSEL**

A.  Trial Counsel for Plaintiff is as follows:

Walker G. Harman, Jr., Esq.
Peter J. Andrews, Esq.
The Harman Firm, PC
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600

---

[1]    By Order dated October 16, 2012, this Court dismissed all of Plaintiff's claims under the
New York State Human Rights Law, including the claims against the individual defendant.

B. Trial Counsel for Defendant is as follows:

Tara Eyer Daub, Esq.
Jessica Chiclacos, Esq.
Nixon Peabody LLP
50 Jericho Quadrangle
Suite 300
Jericho, New York 11753
(516) 832-7500 (telephone)
(516) 832-7555 (facsimile)

## III.   STATEMENT PERTAINING TO TRIAL

A.   Plaintiff's statement:  Pursuant to the Court's Individual Practice Rule
4(A)(iii)IV.A.5., Plaintiff respectfully reiterates that he "demands a trial by jury."
Compl. ¶ 10.  It is Plaintiff's understanding that he will require approximately two
(2) days to try this action.  That estimate is not inclusive of the time required to
select members of the jury or to cross-examine witnesses called by Defendant.

B.   Defendant's statement:  Plaintiff has demanded a jury trial.  Defendant estimates
that the presentation of its case will take two (2) days.

## IV.   LIST OF FACT WITNESSES FOR CASE IN CHIEF

A.  Plaintiff reserves the right and intends to call the following witnesses to testify at
trial:[2]

1.   Plaintiff Lawrence I. Friedmann (will testify in person)

2.   Lucy Goldstein (will be called to testify in person)

3.   Iman Kasmi or Khazmi (Assistant Store Manager, will be called to testify
in person)

4.   Anthony Baines (Assistant Store Manager, will be called to testify in
person)

5.   Anthony Bender (Regional Sales Manager, will be called to testify in

---

[2]   Plaintiff is unable to submit a complete list of witnesses unless or until the Defendant is directed to produce the
identities of the people against whom Plaintiff was judged to have inferior sales figures at the time of his
termination.  *See, e.g.*, Plaintiff's Feb. 8, 2013 *Second Amended Motion to Compel Defendant[] to Produce
Discovery* (Docket Entry 37), as well as Plaintiff's Mar. 20, 2013 *Appeal of Magistrate Judge Decision*
(Docket Entry 46), which has yet to be decided and finally, Plaintiff's Mar. 21, 2013 *Letter regarding
Defendant's production during discovery and Defendant's forthcoming motion for summary judgment* (Docket
Entry 47).

14443780.1

person)

      6.     James "Jim" Powers (Regional Vice President, will be called to testify in person)

      7.     Michael Mosca (Sales Associate, will be called to testify in person)

      8.     Joseph Moscon (Sales Associate, will be called to testify in person)

      9.     Judith or Judit Rubin (Sales Associate, will be called to testify in person)

      10.    Danguole Pasyte (Sales Associate, will be called to testify in person)

B.  Defendant's witnesses:

      1.     Anthony Bender (in person)

      2.     David Covel (in person)

      3.     Laura D'Ambrosio (in person)

      4.     Patricia Delgenio (in person)

      5.     Lucy Goldstein (in person)

      6.     Connie Midlar (in person)

      7.     Richard Pietranski (in person)

      8.     Jim Powers (in person)

      9.     Christine Rowland (in person)

Defendant reserves the right to call any witnesses at trial listed by Plaintiff above or to not call any of the witnesses identified by Defendant.  In addition, Defendant reserves the right to call at trial witnesses not listed above for impeachment and/or rebuttal purposes.

**V.**     **<u>LIST OF EXPERT WITNESSES</u>**

     1.     Plaintiff's expert witness:  None

     2.     Defendant's expert witness:  None

**IV.**    **<u>DEPOSITION TESTIMONY</u>**

     A.     Plaintiff will offer the following deposition testimony in his case in chief:

B.   Defendant will offer the following deposition testimony in its case in chief:

| Deponent | Page(s)/Line(s) |
|---|---|
| Plaintiff | 30:8-31:18 |
| Plaintiff | 33:8-23 |
| Plaintiff | 35:14-17 |
| Plaintiff | 36:5-37:5 |
| Plaintiff | 37:12-15 |
| Plaintiff | 44:5-7 |
| Plaintiff | 51:17-55:8 |
| Plaintiff | 57:12-58:6 |
| Plaintiff | 61:22-62:4 |
| Plaintiff | 66:9-67:25 |
| Plaintiff | 73:4-10 |
| Plaintiff | 74:3-6 |
| Plaintiff | 75:12-18 |
| Plaintiff | 85:13-87:11 |
| Plaintiff | 95:14-98:10 |
| Plaintiff | 104:22-105:7 |
| Plaintiff | 110:14-111:4 |
| Plaintiff | 113:6-11 |
| Plaintiff | 146:16-147:5 |
| Plaintiff | 148:12-18 |
| Plaintiff | 156:10-17 |
| Plaintiff | 159:16-160:9 |

Defendant reserves the right to cross-examine Plaintiff on any of the topics identified in the foregoing deposition designations and to withdraw any of the deposition testimony identified by Defendant above for submission as part of Defendant's case. In addition, Defendant reserves the right to offer deposition testimony at trial not listed above for impeachment and/or rebuttal purposes.

## VI.   EXHIBITS

A.   The following table lists the exhibits that Plaintiff expects to offer as evidence at trial:

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 1 | Plaintiff's tax Return, federal, 2006 | Plaintiff | Authenticity; Relevance |
| 2 | Plaintiff's tax return, state, 2006 | Plaintiff | Authenticity; Relevance |

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 3 | Plaintiff's tax return, federal, 2007 | Plaintiff | Authenticity; Relevance |
| 4 | Plaintiff's tax return, state, 2007 | Plaintiff | Authenticity; Relevance |
| 5 | Plaintiff's tax return, federal, 2008 | Plaintiff | Authenticity; Relevance |
| 6 | Plaintiff's tax return, state, 2008 | Plaintiff | Authenticity; Relevance |
| 7 | Plaintiff's tax return, federal, 2009 | Plaintiff | Authenticity; Relevance |
| 8 | Plaintiff's tax return, state, 2009 | Plaintiff | Authenticity; Relevance |
| 9 | Plaintiff's tax return, federal, 2010 | Plaintiff | Authenticity; Relevance |
| 10 | Plaintiff's tax return, state, 2010 | Plaintiff | Authenticity; Relevance |
| 11 | Plaintiff's tax return, federal, 2011 | Plaintiff | Authenticity; Relevance |
| 12 | Plaintiff's tax return, state, 2011 | Plaintiff | Authenticity; Relevance |
| 13 | Plaintiff's tax return, federal, 2012 | Plaintiff | Authenticity; Relevance |
| 14 | Plaintiff's tax return, state, 2012 | Plaintiff | Authenticity; Relevance |
| 15 | Plaintiff's Charge of Discrimination submitted to the Equal Employment Opportunity Commission ("EEOC") Bates stamped FRIEDMANN001–08 | Plaintiff | |
| 16 | EEOC's Notice of Right to Sue issued Dec. 19, 2011 Bates stamped FRIEDMANN009–10 | Plaintiff | |

| Ex. No. | Description | Party | Defendant's Objections |
|---------|-------------|-------|------------------------|
| 17 | Plaintiff's earnings and commissions during 2010–11<br><br>Bates stamped FRIEDMANN011–22 | Plaintiff | Relevance |
| 18 | Associate Sales Projection and Flash Report<br><br>Bates stamped FRIEDMANN023–25 | Plaintiff | Relevance |
| 19 | Associate Business Planner<br><br>Bates stamped FRIEDMANN026 | Plaintiff | Relevance |
| 20 | Associate Bedding Budget<br><br>Bates stamped FRIEDMANN027 | Plaintiff | Relevance |
| 21 | Plaintiff's Earnings Statement from subsequent employer, La-Z-Boy<br><br>Bates stamped FRIEDMANN066 | Plaintiff | Authenticity |
| 22 | Plaintiff's Earnings Statement from subsequent employer, Jos. A Banks<br><br>Bates stamped FRIEDMANN067 | Plaintiff | Authenticity |
| 23 | Plaintiff's Unemployment Insurance for 2011 Form 1099-G<br><br>Bates stamped FRIEDMANN068 | Plaintiff | Authenticity |
| 24 | Plaintiff's pension Form 1099-R<br><br>Bates stamped FRIEDMANN070 | Plaintiff | Authenticity |
| 25 | Plaintiff's health insurance claim documents<br><br>Bates stamped FRIEDMANN029–54, FRIEDMANN056–62 | Plaintiff | Authenticity |
| 26 | Plaintiff's Social Security benefits statement<br><br>Bates stamped FRIEDMANN063–65, FRIEDMANN069 | Plaintiff | Authenticity |

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 27 | Defendant's document production during discovery<br><br>Bates stamped D000001–D000448 | Plaintiff | Plaintiff purports to designate Defendant's entire document production. Defendant's position is that this designation does not comply with the Court's rules. Defendant reserves all objections. To the extent a statement of objections is required, Defendant's objections may include, but are not limited to, relevance. |
| 28 | Letters regarding COBRA, Aug. 24, 2011<br><br>Bates stamped D000001–02 | Plaintiff | Relevance |
| 29 | Letter regarding benefits at Plaintiff's termination, June 29, 2011<br><br>Bates stamped D000002–09 | Plaintiff | Relevance |
| 30 | Document regarding life insurance, June 29, 2011<br><br>Bates stamped D000010 | Plaintiff | Relevance |

14443780.1

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 31 | Payroll documents for Plaintiff<br><br>Bates stamped D000011–13, D000016 | Plaintiff | |
| 32 | Notice of Plaintiff's at-will status, Oct. 7, 2009<br><br>Bates stamped D000014–15 | Plaintiff | |
| 33 | Email to and from payroll department<br><br>Bates stamped D000017–19, D000031 | Plaintiff | Relevance |
| 34 | Automatic pay plan changes, Oct. 21, 2005<br><br>Bates stamped D000020 | Plaintiff | Relevance |
| 35 | Plaintiff's application to work for Defendant, Oct. 20, 2005<br><br>Bates stamped D000021–22 | Plaintiff | |
| 36 | New hire report<br><br>Bates stamped D000023–24, D000449 | Plaintiff | Relevance |
| 37 | Plaintiff's Form W-4, 2005<br><br>Bates stamped D000025–26 | Plaintiff | Relevance |
| 38 | Defendant's internal at-hire documentation regarding Plaintiff<br><br>Bates stamped D000027–30 | Plaintiff | Relevance |
| 39 | Plaintiff's direct deposit authorization<br><br>Bates stamped D000032–34 | Plaintiff | Relevance |
| 40 | *Horarium* for Plaintiff<br><br>Bates stamped D000035 | Plaintiff | Relevance |
| 41 | Performance Evaluation and Development Form for Plaintiff annotated "GREAT MONTH"<br><br>Bates stamped D000036 | Plaintiff | Relevance |

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 42 | Performance Evaluation and Development Form for Plaintiff dated June 7, 2008, annotated "Works well [sic] of all"<br><br>Bates stamped D000037 | Plaintiff | Relevance |
| 43 | Performance Evaluation and Development Form for Plaintiff dated Aug. 17, 2008, annotated "has had a bad month—vacations—etc."<br><br>Bates stamped D000038 | Plaintiff | Relevance |
| 44 | Coaching for Success plan for Plaintiff, purportedly signed by manager only, May 7, 2011<br><br>Bates stamped D000039 | Plaintiff | |
| 45 | Coaching for Success plan for Plaintiff, signed May 23, 2011<br><br>Bates stamped D000042–44 | Plaintiff | |
| 46 | Sales performance evaluation, purportedly for Jan. 1–June 3, 2011<br><br>Bates stamped D000045 | Plaintiff | |
| 47 | Annotated document, Nov. 11, 2008<br><br>Bates stamped D000046 | Plaintiff | Relevance |
| 48 | Annotated document, Nov. 1, 2008<br><br>Bates stamped D000047 | Plaintiff | Relevance |
| 49 | Weekly Associates Commission Statement, Dec. 19, 2009–Jun. 24, 2011<br><br>Bates stamped D000048–D000126 | Plaintiff | Relevance |
| 50 | EEOC letter to Defendant, Dec. 12, 2011<br><br>Bates stamped D000127–28 | Plaintiff | |

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 51 | EEOC Charge of Discrimination produced by Defendant, signed Oct. 21, 2011<br><br>Bates stamped D000129–31 | Plaintiff | |
| 52 | EEOC Notice of Right to Sue produced by Defendant, mailed Dec. 19, 2011<br><br>Bates stamped D000132–33 | Plaintiff | |
| 53 | Defendant's production entitled "Professional Conduct & Anti-Harassment Awareness Raymour & Flanigan Furniture"<br><br>Bates stamped D000134–57 | Plaintiff | |
| 54 | Defendant's production entitled "Professional Conduct & Harassment Awareness Training for Associates"<br><br>Bates stamped D000158–73 | Plaintiff | |
| 55 | Defendant's No Discrimination and No Harassment Policy signed Mar. 7, 2010<br><br>Bates stamped D000175 | Plaintiff | |
| 56 | Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture signed by Plaintiff Mar. 7, 2010<br><br>Bates stamped D000176 | Plaintiff | |
| 57 | Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture signed by Lucy Goldstein, Nov. 1, 2006<br><br>Bates stamped D000177 | Plaintiff | |
| 58 | Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture signed by Laura Lee D'Ambrosio, July 30, 2007<br><br>Bates stamped D000178 | Plaintiff | |

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 59 | Raymour & Flanigan Furniture Associate Handbooks<br><br>Bates stamped D000179–408 | Plaintiff | |
| 60 | Email from Laura D'Ambrosio regarding Plaintiff, June 21, 2011<br><br>Bates stamped D000409 | Plaintiff | |
| 61 | Lucy Goldstein's "Receipt and Acknowledgment of Raymour & Flanigan Associate Handbook and Acknowledgement of At-Will Employment Status" and Addendum signed Nov. 4, 2009<br><br>Bates stamped D000410–11 | Plaintiff | |
| 62 | Lucy Goldstein's "Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture" signed Oct. 1, 2007<br><br>Bates stamped D000412 | Plaintiff | |
| 63 | Lucy Goldstein's "Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture" signed Nov. 1, 2006<br><br>Bates stamped D000413 | Plaintiff | |
| 64 | IRS Form W-4 for Lucy Goldstein, signed Mar. 18, 2006<br><br>Bates stamped D000414–15 | Plaintiff | Relevance |
| 65 | Email from HR to Lucy Goldstein, Sept. 19, 2005<br><br>Bates stamped D000416 | Plaintiff | Relevance |
| 66 | New Hire information for Lucy Goldstein, Nov. 10, 2004<br><br>Bates stamped D000417, D000447 | Plaintiff | Relevance |
| 67 | Lucy Goldstein's application for employment, signed Sept. 23, 2004<br><br>Bates stamped D000418–19 | Plaintiff | Relevance |

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 68 | IRS Form W-4 for Lucy Goldstein, signed Nov. 10, 2004<br><br>Bates stamped D000420 | Plaintiff | Relevance |
| 69 | Lucy Goldstein's Withholding Allowance Certificate<br><br>Bates stamped D000421–22 | Plaintiff | Relevance |
| 70 | Lucy Goldstein's Information Technology Access Request Forms signed Nov. 10, 2004<br><br>Bates stamped D000423 | Plaintiff | Relevance |
| 71 | Lucy Goldstein's Raymour & Flanigan Furniture 1099 Stats<br><br>Bates stamped D000424 | Plaintiff | Relevance |
| 72 | Lucy Goldstein's Direct Deposit Authorization, Nov. 10, 2004<br><br>Bates stamped D000425 | Plaintiff | Relevance |
| 73 | Lucy Goldstein Sales Agreement Form, Nov. 10, 2004<br><br>Bates stamped D000426–27 | Plaintiff | Relevance |
| 74 | Email from Heather Lukowski to Rebecca Landon regarding Lucy Goldstein, Aug. 23, 2011<br><br>Bates stamped D000428 | Plaintiff | Relevance |
| 75 | Lucy Goldstein record of medical leave, Aug. 2011<br><br>Bates stamped D000429 | Plaintiff | Relevance |
| 76 | Emails regarding Lucy Goldstein between Patricia DelGenio, Erin Brundige, Jenna Casullo, Christine Crosby, and Lucy Goldstein, Aug. 9, 2011<br><br>Bates stamped D000430 | Plaintiff | Relevance |
| 77 | Email from Heather Lukowski to Rebecca Landon regarding Lucy Goldstein, Aug. 8, 2011<br><br>Bates stamped D000431 | Plaintiff | Relevance |

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 78 | Email regarding Lucy Goldstein from Aubrey Branagan to Rebecca Landon, Feb. 7, 2011<br><br>Bates stamped D000432 | Plaintiff | Relevance |
| 79 | Lucy Goldstein "2011 Sales Pay Plan Changes" purportedly effective Jan. 1, 2011 (redacted by Defendant)<br><br>Bates stamped D000433 | Plaintiff | Relevance |
| 80 | Emails between Lucy Goldstein and Rebecca Landon regarding Lucy Goldstein's Aug. 1, 2010 punch-out time, Aug. 9, 2010<br><br>Bates stamped D000434 | Plaintiff | Relevance |
| 81 | Record of pay plan increase for Lucy Goldstein, purportedly effective Jan. 2, 2010<br><br>Bates stamped D000435 | Plaintiff | Relevance |
| 82 | Email from Holly Heinze-Coolican to Christine Crosby regarding *inter alia* Lucy Goldstein's hours, July 21, 2009<br><br>Bates stamped D000436 | Plaintiff | Relevance |
| 83 | Payroll documents for Lucy Goldstein, Oct. 2008<br><br>Bates stamped D000437 | Plaintiff | Relevance |
| 84 | Payroll documents for Lucy Goldstein, Apr. 2007<br><br>Bates stamped D000438 | Plaintiff | Relevance |
| 85 | Payroll documents for Lucy Goldstein, Oct. 2006<br><br>Bates stamped D000439, D000441 | Plaintiff | Relevance |
| 86 | Lucy Goldstein Automatic Pay Plan Changes, Sept. 23, 2006<br><br>Bates stamped D000440 | Plaintiff | Relevance |

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 87 | Emails between Payroll Department and Michael Goldberg and Laurie Hammon regarding Lucy Goldstein, Mar.–Apr. 2005<br><br>Bates stamped D000442–44 | Plaintiff | Relevance |
| 88 | Photocopy of Lucy Goldstein's New York State Driver License<br><br>Bates stamped D000445 | Plaintiff | Relevance |
| 89 | Photocopies of a blank check of Lucy Goldstein's[3]<br><br>Bates stamped D000446, D000448 | Plaintiff | Relevance |
| 90 | Memorandum and Order deciding Defendant's Motion to Dismiss, Oct. 16, 2012<br><br>Docket Entry 24 | Plaintiff | |

---

[3] Named therein as "LUCY M. GOLDSTEIN."

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 91 | Transcript of the Deposition of Patricia DelGenio, Raymour & Flanigan's witness pursuant to Fed. R. Civ. P. 30(b)(6), Feb. 13, 2013 | Plaintiff | Plaintiff purports to designate the entire transcript as a trial exhibit. Defendant objects and states its position that this designation does not comply with the Court's rules. Defendant reserves all objections. To the extent a statement of objections is required, Defendant's objections may include, but are not limited to, hearsay and relevance. |

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 92 | Transcript of the Deposition of Lucy Goldstein, Feb. 22, 2013 | Plaintiff | Plaintiff purports to designate the entire transcript as a trial exhibit. Defendant's position is that this designation does not comply with the Court's rules. Defendant reserves all objections. To the extent a statement of objections is required, Defendant's objections may include, but are not limited to, hearsay and relevance. |

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 93 | Transcript of Plaintiff's Deposition, Jan. 4, 2013 | Plaintiff | Plaintiff purports to designate the entire transcript as a trial exhibit. Defendant objects and states its position that this designation does not comply with the Court's rules. Defendant reserves all objections. To the extent a statement of objections is required, Defendant's objections may include, but are not limited to, hearsay and relevance. |
| 94 | Defendant's Answer with Affirmative Defenses, Nov. 14, 2012<br><br>Docket Entry 26 | Plaintiff | |
| 95 | Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013<br><br>Docket Entry 46 | Plaintiff | Relevance |

14443780.1

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 96 | Notice of Filing of Official Transcript<br><br>(*Exhibit A* to Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013)<br><br>Docket Entry 46-1 | Plaintiff | Relevance |
| 97 | Transcript of Status Conference before Magistrate Judge Tomlinson, Feb. 26, 2013<br><br>(*Exhibit B* to Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013)<br><br>Docket Entry 46-2 | Plaintiff | Relevance |
| 98 | Excerpt from Transcript of the Deposition of Lucy Goldstein, Feb. 22, 2013 regarding the spurious and recent nature of Defendant's representation of Ms. Goldstein<br><br>(*Exhibit C* to Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013)<br><br>Docket Entry 46-3 | Plaintiff | Relevance |
| 99 | Letter to the Court outlining the discovery of which it had only just become aware, initially filed Feb. 25, 2013<br><br>(*Exhibit D* to Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013)<br><br>Docket Entries 41 and 46-4 | Plaintiff | Relevance |
| 100 | Notice of the Deposition of Defendant's representative pursuant to FED. R. CIV. P. 30(b)(6) and its own *Exhibit A.*<br><br>(*Exhibit E* to Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013)<br><br>Docket Entry 46-5 | Plaintiff | Relevance |

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 101 | Plaintiff's Second Amended Motion to Compel Defendant to Produce Discovery, initially filed Feb. 8, 2013<br><br>(*Exhibit F* to Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013)<br><br>Docket Entry 46-6 | Plaintiff | Relevance |

A.  Defendant's Exhibits for its Case-In-Chief:

| Exhibit | Description | Bates Number(s) |
|---|---|---|
| A | Payroll Connection Form regarding Plaintiff's termination | D 000011 |
| B | Plaintiff's Receipt and Acknowledgment of Raymour & Flanigan Associate Handbook and Acknowledgment of At-Will Employment Status | D 000014 |
| C | Plaintiff's Receipt and Acknowledgment of Addendum to the Associate Handbook | D 000015 |
| D | Payroll Connection Form regarding Plaintiff's transfer to Garden City showroom | D 000016 |
| E | Plaintiff's Employment Application | D 000021- 000022 |
| F | Plaintiff's Sales Agreement Form | D 000029 - 000030 |
| G | Undated Performance Evaluation for Plaintiff | D 000036 |
| H | June 7, 2008 Performance Evaluation for Plaintiff | D 000037 |
| I | August 17, 2008 Performance Evaluation for Plaintiff | D 000038 |
| J | May 7, 2011 Coaching for Success Plan for Plaintiff | D 000039- 000040 |
| K | May 23, 2011 Coaching for Success Plan for Plaintiff | D 000041- 000042 |
| L | June 13, 2011 Action Plan & Performance Agreement for Plaintiff | D 000043- 000044 |
| M | Performance Evaluation and Development Form for 2011 for Plaintiff | D 000045 |

| N | Plaintiff's 2010 Commission Statements | D 000049- 000101 |
|---|---|---|
| O | Plaintiff's 2011 Commission Statements | D 000102- 000126 |
| P | Professional Conduct & Anti-Harassment Awareness Presentation | D 000134- 000157 |
| Q | Professional Conduct & Harassment Awareness Training for Associates Presentation | D 000158- 000175 |
| R | Plaintiff's Mach 7, 2010 Receipt of No Discrimination and No Harassment Policy | D 000175- 000176 |
| S | Lucy Goldstein's November 1, 2006 Receipt and Acknowledgement of Harassment Training | D 000177 |
| T | Laura D'Ambrosio's January 30, 2007 Receipt and Acknowledgment of Harassment Training | D 000178 |
| U | Laura D'Ambrosio's June 21, 2011 E-mail regarding Plaintiff | D000409 |
| V | Raymour & Flanigan's March 2010 Associate Handbook | D000179 - 000254 |
| W | Raymour & Flanigan's February 2, 2011 Associate Handbook | D000355 – 000331 |
| X | Raymour & Flanigan's May 25, 2011 Associate Handbook | D 000332 - 000408 |

Defendant reserves the right to use any exhibits at trial listed by Plaintiff above or to not use any of the exhibits identified by Defendants. In addition, Defendant reserves the right to use at trial exhibits not listed above for impeachment and/or rebuttal purposes.


Dated: April 29, 2013

---
Walker G. Harman, Jr. [WH-8044]
Peter J. Andrews [PA-3295]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com
pandrews@theharmanfirm.com

---
Tara Eyer Daub, Esq. [TE-7943]
Jessica Chiclacos, Esq. [JG-2534]
NIXON PEABODY LLP
*Attorneys for Defendant Raymour & Flanigan*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500
tdaub@nixonpeabody.com
jchiclacos@nixonpeabody.com

**SO ORDERED:**

---
Hon. Leonard D. Wexler
United States District Judge