**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LAWRENCE I. FRIEDMANN,

$\phantom{xxxxxxxxxxxxxxxxxxxxx}$ Plaintiff,

$\phantom{xxxxxxxx}$ - against -

RAYMOUR FURNITURE CO., INC., and
LUCY GOLDSTEIN, individually,

$\phantom{xxxxxxxxxxxxxxxxxxxxx}$ Defendants.

**JOINT**
**PRE-TRIAL**
**ORDER**

12 CV 1307
(LDW)(AKT)

**WEXLER**, District Judge:

The parties having conferred among themselves and pursuant to Rule 4.A. of the

Individual Rules of the Honorable Leonard D. Wexler, U.S.D.J., Plaintiff Lawrence I. Friedmann

("Plaintiff" or "Friedmann") and Defendant Raymour Furniture Company, Inc., d/b/a Raymour

& Flanigan Furniture ("Defendant" or "Raymour & Flanigan"),[1] submit the following Joint Pre-

trial Order in this matter:[2]

---

[1]   By Order dated October 16, 2012, this Court dismissed all of Plaintiff's claims under the
New York State Human Rights Law, including the claims against the individual defendant.
"Defendant Raymour [& Flanigan]'s motion to dismiss is granted . . . to the extent that
Plaintiff's NYSHRL claims are dismissed, but is otherwise denied."  Of Plaintiff's four (4)
original causes of action, two (2) remain against Raymour & Flanigan: (i) age discrimination
in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 *et seq.*
and (ii) disability discrimination in violation of the Americans with Disabilities Act of 1990,
42 U.S.C. § 12112 *et seq.*

[2]   Pursuant to the Individual Rules of Judge Wexler, Rule 4.A. "the parties shall submit, within
sixty days from the date for the completion of discovery . . . a joint pretrial order."  Plaintiff,
however submits that only the Plaintiff has completed production and that he therefore goes
to trial significantly debilitated.  In addition, Plaintiff's Mar. 20, 2013 Objection to
Magistrate Tomlinson's rulings has not been decided and that when it is, Plaintiff would
reserve his right to amend his contributions of this Pre-trial Order.  *See also, n.3 infra.*

I.   **FULL CAPTION**

The full caption of this case appears in the caption to this Joint Pre-trial Order.

II.   **TRIAL COUNSEL**

A.  Trial Counsel for Plaintiff is as follows:

Walker G. Harman, Jr., Esq.
Peter J. Andrews, Esq.
The Harman Firm, PC
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600

B.  Trial Counsel for Defendant is as follows:

Tara Eyer Daub, Esq.
Jessica Chiclacos, Esq.
Nixon Peabody LLP
50 Jericho Quadrangle
Suite 300
Jericho, New York 11753
(516) 832-7500 (telephone)
(516) 832-7555 (facsimile)

III.   **STATEMENT PERTAINING TO TRIAL**

A.   Plaintiff's statement:  Pursuant to the Court's Individual Practice Rule 4.A.iii., Plaintiff respectfully reiterates that he "demands a trial by jury."  Compl. ¶ 10.  It is Plaintiff's understanding that he will require approximately two (2) days to try this action.  That estimate is not inclusive of the time required to select members of the jury or to cross-examine witnesses called by Defendant.

B.   Defendant's statement:  Plaintiff has demanded a jury trial.  Defendant estimates that the presentation of its case will take two (2) days.

IV.     **LIST OF FACT WITNESSES FOR CASE IN CHIEF**

    A.   Plaintiff reserves the right and intends to call the following witnesses to testify at trial:[3]

        1.      Plaintiff Lawrence I. Friedmann (will testify in person)

        2.      Lucy Goldstein (will be called to testify in person)

        3.      Iman Kasmi or Khazmi (Assistant Store Manager, will be called to testify in person)

        4.      Anthony Baines (Assistant Store Manager, will be called to testify in person)

        5.      Anthony Bender (Regional Sales Manager, will be called to testify in person)

        6.      James "Jim" Powers (Regional Vice President, will be called to testify in person)

        7.      Michael Mosca (Sales Associate, will be called to testify in person)

        8.      Joseph Moscon (Sales Associate, will be called to testify in person)

        9.      Judith or Judit Rubin (Sales Associate, will be called to testify in person)

        10.     Danguole Pasyte (Sales Associate, will be called to testify in person)

        11.     Laura D'Ambrosio (in person)

        12.     Patricia DelGenio (VP of Defendant's HR)

---

[3]   Plaintiff is unable to submit a complete list of witnesses unless or until the Defendant is directed to produce the identities of the people against whom Plaintiff was judged to have inferior sales figures at the time of his termination. *See, e.g.*, Plaintiff's Feb. 8, 2013 Second Amended Motion to Compel Defendant[] to Produce Discovery (Docket Entry 37), as well as Plaintiff's Mar. 20, 2013 Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery (Docket Entry 46), which has yet to be decided and finally, Plaintiff's Mar. 21, 2013 Letter regarding Defendant's production during discovery and Defendant's forthcoming motion for summary judgment (Docket Entry 47).

14453394.1

Plaintiff reserves the right to call any witnesses at trial listed below by Defendant or to not call any of the witnesses identified by Plaintiff. In addition, Plaintiff reserves the right to call at trial witnesses not listed above for impeachment and/or rebuttal purposes.

B. Defendant's witnesses:

1. Anthony Bender (in person)

2. David Covel (in person)

> Plaintiff objects to this witness on the grounds that this witness did not appear in Defendants' briefing and there is no indication as to what testimony this new witness may offer and therefore no way for Plaintiff to rebut.

3. Laura D'Ambrosio (in person)

4. Patricia Delgenio (in person)

5. Lucy Goldstein (in person)

6. Connie Midlar (in person)

> Plaintiff objects to this witness on the grounds that this witness did not appear in Defendants' briefing and there is no indication as to what testimony this new witness may offer and therefore no way for Plaintiff to rebut.

7. Richard Pietranski (in person)

> Plaintiff objects to this witness on the grounds that this witness did not appear in Defendants' briefing and there is no indication as to what testimony this new witness may offer and therefore no way for Plaintiff to rebut.

8. Jim Powers (in person)

9. Christine Rowland (in person)

> Plaintiff objects to this witness on the grounds that this witness did not appear Defendants' briefing and there is no indication as to what testimony this new witness may offer and therefore no way for Plaintiff to rebut.

Defendant reserves the right to call any witnesses at trial listed by Plaintiff above or to not call any of the witnesses identified by Defendant. In addition, Defendant reserves the right to call at trial witnesses not listed above for impeachment and/or rebuttal purposes.

## V.     LIST OF EXPERT WITNESSES

1.     Plaintiff's expert witness:  None

2.     Defendant's expert witness:  None

Plaintiff reserves the right to amend this list up until the time of trial.  Plaintiff is unable to ascertain the information and production to which he will be privy prior to the Court's decision regarding Plaintiff's Mar. 20, 2013 Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery or to Defendant completing production.

## IV.    DEPOSITION TESTIMONY

A.     Plaintiff will offer the following deposition testimony in his case in chief:

| Deponent | Page(s)/Line(s) | Objections |
|---|---|---|
| Lucy Goldstein | 13:20–14:7 | Relevance |
| Lucy Goldstein | 14:15–15:19 | Relevance |
| Lucy Goldstein | 61:18–21 | Relevance |
| Lucy Goldstein | 66:5–8 | Relevance |
| Lucy Goldstein | 79:2–5 | Relevance |
| Lucy Goldstein | 92:7–19 | Relevance |
| Lucy Goldstein | 79:15–21 | |
| Lucy Goldstein | 88:17–89:3 | |
| Lucy Goldstein | 3:19–21 | |
| Patricia DelGenio | 13:16–14:16 | Relevance |
| Patricia DelGenio | 54:7–61:16 | Relevance |
| Patricia DelGenio | 61:19–67:5 | Relevance |
| Patricia DelGenio | 78:9–83:25 | |
| Patricia DelGenio | 84:12–85:25 | Relevance |

B.     Defendant will offer the following deposition testimony in its case in chief:

| Deponent | Page(s)/Line(s) | Objections |
|---|---|---|
| Plaintiff | 30:8-31:18 | Lack of foundation |
| Plaintiff | 33:8-23 | |
| Plaintiff | 35:14-17 | Lack of foundation |
| Plaintiff | 36:5-37:5 | |
| Plaintiff | 37:12-15 | Lack of foundation |
| Plaintiff | 44:5-7 | |
| Plaintiff | 51:17-55:8 | |
| Plaintiff | 57:12-58:6 | Irrelevant, misleading |
| Plaintiff | 61:22-62:4 | Irrelevant, misleading |
| Plaintiff | 66:9-67:25 | Lack of foundation; irrelevant; misleading |
| Plaintiff | 73:4-10 | Lack of foundation |

| Plaintiff | 74:3-6 | Lack of foundation |
| Plaintiff | 75:12-18 | |
| Plaintiff | 85:13-87:11 | Irrelevant |
| Plaintiff | 95:14-98:10 | |
| Plaintiff | 104:22-105:7 | |
| Plaintiff | 110:14-111:4 | Lack of foundation |
| Plaintiff | 113:6-11 | Lack of foundation |
| Plaintiff | 146:16-147:5 | |
| Plaintiff | 148:12-18 | |
| Plaintiff | 156:10-17 | Lack of foundation |
| Plaintiff | 159:16-160:9 | |

## VI. <u>EXHIBITS</u>

A. The following table lists the exhibits that Plaintiff expects to offer as evidence at trial:[4]

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 1 | Plaintiff's tax 4eturn, federal, 2006 | Plaintiff | Authenticity; Relevance |
| 2 | Plaintiff's tax return, state, 2006 | Plaintiff | Authenticity; Relevance |
| 3 | Plaintiff's tax return, federal, 2007 | Plaintiff | Authenticity; Relevance |
| 4 | Plaintiff's tax return, state, 2007 | Plaintiff | Authenticity; Relevance |
| 5 | Plaintiff's tax return, federal, 2008 | Plaintiff | Authenticity; Relevance |
| 6 | Plaintiff's tax return, state, 2008 | Plaintiff | Authenticity; Relevance |

---

[4] Plaintiff is unable to submit a complete list of exhibits for introduction to the jury unless or until the Defendant is directed to produce the outstanding discovery that he has sought with the Court's guidance since December 2012. *See also n.3 supra.*

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 7 | Plaintiff's tax return, federal, 2009 | Plaintiff | Authenticity; Relevance |
| 8 | Plaintiff's tax return, state, 2009 | Plaintiff | Authenticity; Relevance |
| 9 | Plaintiff's tax return, federal, 2010 | Plaintiff | Authenticity; Relevance |
| 10 | Plaintiff's tax return, state, 2010 | Plaintiff | Authenticity; Relevance |
| 11 | Plaintiff's tax return, federal, 2011 | Plaintiff | Authenticity; Relevance |
| 12 | Plaintiff's tax return, state, 2011 | Plaintiff | Authenticity; Relevance |
| 13 | Plaintiff's tax return, federal, 2012 | Plaintiff | Authenticity; Relevance |
| 14 | Plaintiff's tax return, state, 2012 | Plaintiff | Authenticity; Relevance |
| 15 | Plaintiff's Charge of Discrimination submitted to the Equal Employment Opportunity Commission ("EEOC") Bates stamped FRIEDMANN001–08 | Plaintiff | |
| 16 | EEOC's Notice of Right to Sue issued Dec. 19, 2011 Bates stamped FRIEDMANN009–10 | Plaintiff | |
| 17 | Plaintiff's earnings and commissions during 2010–11 Bates stamped FRIEDMANN011–22 | Plaintiff | Relevance |
| 18 | Associate Sales Projection and Flash Report Bates stamped FRIEDMANN023–25 | Plaintiff | Relevance |
| 19 | Associate Business Planner Bates stamped FRIEDMANN026 | Plaintiff | Relevance |

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 20 | Associate Bedding Budget<br><br>Bates stamped FRIEDMANN027 | Plaintiff | Relevance |
| 21 | Plaintiff's Earnings Statement from subsequent employer, La-Z-Boy<br><br>Bates stamped FRIEDMANN066 | Plaintiff | Authenticity |
| 22 | Plaintiff's Earnings Statement from subsequent employer, Jos. A Bank<br><br>Bates stamped FRIEDMANN067 | Plaintiff | Authenticity |
| 23 | Plaintiff's Unemployment Insurance for 2011 Form 1099-G<br><br>Bates stamped FRIEDMANN068 | Plaintiff | Authenticity |
| 24 | Plaintiff's pension Form 1099-R<br><br>Bates stamped FRIEDMANN070 | Plaintiff | Authenticity |
| 25 | Plaintiff's health insurance claim documents<br>Bates stamped FRIEDMANN029–54, FRIEDMANN056–62 | Plaintiff | Authenticity |
| 26 | Plaintiff's Social Security benefits statement<br><br>Bates stamped FRIEDMANN063–65, FRIEDMANN069 | Plaintiff | Authenticity |

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---------|-------------|-------|------------------------|
| 27 | Defendant's document production during discovery<br><br>Bates stamped D 000001–D 000448 | Plaintiff | Plaintiff purports to designate Defendant's entire document production. Defendant's position is that this designation does not comply with the Court's rules. Defendant reserves all objections. To the extent a statement of objections is required, Defendant's objections may include, but are not limited to, relevance. |
| 28 | Letters regarding COBRA, Aug. 24, 2011<br><br>Bates stamped D 000001–02 | Plaintiff | Relevance |
| 29 | Letter regarding benefits at Plaintiff's termination, June 29, 2011<br><br>Bates stamped D 000002–09 | Plaintiff | Relevance |
| 30 | Document regarding life insurance, June 29, 2011<br><br>Bates stamped D 000010 | Plaintiff | Relevance |

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 31 | Payroll documents for Plaintiff<br><br>Bates stamped D 000011–13, D 000016 | Plaintiff | |
| 32 | Notice of Plaintiff's at-will status, Oct. 7, 2009<br><br>Bates stamped D 000014–15 | Plaintiff | |
| 33 | Email to and from payroll department<br><br>Bates stamped D 000017–19, D 000031 | Plaintiff | Relevance |
| 34 | Automatic pay plan changes, Oct. 21, 2005<br><br>Bates stamped D 000020 | Plaintiff | Relevance |
| 35 | Plaintiff's application to work for Defendant, Oct. 20, 2005<br><br>Bates stamped D 000021–22 | Plaintiff | |
| 36 | New hire report<br><br>Bates stamped D 000023–24, D 000449 | Plaintiff | Relevance |
| 37 | Plaintiff's Form W-4, 2005<br><br>Bates stamped D 000025–26 | Plaintiff | Relevance |
| 38 | Defendant's internal at-hire documentation regarding Plaintiff<br><br>Bates stamped D 000027–30 | Plaintiff | Relevance |
| 39 | Plaintiff's direct deposit authorization<br><br>Bates stamped D 000032–34 | Plaintiff | Relevance |
| 40 | *Horarium* for Plaintiff<br><br>Bates stamped D 000035 | Plaintiff | Relevance |
| 41 | Performance Evaluation and Development Form for Plaintiff annotated "GREAT MONTH"<br><br>Bates stamped D 000036 | Plaintiff | Relevance |

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 42 | Performance Evaluation and Development Form for Plaintiff dated June 7, 2008, annotated "Works well [sic] of all"<br><br>Bates stamped D 000037 | Plaintiff | Relevance |
| 43 | Performance Evaluation and Development Form for Plaintiff dated Aug. 17, 2008, annotated "has had a bad month—vacations—etc."<br><br>Bates stamped D 000038 | Plaintiff | Relevance |
| 44 | Coaching for Success plan for Plaintiff, purportedly signed by manager only, May 7, 2011<br><br>Bates stamped D 000039 | Plaintiff | |
| 45 | Coaching for Success plan for Plaintiff, signed May 23, 2011<br><br>Bates stamped D 000042–44 | Plaintiff | |
| 46 | Sales performance evaluation, purportedly for Jan. 1–June 3, 2011<br><br>Bates stamped D 000045 | Plaintiff | |
| 47 | Annotated document, Nov. 11, 2008<br><br>Bates stamped D 000046 | Plaintiff | Relevance |
| 48 | Annotated document, Nov. 1, 2008<br><br>Bates stamped D 000047 | Plaintiff | Relevance |
| 49 | Weekly Associates Commission Statement, Dec. 19, 2009–Jun. 24, 2011<br><br>Bates stamped D 000048–D 000126 | Plaintiff | Relevance |
| 50 | EEOC letter to Defendant, Dec. 12, 2011<br><br>Bates stamped D 000127–28 | Plaintiff | |

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 51 | EEOC Charge of Discrimination produced by Defendant, signed Oct. 21, 2011<br><br>Bates stamped D 000129–31 | Plaintiff | |
| 52 | EEOC Notice of Right to Sue produced by Defendant, mailed Dec. 19, 2011<br><br>Bates stamped D 000132–33 | Plaintiff | |
| 53 | Defendant's production entitled "Professional Conduct & Anti-Harassment Awareness Raymour & Flanigan Furniture"<br><br>Bates stamped D 000134–57 | Plaintiff | |
| 54 | Defendant's production entitled "Professional Conduct & Harassment Awareness Training for Associates"<br><br>Bates stamped D 000158–73 | Plaintiff | |
| 55 | Defendant's No Discrimination and No Harassment Policy signed Mar. 7, 2010<br><br>Bates stamped D 000175 | Plaintiff | |
| 56 | Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture signed by Plaintiff Mar. 7, 2010<br><br>Bates stamped D 000176 | Plaintiff | |
| 57 | Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture signed by Lucy Goldstein, Nov. 1, 2006<br><br>Bates stamped D 000177 | Plaintiff | |
| 58 | Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture signed by Laura Lee D'Ambrosio, July 30, 2007<br><br>Bates stamped D 000178 | Plaintiff | |

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 59 | Raymour & Flanigan Furniture Associate Handbooks<br><br>Bates stamped D 000179–408 | Plaintiff | |
| 60 | Email from Laura D'Ambrosio regarding Plaintiff, June 21, 2011<br><br>Bates stamped D 000409 | Plaintiff | |
| 61 | Lucy Goldstein's "Receipt and Acknowledgment of Raymour & Flanigan Associate Handbook and Acknowledgement of At-Will Employment Status" and Addendum signed Nov. 4, 2009<br><br>Bates stamped D 000410–11 | Plaintiff | |
| 62 | Lucy Goldstein's "Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture" signed Oct. 1, 2007<br><br>Bates stamped D 000412 | Plaintiff | |
| 63 | Lucy Goldstein's "Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture" signed Nov. 1, 2006<br><br>Bates stamped D 000413 | Plaintiff | |
| 64 | IRS Form W-4 for Lucy Goldstein, signed Mar. 18, 2006<br><br>Bates stamped D 000414–15 | Plaintiff | Relevance |
| 65 | Email from HR to Lucy Goldstein, Sept. 19, 2005<br><br>Bates stamped D 000416 | Plaintiff | Relevance |
| 66 | New Hire information for Lucy Goldstein, Nov. 10, 2004<br><br>Bates stamped D 000417, D 000447 | Plaintiff | Relevance |
| 67 | Lucy Goldstein's application for employment, signed Sept. 23, 2004<br><br>Bates stamped D 000418–19 | Plaintiff | Relevance |

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 68 | IRS Form W-4 for Lucy Goldstein, signed Nov. 10, 2004<br><br>Bates stamped D 000420 | Plaintiff | Relevance |
| 69 | Lucy Goldstein's Withholding Allowance Certificate<br><br>Bates stamped D 000421–22 | Plaintiff | Relevance |
| 70 | Lucy Goldstein's Information Technology Access Request Forms signed Nov. 10, 2004<br><br>Bates stamped D 000423 | Plaintiff | Relevance |
| 71 | Lucy Goldstein's Raymour & Flanigan Furniture 1099 Stats<br><br>Bates stamped D 000424 | Plaintiff | Relevance |
| 72 | Lucy Goldstein's Direct Deposit Authorization, Nov. 10, 2004<br><br>Bates stamped D 000425 | Plaintiff | Relevance |
| 73 | Lucy Goldstein Sales Agreement Form, Nov. 10, 2004<br><br>Bates stamped D 000426–27 | Plaintiff | Relevance |
| 74 | Email from Heather Lukowski to Rebecca Landon regarding Lucy Goldstein, Aug. 23, 2011<br><br>Bates stamped D 000428 | Plaintiff | Relevance |
| 75 | Lucy Goldstein record of medical leave, Aug. 2011<br><br>Bates stamped D 000429 | Plaintiff | Relevance |
| 76 | Emails regarding Lucy Goldstein between Patricia DelGenio, Erin Brundige, Jenna Casullo, Christine Crosby, and Lucy Goldstein, Aug. 9, 2011<br><br>Bates stamped D 000430 | Plaintiff | Relevance |
| 77 | Email from Heather Lukowski to Rebecca Landon regarding Lucy Goldstein, Aug. 8, 2011<br><br>Bates stamped D 000431 | Plaintiff | Relevance |

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---------|-------------|-------|------------------------|
| 78 | Email regarding Lucy Goldstein from Aubrey Branagan to Rebecca Landon, Feb. 7, 2011<br><br>Bates stamped D 000432 | Plaintiff | Relevance |
| 79 | Lucy Goldstein "2011 Sales Pay Plan Changes" purportedly effective Jan. 1, 2011 (redacted by Defendant)<br><br>Bates stamped D 000433 | Plaintiff | Relevance |
| 80 | Emails between Lucy Goldstein and Rebecca Landon regarding Lucy Goldstein's Aug. 1, 2010 punch-out time, Aug. 9, 2010<br><br>Bates stamped D 000434 | Plaintiff | Relevance |
| 81 | Record of pay plan increase for Lucy Goldstein, purportedly effective Jan. 2, 2010<br><br>Bates stamped D 000435 | Plaintiff | Relevance |
| 82 | Email from Holly Heinze-Coolican to Christine Crosby regarding *inter alia* Lucy Goldstein's hours, July 21, 2009<br><br>Bates stamped D 000436 | Plaintiff | Relevance |
| 83 | Payroll documents for Lucy Goldstein, Oct. 2008<br><br>Bates stamped D 000437 | Plaintiff | Relevance |
| 84 | Payroll documents for Lucy Goldstein, Apr. 2007<br><br>Bates stamped D 000438 | Plaintiff | Relevance |
| 85 | Payroll documents for Lucy Goldstein, Oct. 2006<br><br>Bates stamped D 000439, D 000441 | Plaintiff | Relevance |
| 86 | Lucy Goldstein Automatic Pay Plan Changes, Sept. 23, 2006<br><br>Bates stamped D 000440 | Plaintiff | Relevance |

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| **87** | Emails between Payroll Department and Michael Goldberg and Laurie Hammon regarding Lucy Goldstein, Mar.–Apr. 2005<br><br>Bates stamped D 000442–44 | Plaintiff | Relevance |
| **88** | Photocopy of Lucy Goldstein's New York State Driver License<br><br>Bates stamped D 000445 | Plaintiff | Relevance |
| **89** | Photocopies of a blank check of Lucy Goldstein's[5]<br><br>Bates stamped D 000446, D 000448 | Plaintiff | Relevance |
| **90** | Memorandum and Order deciding Defendant's Motion to Dismiss, Oct. 16, 2012<br><br>Docket Entry 24 | Plaintiff | |

---

[5] Named therein as "LUCY M. GOLDSTEIN."

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---------|-------------|-------|------------------------|
| 91 | Transcript of the Deposition of Patricia DelGenio, Raymour & Flanigan's witness pursuant to FED. R. CIV. P. 30(b)(6), Feb. 13, 2013 | Plaintiff | Plaintiff purports to designate the entire transcript as a trial exhibit. Defendant objects and states its position that this designation does not comply with the Court's rules. Defendant reserves all objections. To the extent a statement of objections is required, Defendant's objections may include, but are not limited to, hearsay and relevance. |

17

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 92 | Transcript of the Deposition of Lucy Goldstein, Feb. 22, 2013 | Plaintiff | Plaintiff purports to designate the entire transcript as a trial exhibit. Defendant's position is that this designation does not comply with the Court's rules. Defendant reserves all objections. To the extent a statement of objections is required, Defendant's objections may include, but are not limited to, hearsay and relevance. |

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 93 | Transcript of Plaintiff's Deposition, Jan. 4, 2013 | Plaintiff | Plaintiff purports to designate the entire transcript as a trial exhibit. Defendant objects and states its position that this designation does not comply with the Court's rules. Defendant reserves all objections. To the extent a statement of objections is required, Defendant's objections may include, but are not limited to, hearsay and relevance. |
| 94 | Defendant's Answer with Affirmative Defenses, Nov. 14, 2012<br><br>Docket Entry 26 | Plaintiff | |
| 95 | Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013<br><br>Docket Entry 46 | Plaintiff | Relevance |

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---|---|---|---|
| 96 | Notice of Filing of Official Transcript<br><br>(*Exhibit A* to Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013)<br><br>Docket Entry 46-1 | Plaintiff | Relevance |
| 97 | Transcript of Status Conference before Magistrate Judge Tomlinson, Feb. 26, 2013<br><br>(*Exhibit B* to Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013)<br><br>Docket Entry 46-2 | Plaintiff | Relevance |
| 98 | Excerpt from Transcript of the Deposition of Lucy Goldstein, Feb. 22, 2013 regarding the spurious and recent nature of Defendant's representation of Ms. Goldstein<br><br>(*Exhibit C* to Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013)<br><br>Docket Entry 46-3 | Plaintiff | Relevance |
| 99 | Letter to the Court outlining the discovery of which it had only just become aware, initially filed Feb. 25, 2013<br><br>(*Exhibit D* to Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013)<br><br>Docket Entries 41 and 46-4 | Plaintiff | Relevance |
| 100 | Notice of the Deposition of Defendant's representative pursuant to FED. R. CIV. P. 30(b)(6) and its own *Exhibit A.*<br><br>(*Exhibit E* to Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013)<br><br>Docket Entry 46-5 | Plaintiff | Relevance |

14453394.1

| Ex. No. | Description | Party | Defendant's Objections |
|---------|-------------|-------|------------------------|
| 101 | Plaintiff's Second Amended Motion to Compel Defendant to Produce Discovery, initially filed Feb. 8, 2013<br><br>(*Exhibit F* to Plaintiff's Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery, Mar. 20, 2013)<br><br>Docket Entry 46-6 | Plaintiff | Relevance |

Plaintiff reserves the right to use any exhibits at trial listed below by Defendant or to not use any of the exhibits identified by Plaintiff. In addition, Plaintiff reserves the right to use at trial exhibits not listed above for impeachment and/or rebuttal purposes.

A. Defendant's Exhibits for its Case-In-Chief:

| Exhibit | Description | Bates Number(s) | Plaintiff's Objection |
|---------|-------------|-----------------|-----------------------|
| A | Payroll Connection Form regarding Plaintiff's termination | D 000011 | |
| B | Plaintiff's Receipt and Acknowledgment of Raymour & Flanigan Associate Handbook and Acknowledgment of At-Will Employment Status | D 000014 | |
| C | Plaintiff's Receipt and Acknowledgment of Addendum to the Associate Handbook | D 000015 | |
| D | Payroll Connection Form regarding Plaintiff's transfer to Garden City showroom | D 000016 | |
| E | Plaintiff's Employment Application | D 000021- 000022 | |
| F | Plaintiff's Sales Agreement Form | D 000029 - 000030 | |
| G | Undated Performance Evaluation for Plaintiff | D 000036 | |
| H | June 7, 2008 Performance Evaluation for Plaintiff | D 000037 | |
| I | August 17, 2008 Performance Evaluation for Plaintiff | D 000038 | |

21

| | | | |
|---|---|---|---|
| J | May 7, 2011 Coaching for Success Plan for Plaintiff | D 000039- 000040 | |
| K | May 23, 2011 Coaching for Success Plan for Plaintiff | D 000041- 000042 | |
| L | June 13, 2011 Action Plan & Performance Agreement for Plaintiff | D 000043- 000044 | |
| M | Performance Evaluation and Development Form for 2011 for Plaintiff | D 000045 | |
| N | Plaintiff's 2010 Commission Statements | D 000049- 000101 | |
| O | Plaintiff's 2011 Commission Statements | D 000102- 000126 | |
| P | Professional Conduct & Anti-Harassment Awareness Presentation | D 000134- 000157 | |
| Q | Professional Conduct & Harassment Awareness Training for Associates Presentation | D 000158- 000175 | |
| R | Plaintiff's Mach 7, 2010 Receipt of No Discrimination and No Harassment Policy | D 000175- 000176 | |
| S | Lucy Goldstein's November 1, 2006 Receipt and Acknowledgement of Harassment Training | D 000177 | |
| T | Laura D'Ambrosio's January 30, 2007 Receipt and Acknowledgment of Harassment Training | D 000178 | |
| U | Laura D'Ambrosio's June 21, 2011 E-mail regarding Plaintiff | D 000409 | |
| V | Raymour & Flanigan's March 2010 Associate Handbook | D 000179 - 000254 | |
| W | Raymour & Flanigan's February 2, 2011 Associate Handbook | D 000355 – 000331 | |
| X | Raymour & Flanigan's May 25, 2011 Associate Handbook | D 000332 - 000408 | |

22

14453394.1

Defendant reserves the right to use any exhibits at trial listed by Plaintiff above or to not use any of the exhibits identified by Defendant.  In addition, Defendant reserves the right to use at trial exhibits not listed above for impeachment and/or rebuttal purposes.


Dated: May 6, 2013



_____s/_____
Walker G. Harman, Jr. [WH-8044]
Peter J. Andrews [PA-3295]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com
pandrews@theharmanfirm.com



                    /s/
_____
Tara Eyer Daub, Esq. [TE-7943]
Jessica Chiclacos, Esq. [JG-2534]
NIXON PEABODY LLP
*Attorneys for Defendant Raymour & Flanigan*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500
tdaub@nixonpeabody.com
jchiclacos@nixonpeabody.com



**SO ORDERED:**


_____
Hon. Leonard D. Wexler
United States District Judge