# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600    FAX 212 202 3926

WWW.THEHARMANFIRM.COM

May 9, 2013

**VIA ECF**
Hon. A. Kathleen Tomlinson
United States District Court for the
  Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

      **Re:** *Friedmann v. Raymour Furniture et al.*,
           12 CV 1307 (LDW)(AKT)

Dear Judge Tomlinson:

    We represent the Plaintiff in the above-referenced employment discrimination action, which complains of his illegal termination due to his age and disability. Plaintiff writes pursuant to the Court's May 8, 2013 Order and in response to Defendant's May 6, 2013 letter to the Court (Docket Entry 55 and hereinafter "Letter"). Plaintiff would have responded sooner, had this office not been otherwise engaged in a settlement negotiation in a separate action after the parties' call Monday, which was followed by a full day deposition in yet another action Tuesday, and finally, client meetings yesterday that did not break until the late afternoon.

    Defendant's description of the parties' communications in its Letter is in no way congruent with our recollection, and in an abundance of caution, Plaintiff herein lists the discrepancies in detail and in the order in which they appear in Defendant's Letter. Defendant claims that:

    1.    "[O]n April 29, 2013, another attorney at Plaintiff's counsel's firm, [the author of this letter, Peter J. Andrews] filed a version of the [Joint Pre-trial] Order." Plaintiff however recalls that his submission of a version of the Pre-trial Order was submitted as an attachment to a letter and did not represent itself as having Defendant's sign off;

    2.    "Because Defendant did not have the opportunity[1] to respond to Plaintiff's revisions, on April 30, 2013, Your Honor instructed the parties to meet and confer regarding the Order," however, we understand that the Court's Order is agnostic with respect to its revised deadline;

---

[1] Plaintiff reserves the right to object to the content of this excerpt, but quotes Defendant directly.

3. Defendant made information available to Plaintiff "at approximately 10:35 a.m.," but parties' call did not even commence until 10:46 a.m.;[2]

4. Plaintiff's counsel "did not[1] indicate that he wished to make <u>any</u> changes to the document," (emphasis in original), which is most disingenuous and misleading. Defendant's letter leads us to believe that Plaintiff would have affirmatively stated that no further changes would be necessary after Defendant's modifications and without any comment. However, Plaintiff made no representation in that regard and since Defendant had incorporated further changes, which Plaintiff had not yet seen, further review, discussion, and another exchange of the document would be necessary.

5. "[Defendant] informed and confirmed with [Plaintiff], at least twice during this call, that [Defendant] would make such changes, send [Plaintiff] the document, and then file the [Joint Pre-trial] Order [Monday] afternoon,"[1]

   (i) First, although the statement is specific, it is not at all how Plaintiff or his Legal Assistant, who was also on the call recall the conversation;

   (ii) Second, Plaintiff cannot imagine that he would agree to consent that something be filed with this Court with only implicit authorization—or by omission;

   (iii) Third, Defendant stated only that their draft would follow the call; **Defendant never represented that they would submit the Joint Pre-trial Order** during that call. In fact, due to Defendant's representations, Plaintiff's counsel decided directly after the call, to inform Defendant that it would be Plaintiff who would file the document with the Court;

   (iv) Fourth, that a litigant would file a joint submission that contained each party's signature, prior to their adversary's reply regarding the first party's modifications, simply does not make sense;

6. "As [the parties] discussed[1] [Monday] morning, [Defendant] will file the document with the Court this afternoon." However, no such discussion occurred on Monday morning. Further as indicated above, between the time of the call and Defendant's unilateral submission of the purportedly

---

[2] We apologize for what may seem like pedantry, but include this information to underscore Plaintiff's understanding of the parties' communications *vis-à-vis* that of Defendant.

      "Joint" Pre-trial Order, Plaintiff's counsel was engaged in settlement negotiations and did not see Defendant's email until after their filing; and

7.    "In this [voicemail] message, Mr. Harman[3] accused [Defendant] of filing the [Joint Pre-trial] Order without authorization from his office, and demanded that [Defendant] withdraw the [Joint Pre-trial] Order, despite Mr. Andrews'[s] authorization."[1] As stated in ¶ 5, Plaintiff never agreed to, or authorized any submission by Defendant without the opportunity to first review Defendant's modifications. No such authorization occurred during the call or since.

Due to the above, Plaintiff stands by his earlier request that Defendant rescind the filing and we respectfully request that the Court strike the potentially prejudicial document (Docket Entry 53) from the docket and allow Plaintiff the parties the opportunity to comport with the Court's April 30, 2013 Order regarding the filing of a Joint Pre-trial Order.

We thank the Court for its time and attention to this matter.

      Respectfully submitted,
      THE HARMAN FIRM, PC


      _____s/_____
      Peter J. Andrews [PA-3295]


cc:    Tara E. Daub, Esq. (via ECF)
       Jessica Chiclacos, Esq. (via ECF)
       Walker G. Harman, Jr. (via ECF)

---

[3] Defendant misspells Plaintiff's counsel's name in original.