# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

May 28, 2013

**VIA ECF**
Hon. Leonard D. Wexler
United States District Court for the
  Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

> **Re:** *Friedmann v. Raymour Furniture et al.*,
> **12 CV 1307 (LDW)(AKT)**

Dear Judge Wexler:

We represent the Plaintiff in the above-referenced action wherein the Plaintiff was terminated due to his age and disability.

Pursuant to the Court's directive during the Tuesday, May 21, 2013 Conference, Plaintiff writes to the Court with as much information as he can in order to secure Defendants' production.

Plaintiff's understanding was that pursuant to *McDonnell Douglas*, "[t]he burden of production then shifts to defendant to offer a non-discriminatory reason for the employment action," which we understand that Defendant Raymour was obliged to do, but has not done. *See Greco v. Cnty. of Nassau*, 146 F. Supp. 2d 232, 242 (E.D.N.Y. 2001), quoting *Heyman v. Queens Vill. Comm. for Mental Health*, 198 F.3d 68, 72 (2d Cir. 1999), both of which cite *McDonnell Douglas v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817 (1973).

Typically, a defendant's "burden is one of production, not persuasion." *See, e.g.*, *Dunson v. Tri-Maint. & Contractors*, 171 F. Supp. 2d 103, 110 (E.D.N.Y. 2001) citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 142, 120 S. Ct. 2097 (2000). " 'Evidence of general patterns of discrimination by an employer is relevant even in an individual disparate treatment case' . . . and is therefore discoverable under FED. R. CIV. P. 26(b)(1). . . . [C]ourts in this circuit have repeatedly found similar complaints of discrimination by corporate employers to be relevant and discoverable." *Sasikumar v. Brooklyn Hosp. Ctr.*, 2011 WL 1642585, *3, 2011 U.S. Dist. LEXIS 46768 (E.D.N.Y. May 2, 2011) quoting *Lieberman v. Gant*, 630 F.2d 60, 68 (2d Cir. 1980). In *Sasikumar*, however it was the defendant—not the plaintiff—tasked with production of records of defendant's similarly situated employees. However, as the Court has elected to direct Plaintiff to produce information of which only Defendant has clear and unquestionable evidence, we respectfully submit the following.

Plaintiff endeavors to provide a fulsome response despite the fact that only Defendant has unfettered access to Plaintiff's employment records, which Plaintiff initially sought copies of

with a broad scope. What Plaintiff respectfully wishes to clarify today is that Plaintiff subsequently and repeatedly voluntarily narrowed the scope of the discovery that he sought from Defendants—on six (6) separate occasions for some requests.

In response to the Court's directive, we include the information to which Plaintiff does have access.

Plaintiff was terminated on or about June 18, 2011. Plaintiff understands that:

1. Each salesperson employed with Defendant was required to make sales of no less than seven hundred fifty thousand dollars ($750,000) per year (which means that as the year reached its half-way point around July 1, each salesperson would be approximately (but not necessarily exactly)[1] half-way towards their sales goal for the year); and that as

2. June 18 was the 169th day of 2011 at which time approximately forty-three percent (43%) of 2011 had already passed, each sales person might by that time have sold approximately three hundred forty-seven thousand dollars ($347,000) in merchandise;[2]

It is Plaintiff's understanding that as of June 17, 2011, the following salespersons at Defendant's Garden City store (as well as Plaintiff) had sold less than three hundred thousand dollars ($300,000) in merchandise to date in 2011. Plaintiff believes that they were:

1. Nardia Palmatier;[3]

2. Karen Budan Ali (possibly "Karen Ali");

3. Danquole Pasyte;

4. Mark Forster;

5. Vasilos Toufexis;

6. Robert Ruvel (possibly "Revel");

7. Trevor Lall;

---

[1] Defendant has never asserted that the sales goals are for anything other than one (1) year—they are not *e.g.* for six (6) months. See *e.g.* Defendant's Memorandum of Law in Support of Summary Judgment at 17, that page of which is annexed hereto as *Exhibit A*.

[2] *I.e.*, (169 ÷ 365) × $750,000 is $347,260.27.

[3] For example, Ms. Palmatier's 2011 sales to date were for almost two hundred eighty-three thousand dollars ($283,000), which Plaintiff believes were less than his own to that date. Only Plaintiff was terminated: this is textbook pretext.

Hon. Leonard D. Wexler
May 28, 2013
Page 3 of 3

      8.      Noman Shaikh;

      9.      Maria Peña (possibly "Pena"); and

      10.     Rafael Gonzalez.

Finally, although Plaintiff believes that he may have shipped only approximately two hundred eighty-three thousand dollars ($283,000) in merchandise prior to June 18, 2011, he had written sales that totaled approximately four hundred thousand dollars ($400,000). (Written sales include all of the shipped sales as well as those sales that were ordered but not yet paid for and/or shipped, but that were very likely to result in actual sales figures for Defendant.)

Although Defendant's possible defenses now seem impossible to overcome, especially given what Plaintiff understands of their burdens pursuant to *McDonnell Douglas*, Plaintiff reiterates that he respectfully requests that the Court order Defendant to produce all sales data for all individuals at Defendant's Garden City location that were on performance improvement plans between January 2010 and June 2011 including the sales data for those individuals *infra* whether or not they were placed on performance improvement plans.

We thank the Court for its time and attention to this matter.

                                          Respectfully submitted,
                                          THE HARMAN FIRM, PC


                                          _____s/_____
                                          Walker G. Harman, Jr. [WH-8044]


cc:     Tara E. Daub, Esq. (via ECF)
         Jessica Chiclacos, Esq. (via ECF)
         Peter J. Andrews (via ECF)