annual requirement. (Pl. Dep. 30-31). By May 2011, it is undisputed that Plaintiff's sales goals were $53,537 below the minimum sales expectation for that point in the year and he was projected to complete delivered sales in the amount of only $617,435 for 2011, well below the mandated goal of $750,000 for the year. (Daub Decl. Exh. J).

Taking action to address this serious deficiency, on May 7, 2011, Ms. Goldstein placed Plaintiff on a "Coaching for Success" plan. (Daub Decl. Exh. J). In this plan, Ms. Goldstein noted for Plaintiff the areas of his sales that needed immediate improvement, set short-term goals, and indicated that she – and all of Raymour & Flanigan's management team – was available to help Plaintiff reach his goals. (Id.). When Plaintiff did not meet these short-term goals, Ms. Goldstein provided Plaintiff with an updated "Coaching for Success" plan on May 23, 2011. (Daub Decl. Exh. K).

Over the next three weeks, Plaintiff made little improvement. As time passed, the need for Plaintiff's immediate improvement grew even more critical. As a result, on June 13, 2011, Ms. Goldstein placed Plaintiff on an "Action Plan & Performance Agreement", giving him yet another, but final, opportunity to achieve the immediate and significant improvement in sales that would be needed to meet minimum sales requirements. (Daub Decl. Exh. M). In addition, in early June 2011, Ms. Goldstein provided Plaintiff with a performance evaluation noting specific areas of needed improvement and emphasizing that "Larry is below average in all areas – he needs to do an immediate turn around." (Daub Decl. Exh. L). During this time, Ms. Goldstein also arranged for Plaintiff to interview at other Raymour & Flanigan locations with lower sales volume than the Garden City showroom, in the hope that he might do better in a less competitive store and then return to Garden City. (Goldstein Dep. 97).

Unfortunately, Plaintiff did not act upon these repeated opportunities for improvement. Despite Raymour & Flanigan's repeated efforts to help Plaintiff to bring his sales back up to