UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAWRENCE I. FRIEDMANN,

       Plaintiff,

       - against -

RAYMOUR FURNITURE CO., INC., and
LUCY GOLDSTEIN, individually,

       Defendants.

          **12 CV 1307 (LDW)(AKT)**

          **FIRST AMENDED JOINT
          PRE-TRIAL ORDER**

**WEXLER**, District Judge:

      The parties having conferred among themselves and pursuant to Rule 4.A. of the

Individual Rules of the Honorable Leonard D. Wexler, U.S.D.J., Plaintiff Lawrence I. Friedmann

("Plaintiff" or "Friedmann") and Defendant Raymour Furniture Company, Inc., d/b/a Raymour

& Flanigan Furniture ("Defendant" or "Raymour & Flanigan"),[1] submit the following First

Amended Joint Pre-trial Order in this matter:[2]

---

[1]    Plaintiff's Statement:  By Order dated October 16, 2012, this Court dismissed all of Plaintiff's claims under the New York State Human Rights Law, including the claims against the individual defendant.  "Defendant Raymour [& Flanigan]'s motion to dismiss is granted . . . to the extent that Plaintiff's NYSHRL claims are dismissed, but is otherwise denied."  Of Plaintiff's four (4) original causes of action, two (2) remain against Raymour & Flanigan: (i) age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 623 *et seq.* and (ii) disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 *et seq.*

[2]    Plaintiff's Statement:  Pursuant to the Individual Rules of Judge Wexler, Rule 4.A. "the parties shall submit, within sixty days from the date for the completion of discovery . . . a joint [pre-trial] order."  Plaintiff however, respectfully submits that only he has completed discovery obligations and he therefore has been prevented from seeking documents and information that support his claims in this case and that he needs for trial.  The Court ruled on June 5, 2013 that only "[t]o the extent that [D]efendant has agreed to produce certain discovery, as stated in the penultimate paragraph of Defendant's . . . [June 4, 2013] Letter, that portion of [P]laintiff's [O]bjection to the Magistrate Judge's orders regarding discovery is moot."  *See* Defendant's June 4, 2013 letter at the penultimate paragraph stated that Defendant would "produce . . . coaching plans for Karen and Rafael. . . .  This was **the only**

*(Footnote continued on next page)*

## I.     FULL CAPTION

The full caption of this case appears in the caption to this First Amended Joint Pre-trial

Order.

## II.     TRIAL COUNSEL

      A.  Trial Counsel for Plaintiff is as follows:

         Walker G. Harman, Jr., Esq.
         Peter J. Andrews, Esq.
         The Harman Firm, PC
         200 West 57th Street, Suite 900
         New York, New York 10019
         (212) 425-2600

      B.  Trial Counsel for Defendant is as follows:

         Tara Eyer Daub, Esq.
         Jessica Chiclacos, Esq.
         Nixon Peabody LLP
         50 Jericho Quadrangle
         Suite 300
         Jericho, New York 11753
         (516) 832-7500 (telephone)
         (516) 832-7555 (facsimile)

## III.     STATEMENT PERTAINING TO TRIAL

      A.     Plaintiff's statement:  Pursuant to the Court's Individual Practice Rule 4.A.iii., Plaintiff respectfully reiterates that he "demands a trial by jury." Compl. ¶ 10.  It is Plaintiff's understanding that he will require approximately two (2) days to try this action.  That estimate is not inclusive of the time required to select members of the jury or to cross-examine witnesses called by Defendant.

---

*(Footnote continued from previous page)*

**issue** Plaintiff submitted to Magistrate Tomlinson regarding performance improvement plans and **the only issue** within the scope of Plaintiff's pending objections."  Defendant's June 4, 2013 Letter at 4 (emphasis added).  Meanwhile, Plaintiff's request was multifarious, but specific and stated that "Defendant purports that Plaintiff was the only individual terminated from his location for not meeting his sales goals, but refuses to produce documentation to support that purportedly legitimate, nondiscriminatory reason" to which Plaintiff should have been entitled anyway pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973).  Plaintiff's Mar. 20, 2013 Objection at 6.

B.    Defendant's statement:  Plaintiff has demanded a jury trial.  Defendant estimates that the presentation of its case will take two (2) days.

## IV.   LIST OF FACT WITNESSES FOR CASE IN CHIEF

A. Plaintiff reserves the right and intends to call the following witnesses to testify at trial:[3]

    1.    Plaintiff Lawrence I. Friedmann (will testify in person)

    2.    Lucy Goldstein (will be called to testify in person)

    3.    Iman Kasmi or Khazmi (Assistant Store Manager, will be called to testify in person)

    4.    Anthony Baines (Assistant Store Manager, will be called to testify in person)

    5.    Anthony Bender (Regional Sales Manager, will be called to testify in person)

    6.    James "Jim" Powers (Regional Vice President, will be called to testify in person)

    7.    Michael Mosca (Sales Associate, will be called to testify in person)

    8.    Joseph Moscon (Sales Associate, will be called to testify in person)

    9.    Judith or Judit Rubin (Sales Associate, will be called to testify in person)

    10.    Danguole Pasyte (upon information and belief, also known as Danquole Pasyte; a Sales Associate, who performed worse than Plaintiff but whom Defendant did not terminate thereby underscoring pretext, will be called to testify in person)

    11.    Laura D'Ambrosio (in person)

    12.    Patricia DelGenio (VP of Defendant's HR, in person)

---

[3]    Plaintiff is unable to submit a complete list of witnesses unless or until the Defendant is directed to produce the identities of the people against whom Plaintiff was judged to have inferior sales figures at the time of his termination. *See, e.g.*, Plaintiff's Feb. 8, 2013 Second Amended Motion to Compel Defendant[] to Produce Discovery (Docket Entry 37), as well as Plaintiff's Mar. 20, 2013 Objection to Magistrate Judge Tomlinson's Orders Regarding Discovery (Docket Entry 46), and Plaintiff's Mar. 21, 2013 Letter regarding Defendant's production during discovery and Defendant's forthcoming motion for summary judgment (Docket Entry 47).

13.     Rafael Gonzalez (Sales Associate on a performance improvement plan, will be called to testify in person)

14.     Karen Budhan Ali (Sales Associate on a performance improvement plan who performed worse than Plaintiff but whom Defendant did not terminate thereby underscoring pretext, will be called to testify in person)

15.     Nardia Palmatier (Sales Associate on a performance improvement plan who performed worse than Plaintiff but whom Defendant did not terminate thereby underscoring pretext, will be called to testify in person)

16.     Mark Forster (Sales Associate who performed worse than Plaintiff but whom Defendant did not terminate thereby underscoring pretext, will be called to testify in person)

17.     Vasilos Toufexis (Sales Associate who performed worse than Plaintiff but whom Defendant did not terminate thereby underscoring pretext, will be called to testify in person)

18.     Robert Ruvel (upon information and belief, also known as Robert Revel; a Sales Associate who performed worse than Plaintiff but whom Defendant did not terminate thereby underscoring pretext, will be called to testify in person)

19.     Trevor Lall (Sales Associate who performed worse than Plaintiff but whom Defendant did not terminate thereby underscoring pretext, will be called to testify in person)

Plaintiff reserves the right to call any witnesses at trial listed by Defendant or by Plaintiff. In addition, Plaintiff reserves the right to call at trial witnesses not listed above for impeachment and/or rebuttal purposes.

Defendant's Statement:  Defendant objects to Plaintiff's inappropriate, unsupported and argumentative statements of alleged fact and opinion above and his other argumentative statements throughout this document.  Defendant requests that the court strike and disregard Plaintiff's improper statements.

B.  Defendant's witnesses:

1.     Laura D'Ambrosio (in person)

2.     Patricia Delgenio (in person)

3.     Lucy Goldstein (in person)

4.     Jim Powers (in person)

5.     Christine Rowland (in person)

Defendant reserves the right to call any witnesses at trial listed by Plaintiff above or to not call any of the witnesses identified by Defendant.  In addition, Defendant reserves the right to call at trial witnesses not listed above for impeachment and/or rebuttal purposes.

**V.     LIST OF EXPERT WITNESSES**

      1.      Plaintiff's expert witness:  None[4]

      2.      Defendant's expert witness:  None

Plaintiff respectfully requests the right to amend this list until the time of trial.  Plaintiff is unable to properly assess the necessity of an expert witness due to the fact that Defendants never produced the discovery to which the aggrieved, Mr. Friedmann, was entitled.  Defendants state in their June 4, 2013 letter to the Court that they

**VI.     DEPOSITION TESTIMONY**

      A.      Plaintiff will offer the following deposition testimony in his case in chief in the event that witnesses are not able to provide live testimony at trial:

| Deponent | Page(s)/Line(s) | Objections |
|---|---|---|
| Lucy Goldstein | 13:20–14:7 | Relevance |
| Lucy Goldstein | 14:15–15:19 | Relevance |
| Lucy Goldstein | 3:19–21 | Relevance |
| Lucy Goldstein | 21:1–2 | |
| Lucy Goldstein | 61:18–21 | Relevance |
| Lucy Goldstein | 66:5–8 | Relevance |
| Lucy Goldstein | 71:3–6 | Relevance |
| Lucy Goldstein | 77:18–25 | |
| Lucy Goldstein | 79:2–5 | Relevance |
| Lucy Goldstein | 79:15–21 | |
| Lucy Goldstein | 84:21–25 | |
| Lucy Goldstein | 85:1–2 | |
| Lucy Goldstein | 88:17–89:3 | Relevance |
| Lucy Goldstein | 92:7–19 | Relevance |
| Lucy Goldstein | 95:21–25 | |
| Patricia DelGenio | 13:16–14:16 | Relevance |
| Patricia DelGenio | 54:7–61:16 | Relevance |
| Patricia DelGenio | 61:19–67:5 | Relevance |
| Patricia DelGenio | 78:9–83:25 | |
| Patricia DelGenio | 81:7–14 | |
| Patricia DelGenio | 84:12–85:25 | Relevance |

---

[4]    Plaintiff's intention to not call any expert witnesses at trial was reiterated and confirmed before Magistrate Judge Tomlinson at the May 21, 2013 Final Pre-trial Conference.

Defendant reserves the right to use any testimony listed by Plaintiff above or to not use any of that testimony.  In addition, Defendant reserves the right to use at trial testimony not explicitly listed above for impeachment and/or rebuttal purposes.

B.      Defendant will offer the following deposition testimony in its case in chief:

| Deponent | Page(s)/Line(s) | Objections |
|---|---|---|
| Plaintiff | 30:8-31:18 | Lack of foundation |
| Plaintiff | 33:8-23 | |
| Plaintiff | 35:14-17 | Lack of foundation |
| Plaintiff | 36:5-37:5 | |
| Plaintiff | 37:12-15 | Lack of foundation |
| Plaintiff | 44:5-7 | |
| Plaintiff | 51:17-55:8 | |
| Plaintiff | 57:12-58:6 | Irrelevant, misleading |
| Plaintiff | 61:22-62:4 | Irrelevant, misleading |
| Plaintiff | 66:9-67:25 | Lack of foundation; irrelevant; misleading |
| Plaintiff | 73:4-10 | Lack of foundation |
| Plaintiff | 74:3-6 | Lack of foundation |
| Plaintiff | 75:12-18 | |
| Plaintiff | 85:13-87:11 | Irrelevant |
| Plaintiff | 95:14-98:10 | |
| Plaintiff | 104:22-105:7 | |
| Plaintiff | 110:14-111:4 | Lack of foundation |
| Plaintiff | 113:6-11 | Lack of foundation |
| Plaintiff | 146:16-147:5 | |
| Plaintiff | 148:12-18 | |
| Plaintiff | 156:10-17 | Lack of foundation |
| Plaintiff | 159:16-160:9 | |

Plaintiff reserves the right to use any testimony listed by Defendant above or to not use any of that testimony.  In addition, Plaintiff reserves the right to use at trial testimony not explicitly listed above for impeachment and/or rebuttal purposes.

14522326.1

## VII.   **EXHIBITS**

A. The following table lists the exhibits that Plaintiff expects to offer as evidence at trial:[5]

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---------|-------------|------------------------------|------------------------|
| 1–14 | (Plaintiff's Exhibits 1–14[6] have been voluntarily rescinded by Plaintiff, therefore any remaining objections thereto are moot.) | | |
| 15 | Plaintiff's Charge of Discrimination submitted to the Equal Employment Opportunity Commission ("EEOC") | FRIEDMANN 001–08 | |
| 16 | EEOC's Notice of Right to Sue issued Dec. 19, 2011 | FRIEDMANN 009–10 | |
| 17 | Plaintiff's earnings and commissions during 2010–11 | FRIEDMANN 011–22 | Relevance |
| 18 | Associate Sales Projection and Flash Report | FRIEDMANN 023–25 | Relevance |
| 19 | Associate Business Planner | FRIEDMANN 026 | Relevance |
| 20 | Associate Bedding Budget | FRIEDMANN 027 | Relevance |

---

[5]   Plaintiff is unable to submit a complete list of exhibits for introduction to the jury unless or until the Defendant is directed to produce the outstanding discovery that he has sought with the Court's guidance since December 2012. *See also n.3 supra.*

[6]   Plaintiff's Exhibits 1–14 were previously for Plaintiff's federal and state tax returns for each year, 2006 to 2012 inclusive.

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---|---|---|---|
| 21 | Plaintiff's Earnings Statement from subsequent employer, La-Z-Boy | FRIEDMANN 066 | Authenticity |
| 22 | Plaintiff's Earnings Statement from subsequent employer, Jos. A Bank | FRIEDMANN 067 | Authenticity |
| 23 | Plaintiff's Unemployment Insurance for 2011 Form 1099-G | FRIEDMANN 068 | Authenticity |
| 24 | Plaintiff's pension Form 1099-R | FRIEDMANN 070 | Authenticity |
| 25 | Plaintiff's health insurance claim documents | FRIEDMANN 029–54, FRIEDMANN 056–62 | Authenticity |
| 26 | Plaintiff's Social Security benefits statement | FRIEDMANN 063–65, FRIEDMANN 069 | Authenticity |

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---|---|---|---|
| 27 | (Plaintiff's Exhibit 27 has been rescinded by Plaintiff pursuant to the May 21, 2013 Pre-trial Conference, therefore any remaining objections thereto are moot.) | | Plaintiff purports to designate Defendant's entire document production. Defendant's position is that this designation does not comply with the Court's rules. Defendant reserves all objections.  To the extent a statement of objections is required, Defendant's objections may include, but are not limited to, relevance. |
| 28 | Letters regarding COBRA, Aug. 24, 2011 | D 000001–02 | Relevance |
| 29 | Letter regarding benefits at Plaintiff's termination, June 29, 2011 | D 000002–09 | Relevance |
| 30 | Document regarding life insurance, June 29, 2011 | D 000010 | Relevance |
| 31 | Payroll documents for Plaintiff | D 000011–13, D 000016 | |
| 32 | Notice of Plaintiff's at-will status, Oct. 7, 2009 | D 000014–15 | |
| 33 | Email to and from payroll department | D 000017–19, D 000031 | Relevance |

14522326.1

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---|---|---|---|
| 34 | Automatic pay plan changes, Oct. 21, 2005 | D 000020 | Relevance |
| 35 | Plaintiff's application to work for Defendant, Oct. 20, 2005 | D 000021–22 | |
| 36 | New hire report | D 000023–24, D 000449 | Relevance |
| 37 | Plaintiff's Form W-4, 2005 | D 000025–26 | Relevance |
| 38 | Defendant's internal at-hire documentation regarding Plaintiff | D 000027–30 | Relevance |
| 39 | Plaintiff's direct deposit authorization | D 000032–34 | Relevance |
| 40 | *Horarium* for Plaintiff | D 000035 | Relevance |
| 41 | Performance Evaluation and Development Form for Plaintiff annotated "GREAT MONTH" | D 000036 | Relevance |
| 42 | Performance Evaluation and Development Form for Plaintiff dated June 7, 2008, annotated "Works well [sic] of all" | D 000037 | Relevance |
| 43 | Performance Evaluation and Development Form for Plaintiff dated Aug. 17, 2008, annotated "has had a bad month—vacations—etc." | D 000038 | Relevance |
| 44 | Coaching for Success plan for Plaintiff, purportedly signed by manager only, May 7, 2011 | D 000039 | |

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---------|-------------|------------------------------|------------------------|
| 45 | Coaching for Success plan for Plaintiff, signed May 23, 2011 | D 000042–44 | |
| 46 | Sales performance evaluation, purportedly for Jan. 1–June 3, 2011 | D 000045 | |
| 47 | Annotated document, Nov. 11, 2008 | D 000046 | Relevance |
| 48 | Annotated document, Nov. 1, 2008 | D 000047 | Relevance |
| 49 | Weekly Associates Commission Statement, Dec. 19, 2009–Jun. 24, 2011 | D 000048–D 000126 | Relevance |
| 50 | EEOC letter to Defendant, Dec. 12, 2011 | D 000127–28 | |
| 51 | EEOC Charge of Discrimination produced by Defendant, signed Oct. 21, 2011 | D 000129–31 | |
| 52 | EEOC Notice of Right to Sue produced by Defendant, mailed Dec. 19, 2011 | D 000132–33 | |
| 53 | Defendant's production entitled "Professional Conduct & Anti-Harassment Awareness Raymour & Flanigan Furniture" | D 000134–57 | |
| 54 | Defendant's production entitled "Professional Conduct & Harassment Awareness Training for Associates" | D 000158–73 | |
| 55 | Defendant's No Discrimination and No Harassment Policy signed Mar. 7, 2010 | D 000175 | |

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---------|-------------|------------------------------|------------------------|
| 56 | Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture signed by Plaintiff Mar. 7, 2010 | D 000176 | |
| 57 | Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture signed by Lucy Goldstein, Nov. 1, 2006 | D 000177 | |
| 58 | Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture signed by Laura D'Ambrosio, July 30, 2007 | D 000178 | |
| 59 | Raymour & Flanigan Furniture Associate Handbooks | D 000179–408 | |
| 60 | Email from Laura D'Ambrosio regarding Plaintiff, June 21, 2011 | D 000409 | |
| 61 | Lucy Goldstein's "Receipt and Acknowledgment of Raymour & Flanigan Associate Handbook and Acknowledgement of At-Will Employment Status" and Addendum signed Nov. 4, 2009 | D 000410–11 | |
| 62 | Lucy Goldstein's "Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture" signed Oct. 1, 2007 | D 000412 | |
| 63 | Lucy Goldstein's "Receipt and Acknowledgement of Professional Conduct & Harassment Awareness Training at Raymour & Flanigan Furniture" signed Nov. 1, 2006 | D 000413 | |

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---|---|---|---|
| 64 | IRS Form W-4 for Lucy Goldstein, signed Mar. 18, 2006 | D 000414–15 | Relevance |
| 65 | Email from HR to Lucy Goldstein, Sept. 19, 2005 | D 000416 | Relevance |
| 66 | New Hire information for Lucy Goldstein, Nov. 10, 2004 | D 000417, D 000447 | Relevance |
| 67 | Lucy Goldstein's application for employment, signed Sept. 23, 2004 | D 000418–19 | Relevance |
| 68 | IRS Form W-4 for Lucy Goldstein, signed Nov. 10, 2004 | D 000420 | Relevance |
| 69 | Lucy Goldstein's Withholding Allowance Certificate | D 000421–22 | Relevance |
| 70 | Lucy Goldstein's Information Technology Access Request Forms signed Nov. 10, 2004 | D 000423 | Relevance |
| 71 | Lucy Goldstein's Raymour & Flanigan Furniture 1099 Stats | D 000424 | Relevance |
| 72 | Lucy Goldstein's Direct Deposit Authorization, Nov. 10, 2004 | D 000425 | Relevance |
| 73 | Lucy Goldstein Sales Agreement Form, Nov. 10, 2004 | D 000426–27 | Relevance |
| 74 | Email from Heather Lukowski to Rebecca Landon regarding Lucy Goldstein, Aug. 23, 2011 | D 000428 | Relevance |

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---|---|---|---|
| 75 | Lucy Goldstein record of medical leave, Aug. 2011 | D 000429 | Relevance |
| 76 | Emails regarding Lucy Goldstein between Patricia DelGenio, Erin Brundige, Jenna Casullo, Christine Crosby, and Lucy Goldstein, Aug. 9, 2011 | D 000430 | Relevance |
| 77 | Email from Heather Lukowski to Rebecca Landon regarding Lucy Goldstein, Aug. 8, 2011 | D 000431 | Relevance |
| 78 | Email regarding Lucy Goldstein from Aubrey Branagan to Rebecca Landon, Feb. 7, 2011 | D 000432 | Relevance |
| 79 | Lucy Goldstein "2011 Sales Pay Plan Changes" purportedly effective Jan. 1, 2011 (redacted by Defendant) | D 000433 | Relevance |
| 80 | Emails between Lucy Goldstein and Rebecca Landon regarding Lucy Goldstein's Aug. 1, 2010 punch-out time, Aug. 9, 2010 | D 000434 | Relevance |
| 81 | Record of pay plan increase for Lucy Goldstein, purportedly effective Jan. 2, 2010 | D 000435 | Relevance |
| 82 | Email from Holly Heinze-Coolican to Christine Crosby regarding inter alia Lucy Goldstein's hours, July 21, 2009 | D 000436 | Relevance |
| 83 | Payroll documents for Lucy Goldstein, Oct. 2008 | D 000437 | Relevance |
| 84 | Payroll documents for Lucy Goldstein, Apr. 2007 | D 000438 | Relevance |

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---------|-------------|------------------------------|------------------------|
| 85 | Payroll documents for Lucy Goldstein, Oct. 2006 | D 000439, D 000441 | Relevance |
| 86 | Lucy Goldstein Automatic Pay Plan Changes, Sept. 23, 2006 | D 000440 | Relevance |
| 87 | Emails between Payroll Department and Michael Goldberg and Laurie Hammon regarding Lucy Goldstein, Mar. 2005–Apr. 2005 | D 000442–44 | Relevance |
| 88 | Photocopy of Lucy Goldstein's New York State Driver License | D 000445 | Relevance |
| 89 | Photocopies of a blank check of Lucy Goldstein's[7] | D 000446, D 000448 | Relevance |
| 90 | (Plaintiff's Exhibit 90 has been rescinded by Plaintiff pursuant to the May 21, 2013 Pre-trial Conference.) | | |

---

[7] Named therein as "LUCY M. GOLDSTEIN."

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---|---|---|---|
| 91 | (Plaintiff's Exhibit 91 has been rescinded by Plaintiff pursuant to the May 21, 2013 Pre-trial Conference, therefore any remaining objections thereto are moot.)[8] | | Plaintiff purports to designate the entire transcript as a trial exhibit. Defendant objects and states its position that this designation does not comply with the Court's rules. Defendant reserves all objections.  To the extent a statement of objections is required, Defendant's objections may include, but are not limited to, hearsay and relevance. |

---

[8]   As stated at the Final Pre-trial Conference, Plaintiff's only intention of introducing a deposition transcript *in toto* as a trial exhibit depends on the deponent being unavailable to attend trial for whatever reason.  Should the deponents attend the trial as is expected, the need to introduce transcripts as exhibits would be moot.

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---------|-------------|------------------------------|------------------------|
| 92 | (Plaintiff's Exhibit 92 has been rescinded by Plaintiff pursuant to the May 21, 2013 Pre-trial Conference, therefore any remaining objections thereto are moot.)[8] | | Plaintiff purports to designate the entire transcript as a trial exhibit. Defendant's position is that this designation does not comply with the Court's rules. Defendant reserves all objections. To the extent a statement of objections is required, Defendant's objections may include, but are not limited to, hearsay and relevance. |

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---|---|---|---|
| 93 | (Plaintiff's Exhibit 93 has been rescinded by Plaintiff pursuant to the May 21, 2013 Pre-trial Conference, therefore any remaining objections thereto are moot.)[8] | | Plaintiff purports to designate the entire transcript as a trial exhibit. Defendant objects and states its position that this designation does not comply with the Court's rules. Defendant reserves all objections. To the extent a statement of objections is required, Defendant's objections may include, but are not limited to, hearsay and relevance. |
| 94 | Performance improvement plan of Rafael Gonzalez, signed May 15, 2011 | D 000507–08 | Relevance |
| 95 | Performance improvement plan of Rafael Gonzalez, signed July 17, 2011 | D 000509–10 | Relevance |

| Ex. No. | Description | Bates No. (where applicable) | Defendant's Objections |
|---|---|---|---|
| 96 | Sales Associate Flash Report, June 17, 2011 | FRIEDMANN 071–76 | Plaintiff did not disclose this document or send the revision until 4:37 p.m. today (6/26/13), the date that the Amended Pretrial Order is due.  Plaintiff's failure to produce this document in response to Defendant's discovery requests during discovery (closed 4 months ago on 2/25/13), or in the prior Pretrial Order, or thereafter, is an abuse of his discovery obligations and the document should be excluded under FRCP Rule 37 and other applicable rules.  Relevance; Authenticity; Hearsay; Due to late notice, at 4:37 pm today, Defendant reserves all other objections. |

14522326.1

Plaintiff reserves the right to use any exhibits at trial listed above by Defendant or to not use any of the exhibits identified by Plaintiff.  In addition, Plaintiff reserves the right to use at trial exhibits not listed above for impeachment and/or rebuttal purposes.

A. Defendant's Exhibits for its Case-In-Chief:

| Exhibit | Description | Bates Number(s) | Plaintiff's Objection |
|---------|-------------|-----------------|-----------------------|
| A | Payroll Connection Form regarding Plaintiff's termination | D 000011 | |
| B | Plaintiff's Receipt and Acknowledgment of Raymour & Flanigan Associate Handbook and Acknowledgment of At-Will Employment Status | D 000014 | |
| C | Plaintiff's Receipt and Acknowledgment of Addendum to the Associate Handbook | D 000015 | |
| D | Payroll Connection Form regarding Plaintiff's transfer to Garden City showroom | D 000016 | |
| E | Plaintiff's Employment Application | D 000021- 000022 | |
| F | Plaintiff's Sales Agreement Form | D 000029 - 000030 | |
| G | Undated Performance Evaluation for Plaintiff | D 000036 | |
| H | June 7, 2008 Performance Evaluation for Plaintiff | D 000037 | |
| I | August 17, 2008 Performance Evaluation for Plaintiff | D 000038 | |
| J | May 7, 2011 Coaching for Success Plan for Plaintiff | D 000039- 000040 | |

| Exhibit | Description | Bates Number(s) | Plaintiff's Objection |
|---|---|---|---|
| K | May 23, 2011 Coaching for Success Plan for Plaintiff | D 000041- 000042 | |
| L | June 13, 2011 Action Plan & Performance Agreement for Plaintiff | D 000043- 000044 | |
| M | Performance Evaluation and Development Form for 2011 for Plaintiff | D 000045 | |
| N | Plaintiff's 2010 Commission Statements | D 000049- 000101 | |
| O | Plaintiff's 2011 Commission Statements | D 000102- 000126 | |
| P | Professional Conduct & Anti-Harassment Awareness Presentation | D 000134- 000157 | |
| Q | Professional Conduct & Harassment Awareness Training for Associates Presentation | D 000158- 000175 | |
| R | Plaintiff's Mach 7, 2010 Receipt of No Discrimination and No Harassment Policy | D 000175- 000176 | |
| S | Lucy Goldstein's November 1, 2006 Receipt and Acknowledgement of Harassment Training | D 000177 | |
| T | Laura D'Ambrosio's January 30, 2007 Receipt and Acknowledgment of Harassment Training | D 000178 | |
| U | Laura D'Ambrosio's June 21, 2011 E-mail regarding Plaintiff | D 000409 | |

| Exhibit | Description | Bates Number(s) | Plaintiff's Objection |
|---------|-------------|-----------------|------------------------|
| V | Raymour & Flanigan's March 2010 Associate Handbook | D 000179 - 000254 | |
| W | Raymour & Flanigan's February 2, 2011 Associate Handbook | D 000355 – 000331 | |
| X | Raymour & Flanigan's May 25, 2011 Associate Handbook | D 000332 - 000408 | |
| Y | Plaintiff's 2010 federal and state tax returns | Plaintiff produced these documents without Bates numbers | Relevance |
| Z | Plaintiff's 2011 federal and state tax returns | Plaintiff produced these documents without Bates numbers | Relevance |
| AA | Plaintiff's 2012 federal and state tax returns[9] | Plaintiff has failed to produce this document to date | Relevance[10] |

Defendant reserves the right to use any exhibits at trial listed by Plaintiff above or to not use any of the exhibits identified by Defendants.  In addition, Defendant reserves the right to use at trial exhibits not listed above for impeachment and/or rebuttal purposes.

---

[9]  Defendant's Statement:  Plaintiff included his 2012 federal and state tax returns in the Proposed Joint Pretrial Order dated May 14, 2013, yet failed to produce a copy of the documents to Defendant in accordance with this Court's Individual Rule 4(A)(vi) ("All exhibits listed are to be exchanged among the parties.")  Additionally, these documents are responsive to Defendant's prior discovery requests and Plaintiff is obligated to promptly supplement his disclosures. Despite Plaintiff's counsel's representation to Magistrate Tomlinson during the pre-trial conference on May 21, 2013 that these documents would be immediately produced, Plaintiff has still not produced copies of his 2012 federal and state tax returns.

[10]  Plaintiff's Statement:  In a May 22, 2013 letter to Defendant, Plaintiff stated that his 2012 tax returns "were included on Plaintiffs trial exhibit list . . . due to an inadvertent error for which we apologize.  We have no such documents; we will . . . remove all references to them."

Dated: June 26, 2013


_____
Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com


_____
Peter J. Andrews [PA-3295]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
pandrews@theharmanfirm.com


_____
Tara Eyer Daub, Esq. [TE-7943]
Jessica Chiclacos, Esq. [JG-2534]
NIXON PEABODY LLP
*Attorneys for Defendant Raymour & Flanigan*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500
tdaub@nixonpeabody.com
jchiclacos@nixonpeabody.com


**SO ORDERED:**


_____
Hon. Leonard D. Wexler
United States District Judge

Dated: June 25 , 2013

*Walker G. Harman, Jr.*

Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com

_____
Peter J. Andrews [PA-3295]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
pandrews@theharmanfirm.com

_____
Tara Eyer Daub, Esq. [TE-7943]
Jessica Chiclacos, Esq. [JG-2534]
NIXON PEABODY LLP
*Attorneys for Defendant Raymour & Flanigan*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500
tdaub@nixonpeabody.com
jchiclacos@nixonpeabody.com

**SO ORDERED:**

_____
Hon. Leonard D. Wexler
United States District Judge

14466075.1

- 22 -

Dated: June _____, 2013



_____
Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com



_____
Peter J. Andrews [PA-3295]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
pandrews@theharmanfirm.com



_____
Tara Eyer Daub, Esq. [TE-7943]
Jessica Chiclacos, Esq. [JG-2534]
NIXON PEABODY LLP
*Attorneys for Defendant Raymour & Flanigan*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500
tdaub@nixonpeabody.com
jchiclacos@nixonpeabody.com



**SO ORDERED:**



_____
Hon. Leonard D. Wexler
United States District Judge



14466075.1                           - 22 -