**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
LAWRENCE I. FRIEDMANN,

        *Plaintiff*,

        *v.*                                   **12 CV 1307 (LDW)(AKT)**

RAYMOUR FURNITURE CO., INC., *and*
LUCY GOLDSTEIN,

        *Defendants*.
----------------------------------------------------------------X

      **WALKER G. HARMAN, JR.** declares that the following is true and correct:

      1.      I am an attorney duly admitted to practice in the Courts of the State of New York. I am the Principal attorney at The Harman Firm, PC, which firm represents the Plaintiff, Lawrence I. Friedmann, in the above-captioned action. As such, I am fully familiar with the facts and circumstances of this action, the basis of my knowledge being the time spent with Mr. Friedmann and the files maintained by our office.

      2.      I have thoroughly reviewed the file maintained by our office and I have come across no evidence of Defendant Raymour & Flanigan terminating Mr. Friedmann solely for low sales figures as they purport. Mr. Friedmann was terminated due to his perceived age[1] and disability.

      3.      Defendant maintains that it terminated Mr. Friedmann's employment only because of his sales figures. This is not true. I am fully aware that compared to Mr. Friedmann, some of his former colleagues:

          (i)      Made less money in sales for Defendant;

_____

[1] Mr. Friedmann was born June 17, 1941.

(ii)     Were not on performance improvement plans;[2]

(iii)    Were not subjected to the discrimination and harassment that my

client suffered, due to his perceived age and disability; and

(iv)     Were not terminated due to low sales figures.

4.     Taken as a whole especially in concert with Defendant's refusal to produce relevant discovery prior to its close, Defendant's obfuscatory chicanery undermines their credibility.

5.     The evidence upon which Defendant relies in many cases does not support their cause,[3] or in their Memorandum of Law in Support of their Motion for Summary Judgment, which refutes a Cause of Action that Plaintiff never even claimed.[4]

6.     Annexed hereto as *Exhibit A* is the Transcript of the Deposition of Lucy Goldstein, taken Feb. 22, 2013.

7.     Annexed hereto as *Exhibit B* is the Transcript of the Deposition of Plaintiff Lawrence I. Friedmann, taken Jan. 4, 2013.

8.     Annexed hereto as *Exhibit C* is the Transcript of the Deposition of Defendant's representative pursuant to FED. R. CIV. P. 30(b)(6), Patricia Delgenio, taken Feb. 13, 2013.

---

[2] The fact that Mr. Friedmann's former colleagues were performing worse than he, but were not placed on performance improvement plans underscores the pretext in his termination.  The fact that Defendant was never able to proffer a legitimate, non-discriminatory reason for Plaintiff's termination solidifies the premature nature of a grant of Defendant's request for summary judgment.

[3] *See*, *e.g.*, Defendant's claim that "Plaintiff was fully recovered from the flare-up by September 2010" in their Statement pursuant to Local Rule 56.1. compared to the Plaintiff's testimony, *Ex. B* at 110.

[4] *I.e.* a claim of retaliation, which Defendant claims to break in their Memorandum of Law in Support of their Motion for Summary Judgment at 24–25.

9.      Annexed hereto as *Exhibit D* is Plaintiff's First Set of Requests for the Production of Documents and Interrogatories dated Oct. 8, 2012.

10.      Annexed hereto as *Exhibit E* is Plaintiff's Dec. 28, 2012 letter informing Defendant of its deficiency in the production of discovery.

11.      Annexed hereto as *Exhibit F* is Plaintiff's Jan. 18, 2013 Motion to Compel.

12.      Annexed hereto as *Exhibit G* is Plaintiff's Jan. 23, 2013 Amended Motion to Compel.

13.      Annexed hereto as *Exhibit H* is Plaintiff's Feb. 8, 2013 Second Amended Motion to Compel.

14.      Annexed hereto as *Exhibit I* is Plaintiff's Feb. 25, 2013 letter to Magistrate Judge Tomlinson imploring the Court to compel Defendant to produce discovery.

15.      Annexed hereto as *Exhibit J* is Plaintiff's Mar. 20, 2013 Objection to Magistrate Judge Tomlinson's Decision to allow Defendant to withhold evidence that would help him plead his cause.  It is produced without the exhibits upon which it relies.

16.      Annexed hereto as *Exhibit K* is Defendant's June 4, 2013 letter to the Court in which they purport to produce the rest of the discovery Plaintiff has sought.

17.      Annexed hereto as *Exhibit L* is the text of the Court's June 5, 2013 Order.

18.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York  
      June 19, 2013

                                    _____s/_____  
Walker G. Harman, Jr. [WH-8044]  
THE HARMAN FIRM, PC  
*Counsel for Plaintiff*  
200 West 57th Street, Suite 900  
New York, New York 10019  
(212) 425-2600  
wharman@theharmanfirm.com