UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LAWRENCE I. FRIEDMANN,

                         *Plaintiff*,

          -against-

RAYMOUR FURNITURE CO., INC.,
and LUCY GOLDSTEIN, *individually*,

                        *Defendants*.
-------------------------------------------------------------X

12 CV 1307 (LDW)(AKT)

**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

      Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the Eastern District of New York (the "Local Rules"), Plaintiff hereby requests that Defendants serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below to THE HARMAN FIRM, PC, 200 West 57th Street, Suite 900 New York, New York 10019, within thirty (30) days after service hereof.

      These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendants shall, within thirty (30) days, and in no event later than five (5) days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

**DEFINITIONS AND INSTRUCTIONS**

1. COMMUNICATION. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. CONCERNING. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

3. DOCUMENT. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term herein. A draft or non-identical copy is a separate document within the meaning of this term.

4. ELECTRONICALLY MEMORIALIZED INFORMATION. The term "electronically memorialized information" means any information created, maintained and/or retrievable by electronic means, whether on or by a computer chip, hard disk, floppy diskettes, tape, laser device, cell phone, blackberry, iPhone, iPad or any other type of computerized and hand-held device or medium containing any text of any kind or other digitally recorded data, or any other similar device.

5. IDENTIFY (with respect to persons). When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally the last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identity of that person.

6. IDENTIFY (with respect to documents). When referring to documents, "identify" means to give, to the extent known, the:

    (i)    type of document;

    (ii)    general subject matter;

    (iii) date of the document; and,

    (iv) author(s), addressee(s) and/or recipient(s).

  7. PERSON. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

  8. RECORDING. The term "recording" means tape, wire or other sound recordings of conversations and includes transcripts of any such recorded conversation.

  9. ALL/EACH. The terms "all" and "each" shall be construed as all and each.

  10. AND/OR. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

  11. FRIEDMANN. The term "FRIEDMANN" means the Plaintiff in this action, LAWRENCE I. FRIEDMANN.

  12. DEFENDANTS. The term "DEFENDANTS" means the Defendants, Raymour Furniture Co., Inc. and all related companies involved inn the employment and/or supervisor of FRIEDMANN.

  13. The use of the singular form of any word includes the plural and vice versa.

  14. If the answer to any interrogatory, or subsection of any interrogatory, is unknown, so state and include the name(s), telephone number(s), and address(es) of any person or organization that might have such information.

  15. If any of these interrogatories cannot be answered in full, answer to the extent possible, specify the reasons for Defendants' inability to answer the remainder, and state what information, knowledge or belief Defendants have concerning the unanswered portion.

16. If Defendants do not possess information to answer an interrogatory, Defendants are under a duty to make a reasonable effort to obtain such information.

17. In producing documents, Defendants are requested to furnish all documents known or available to Defendants regardless of whether the documents are possessed; directly by Defendants, Defendants' agents, employees, representatives or investigators; by Defendants' present or former attorneys or their agents, employees, representatives or investigators; or by any other legal entities controlled by or in any manner affiliated with Defendants.

18. Where documents are withheld from production on the basis of privilege, Defendants shall set forth in writing the following: (i) a description of the subject matter and content of the document sufficient to identify it; (ii) the type of document (e.g., letter, memoranda, etc.); (iii) name of the author(s) and/or preparer(s); (iv) name of recipient(s); (v) date of recording or preparation; (vi) the privilege asserted; and (vii) reasons for such assertion.

19. If any documents cannot be produced in full, produce to the extent possible specifying the reasons for the inability to produce the remainder. This document request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this request, you are required to produce such additional documents.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY the individual(s) who made or participated in the decision to terminate and/or not rehire Plaintiff FRIEDMANN.

**INTERROGATORY NO. 2**

IDENTIFY all PERSON(S) with knowledge or information regarding Defendants' policies and/or procedures CONCERNING age discrimination.

**INTERROGATORY NO. 3**

IDENTIFY all PERSON(S) with knowledge CONCERNING the planning and or implementation of age discrimination training offered by Defendants in the last five (5) years for its employees and/or managers.

**INTERROGATORY NO. 4:**

IDENTIFY every employee who has worked for Defendants in the greater New York area from 2005 until the time Plaintiff FRIEDMANN was terminated, and each individual's age, gender, and term of employment.

**INTERROGATORY NO. 5:**

IDENTIFY every individual employee of Defendants in the greater New York area about whom a complaint, either formal or informal, was filed for any action committed contrary to company policy or regarding altering time cards in the past five (5) years and identify whether or not the employee was terminated.

**INTERROGATORY NO. 6:**

IDENTIFY every individual who has ever brought a discrimination complaint of any sort whatsoever, whether formal or informal, against Defendants in the greater New York area in the last five (5) years, or any individual defendant, including, but not limited to, lawsuits, internal grievances, and complaints to governmental agencies.

**INTERROGATORY NO. 7:**

IDENTIFY every individual who has ever made a complaint to any employee of Defendants about the Plaintiff.

**INTERROGATORY NO. 8:**

IDENTIFY all PERSON(S) with information or knowledge CONCERNING Plaintiff's work performance while employed with Defendants.

**INTERROGATORY NO. 9:**

IDENTIFY all PERSON(S) who evaluated Plaintiff's work performance while employed by Defendants.

**INTERROGATORY NO. 10:**

IDENTIFY all PERSON(S) with information or knowledge concerning each affirmative defense stated in Defendants' Answer. This interrogatory includes but is not limited to any and all defenses that may be raised and/or asserted to defend against liability in this matter.

**INTERROGATORY NO. 11:**

IDENTIFY all PERSON(S) who, in any manner, participated in the answering of these interrogatories.

**DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

The complete personnel file of Plaintiff.

**DOCUMENT REQUEST NO. 2:**

The complete personnel file of any former direct supervisor or manager of Plaintiff and any employee of Defendants' in the greater New York area who has been disciplined for failing to meet sales quotas.

**DOCUMENT REQUEST NO. 3:**

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING Plaintiff's work performance.

**DOCUMENT REQUEST NO. 4:**

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any complaints ever received by Defendants about Plaintiff, including, but not limited to, complaints about job performance.

**DOCUMENT REQUEST NO. 5:**

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION written by or sent to Defendants CONCERNING employees hired by Defendants to replace Plaintiff, including but not limited to their age.

**DOCUMENT REQUEST NO. 6:**

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION relating, reflecting or referring to any and/or all witnesses identified in Defendant's responses to Plaintiff's First Set of Document Requests and

Interrogatories. This request includes but is not limited to any and all personnel files held or maintained by Defendants.

**DOCUMENT REQUEST NO. 7:**

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any performance evaluations given to Plaintiff, including the actual performance evaluations, and any emails or memoranda related to the generation of any of Plaintiff's performance evaluations.

**DOCUMENT REQUEST NO. 8:**

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any and all complaints filed with and/or pending before the Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Human Rights Commission, the New York State Unemployment Insurance Appeal Board, or any other Court, tribunal or administrative agency against Defendants CONCERNING alleged discrimination or retaliation by Defendants and/or its agents in the last five (5) years leading up to the filing of the Complaint in this action. This request includes any and all DOCUMENTS submitted to and/or obtained from any of the above listed entities concerning Plaintiff.

**DOCUMENT REQUEST NO. 9:**

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any lawsuit filed against Defendants alleging retaliation or age discrimination in the last five (5) years leading up to the filing of the Complaint in this action, including but not limited to, Complaints, Answers, Settlement Agreements or Judgments entered in all such suits.

**DOCUMENT REQUEST NO. 10:**

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any internal grievances filed against Defendants alleging age, race, national origin discrimination or retaliation.

**DOCUMENT REQUEST NO. 11:**

All training materials (including, but not limited to, training manuals, instructions, pamphlets, videotapes, bulletins and memoranda) used by Defendants, from 2005 through the present, on the topic of discrimination, including but not limited to age discrimination and retaliation as well as policy guidelines regarding severance packages, termination procedures, employee pension information, employee 401(k) and stock options.

**DOCUMENT REQUEST NO. 12:**

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any and all procedures and/or policies of Defendants regarding employment discrimination.

**DOCUMENT REQUEST NO. 13**:

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING training offered by Defendants on the subject of employment discrimination and/or retaliation.

**DOCUMENT REQUEST NO. 14:**

All COMMUNICATIONS, all DOCUMENTS and all ELECTRONICALLY MEMORIALIZED INFORMATION CONCERNING such COMMUNICATIONS, between Defendants CONCERNING Plaintiff.

**DOCUMENT REQUEST NO. 15:**

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION, CONCERNING any and all investigations into employment discrimination with Defendants in the past five (5) years.

**DOCUMENT REQUEST NO. 16:**

All employee handbooks and/or personnel manuals and/or written directives distributed and/or posted for employees of Defendants within the last five (5) years.

**DOCUMENT REQUEST NO. 17:**

All statements taken and/or obtained by Defendants of any and all PERSONS in connection with this matter.

**DOCUMENT REQUEST NO. 18:**

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION identified in the answers to Plaintiff's First Set of Document Requests and Interrogatories.

**DOCUMENT REQUEST NO. 19:**

All COMMUNICATIONS, all DOCUMENTS, and all ELECTRONICALLY MEMORIALIZED INFORMATION upon which Defendants will rely to defend against liability in this matter.

Dated: New York, New York
October 8, 2012

By:      s/
Peter J. Andrews [PA-3295]
Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
pandrews@theharmanfirm.com
wharman@theharmanfirm.com

To: Tara L. Eyer Daub, Esq.
Jessica Chiclacos, Esq.
NIXON PEABODY LLP
*Attorneys for Defendants*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7613
tdaub@nixonpeabody.com
jchiclacos@nixonpeabody.com

11