# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600    FAX 212 202 3926

WWW.THEHARMANFIRM.COM

December 28, 2012

**VIA EMAIL**
Tara L. Eyer Daub, Esq.
Nixon Peabody LLP
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
tdaub@nixonpeabody.com

      **Re:**    *Friedmann v. Raymour Furniture, et al.*, 12 CV 1307 (LDW)(AKT) (E.D.N.Y.)

Dear Ms. Taub:

      We write regarding the deficiencies contained in *Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories* ("*Defendants' Responses*"), and demand a supplement to these deficient responses.

      Pursuant to Plaintiff's *Initial Disclosures* and to *Federal Rule of Civil Procedure* ("*Fed. R. Civ. P.*") 26(a)(1)(A)(iv), Plaintiff again requests a copy of all insurance policies and to all endorsements or amendments thereto, and to all correspondence regarding claims made under the policy related to this action.

      Plaintiff is entitled to and demands a sworn verification from the Defendants (*i.e.*, not an attorney) for *Defendants' Responses* before the end of business Friday, December 28, 2012.

## Deficiencies in Defendants' Responses

      **Interrogatory No. 4** seeks the identity of "every employee who has worked for Defendants in the greater New York area from 2005 until the time Plaintiff . . . was terminated, and each individual's age, gender, and term of employment" to which Defendants object in part because "Plaintiff does not assert claims for gender discrimination" and that "greater New York area" is vague.

      Defendants' assertion that gender is not relevant is wrong and responses must be provided. Nevertheless, Plaintiff narrows the scope this interrogatory thus: "Identify every employee who has worked for Defendants in the New York State from 2005 until the time Plaintiff was terminated including each individual's age, gender, and term of employment."

      **Interrogatory No. 5** seeks the identity of "every individual employee of Defendants in the greater New York area about whom a complaint, either formal or informal, was filed for any action committed contrary to company policy or regarding altering time cards in the past five (5) years and identify whether or not the employee was terminated."

   Plaintiff narrows the scope of this interrogatory thus: "Identify every individual employee of Defendants in New York State about whom a complaint, either formal or informal, was filed for any action committed contrary to company policy in the past five (5) years and identify whether or not the employee was terminated."

   **Interrogatory No. 6** seeks the identity of "every individual who has ever brought a discrimination complaint of any sort whatsoever, whether formal or informal, against Defendants in the greater New York area in the last five (5) years, or any individual Defendant, including, but not limited to, lawsuits, internal grievances, and complaints to governmental agencies."

   Plaintiff narrows the scope to the states of New York, New Jersey and Connecticut. However, Defendants' assertion that "complaint of any sort" is vague is unacceptable. Such complaints are explicitly defined in the same sentence. Defendants' response is deficient and must be answered. Further, Defendants' assertion that their discrimination was only in regards to Plaintiff's age and disability is disingenuous and obfuscates the fact that discrimination is, by definition, a pattern. The information is relevant and must be produced.

   **Interrogatory No. 7** seeks the identity of "every individual who has ever brought a complaint to any employee of Defendants about the Plaintiff."

   Defendants' response is deficient and must be answered. This information is necessary as it has direct bearing on allegations and defenses that might be raised by Defendants. The information is therefore relevant and must be produced.

   **Interrogatory No. 10** seeks the identity of "all person(s) with information or knowledge concerning each affirmative defense stated in Defendants' Answer."

   Defendants' response is deficient and must be answered. This information is necessary as it has direct bearing on allegations and defenses that might be raised by the Defendants. The information is therefore relevant and must be produced. In the event the Defendants fails to produce this information, the Defendants should be precluded from admitting such evidence in support of any such defense.

   **Interrogatory No. 11** seeks the identity of "all person(s) who, in any manner, participated in the answering of these Interrogatories."

   Defendants' response is deficient; this information is relevant and it must be produced. Nevertheless, Plaintiff narrows the scope of this interrogatory thus: "Identify all persons who, in any manner, participated in the answering of these Interrogatories to the extent that the information is not protected by attorney-client privilege."

### Defendants' Deficiencies Regarding Their Responses to Document Requests

   **Document Request No. 2** seeks the complete personnel file of any former direct supervisor or manager of Plaintiff and any employee of Defendants' in the greater New York area who has been disciplined for failing to meet sales quotas to which Defendants object on the

Tara L. Eyer Daub, Esq.
December 28, 2012
Page 3 of 4

grounds that "greater New York area" and "disciplined . . ." are vague. Plaintiff narrows the scope of greater New York area to the states of New York, New Jersey and Connecticut and narrows disciplined any documentation of any employee of Defendants with written records detailing the employee's failure to meet sales quotas. The narrowed Document Request is relevant, specific, non-privileged and must be produced forthwith.

**Document Request No. 5** seeks all communications, all documents, and all electronically memorialized information written by or sent to Defendants concerning employees hired by Defendants to replace Plaintiff, including but not limited to their age. Defendants refer to "replace" as vague, which is completely inconsistent with the spirit of cooperation as encouraged in *Fed. R. Civ. P.* 26 and 37. Nevertheless, Plaintiff modifies the scope of the Document Request thus: "All communications, all documents, and all electronically memorialized information written by or sent to Defendants concerning all employees hired by Defendants in the six (6) months immediately subsequent to the termination of Plaintiff's employment.

**Document Request No. 6** seeks all communications, all documents, and all electronically memorialized information relating, reflecting or referring to any and/or all witnesses identified in Defendants' responses to Plaintiff's First Set of Document Requests and Interrogatories. This request includes but is not limited to any and all personnel files held or maintained by Defendants.

Defendants did not provide any specific objection to this Document Request and only referred, in their answer, to their General Objections. Defendants' answer to Document Request No. 6 is deficient, and Defendants must answer. This requests seeks documents that are clearly discoverable, because they relate to the witnesses identified by Defendants in this action. The credibility of these witnesses will be at issue during further proceedings and Plaintiffs will need to assess their credibility.

**Document Request No. 9** seeks all communications, all documents, and all electronically memorialized information concerning any lawsuit filed against Defendants alleging retaliation or age discrimination in the last five (5) years leading up to the filing of the Complaint in this action, including but not limited to, Complaints, Answers, Settlement Agreements or Judgments entered in all such suits to which Defendants have objected *in toto*. The Document Request is relevant and specific and to the extent that such documentation is not privileged, it must all be produced forthwith.

**Document Request No. 10** seeks all communications, all documents, and all electronically memorialized information concerning any internal grievances filed against Defendants alleging age, race, national origin discrimination or retaliation. While Defendants objected to race and national-origin discrimination as they "would bear no relation" to the discrimination that Plaintiff suffered, Defendants did not object to producing documents relevant to age discrimination. All documents responsive to Plaintiff's Document Request No. 10 are relevant. Further, Defendants' assertion that their discrimination was only in regards to Plaintiff's age is disingenuous and obfuscates the fact that discrimination is, by definition, a pattern. The information is relevant and must be produced forthwith.

Tara L. Eyer Daub, Esq.
December 28, 2012
Page 4 of 4

**Document Request No. 15** seeks any and all investigations into employment discrimination with Defendants in the past five (5) years. Defendants' objection on the grounds that "investigations into employment discrimination with Defendants" is vague. Plaintiff narrows the scope of this request to seek "all communications, all documents, and all electronically memorialized information, concerning any and all investigations, whether by government organizations or by Defendants themselves, regarding Defendants' employment discrimination or any complaints thereto, by anyone, within the past five (5) years." The modified Document Request is relevant and specific, and to the extent that such documentation is not privileged, it must all be produced forthwith.

Thank you for your time and attention to this matter.

Very truly yours,
THE HARMAN FIRM, PC


_____s/_____
Peter J. Andrews



cc: Jessica Chiclacos, Esq. (*via email*)
Walker G. Harman, Jr. (*via email*)
Lawrence I. Friedmann (*via email*)