# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

January 18, 2013

**VIA ECF**
Magistrate Judge A. Kathleen Tomlinson
United States District Court
  for the Eastern District of New York
100 Federal Plaza, Courtroom 910
Central Islip, New York 11722

      **Re:**    *Friedmann v. Raymour Furniture, et al.*, 12 CV 1307 (LDW)(AKT) (E.D.N.Y.)
              **Motion to Compel Defendants to Produce Discovery**

Dear Judge Tomlinson:

      Pursuant to Your Honor's *Individual Practice Rule* III.A.1. and Your Honor's *Minute Order* of December 18, 2012, ¶ 5, Plaintiff Lawrence I. Friedmann, by his attorneys, The Harman Firm, PC, hereby submits this Motion to Compel Defendants to Produce Discovery.

      During the course of discovery, and pursuant to *Federal Rule of Civil Procedure* ("*Fed. R. Civ. P.*") 26(a)(1)(A)(iv), Plaintiff has requested from Defendants copies of all insurance policies and all endorsements and amendments thereto, and copies of all correspondence regarding claims related to the action made on any policy to which Defendants have, to date, produced responsive documents in part.

      In the spirit of cooperation, Plaintiff underscores his willingness to narrow the scope of *Plaintiff's First Set of Requests for the Production of Documents and Interrogatories* ("*Plaintiff's D&I*," issued October 8, 2012) in order to allow discovery to remain effective and meaningful, especially considering the importance of the issues at stake in the action. None of *Plaintiff's D&I* was unusual; to wit, it was relevant, non-frivolous, specific, non-privileged and well within the scope of discovery, which is intended to be broad.

      Defendants refused to produce information and documents responsive to *Plaintiff's D&I*, which, *inter alia*, requested relevant insurance information. In response to Defendants' deficient discovery responses, Plaintiff narrowed the scope of discovery by issuing a deficiency letter on December 28, 2012. Defendants' response thereto was almost completely redacted and addressed only their deficiencies regarding *Fed. R. Civ. P.* 26(a)(1)(A)(iv).

Hon. A. Kathleen Tomlinson
January 18, 2013
Page 2 of 2

      Although we continue to remain open to the modification and further narrowing of *Plaintiff's D&I*, Plaintiff respectfully requests that the Court compel Defendants' production, with sworn verification, of the following, with scope largely **narrowed even further than Plaintiff's already-narrowed deficiency letter**:

    (i)    The complete personnel files of any former direct supervisor or manager of Plaintiff;

    (ii)    The identity of each and every employee who has worked for Defendants in New York State from 2005 until the time Plaintiff was terminated including each individual's age and term of employment;

    (iii)    All communications, all documents and all electronically memorialized information concerning any lawsuit filed against Defendants alleging age or disability discrimination in the five (5) years immediately preceding the filing of the Complaint in this action, including but not limited to complaints, answers, settlement agreements or judgments entered in all such suits, unless covered by attorney-client privilege;[1]

    (iv)    All communications, all documents and all electronically memorialized information concerning any and all investigations, whether by government organizations or by Defendants themselves, regarding Defendants' age or disability discrimination in employment or any complaints thereto in the past five (5) years;

    (v)    The identity of all persons with information or knowledge concerning each affirmative defense stated in Defendants' Answer; and

    (vi)    Any and all information regarding individuals named in Defendants' *Initial Disclosures*, *Document Requests* or *Interrogatories*, with knowledge of claims and/or defenses, including affirmative defenses, in this action.

      We thank the Court for its time and attention to these matters.

                                      Respectfully submitted,
                                      THE HARMAN FIRM, PC

                                      _____s/_____
                                      Walker G. Harman, Jr.

cc:    Tara Eyer Daub, Esq. (*via ECF*)
        Jessica Chiclacos, Esq. (*via ECF*)
        Peter J. Andrews (*via ECF*)

---

[1] Others' claims of age discrimination is well within the scope of reasonable discovery and is intended to, and could, lead to other information relevant to Plaintiff's prosecution of this matter.