**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
LAWRENCE I. FRIEDMANN,                                    **12 CV 1307 (LDW)(AKT)**

        *Plaintiff*,

    -against-

RAYMOUR FURNITURE CO., INC., *and*
LUCY GOLDSTEIN, *individually*,

        *Defendants*.
-----------------------------------------------------------------X

---

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE TOMLINSON'S**
**ORDERS REGARDING DISCOVERY**

---

## <u>TABLE OF CONTENTS</u>

Table of Contents...........................................................................................................................ii

Table of Authorities......................................................................................................................iii

Introduction ...................................................................................................................................1

Objection to Magistrate's Order ...................................................................................................1

Conclusion ...................................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Convermat v. St. Paul Fire & Marine Ins.*,
   2007 WL 2743696, 2007 U.S. Dist. LEXIS 69102 (E.D.N.Y. 2007) ........................................2

*Dorsett v. Nassau Cnty.*,
   2012 WL 5931705, 2012 U.S. Dist. LEXIS 168073 (E.D.N.Y. 2012) ......................................1

**Rules**

Fed. R. Civ. P. ...............................................................................................................3, 7, 11

Fed. R. Civ. P. 26(b)(1) ......................................................................................................3

Fed. R. Civ. P. 30(b)(6) ....................................................................................................10

Fed. R. Civ. P. 56(d) ..........................................................................................................9

Fed. R. Civ. P. 72 ...............................................................................................................2

Fed. R. Civ. P. 72(b)(2) ......................................................................................................1

## INTRODUCTION

In this employment discrimination matter, Plaintiff objects to rulings regarding discovery at the February 26, 2013 Conference before Magistrate Judge Tomlinson.  A copy of its transcript is annexed hereto as *Exhibit B* ("*Conf. Tr.*").

Plaintiff has repeatedly asked for the same reasonable discovery to be produced and Defendant has obstructed Plaintiff's search for reasonable discovery.  FED. R. CIV. P. 72(b)(2) partially details the process of objecting to a magistrate judge's order.[1]

As Magistrate Judge Tomlinson has not issued any order or document since the Conference, Plaintiff's objections are to the Her Honor's on-the-record decisions as they appear in the *Conf. Tr.*  Magistrate Judge Tomlinson's microphone however was not completely functional at the Conference and there are more than eighty (80) indiscernible portions of the *Conf. Tr.*  Plaintiff respectfully requests that the Court allow Plaintiff to reserve the right to object to any further determinations that may be clearer than those issued in the *Conf. Tr.*  Plaintiff is convinced that errors have been made, and respectfully requests the Court's attention to them.

## OBJECTION TO MAGISTRATE'S ORDER

Pursuant to FED. R. CIV. P. 72 and 28 U.S.C. § 636, Plaintiff respectfully, prudently, and carefully objects to the decisions of Magistrate Judge Tomlinson regarding Her Honor's ruling on discovery issues, which are herein detailed.  Plaintiff's objection is timely, specific, raises no new arguments, and comprehensively spells out the issues.

---

[1] FED. R. CIV. P. 72(b)(2) also details that such an objection must be filed "[w]ithin 14 [(fourteen)] days," with which this filing complies.  Helen Sweeney of Your Honor's Chambers clarified that due to Magistrate Judge Tomlinson not issuing an order after the February 26, 2013 Conference, the fourteen-day (14-day) clock began upon the issuance of the *Conf. Tr.*, which occurred on Wednesday, March 6, 2013.  *See Docket Entry 42*, annexed hereto as *Exhibit A*.

This case was "referred to [Magistrate Judge Tomlinson] for purposes of scheduling discovery, resolution of discovery disputes, settlement conferences and any other purposes set forth in 28 U.S.C. § 636(b)(1)(A)." Plaintiff respectfully directs the attention of the Court to the last sentence in § 636(b)(1)(A), which reads that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Plaintiff's interest in addressing these matters is multifarious:

    (i)     The issues at stake are high;

    (ii)    Discovery is intended to be broad in nature;[2] and,

    (iii)   Should Plaintiff fail to address these matters at this juncture, he may be precluded from raising them on appeal, should the need arise.

In December 2012, Defendants asserted that they represented Plaintiff's former supervisor, Lucy Goldstein, whom Plaintiff has intended to depose since the case was filed. Notwithstanding Defendant's assertion of this representation, Ms. Goldstein testified that Defendants only began representing her on Thursday, February 21, 2013. *See Transcript of Lucy Goldstein Deposition* at 3:19–21 that page of which is annexed hereto as *Exhibit C.*

On December 19, 2012, Plaintiff noticed Ms. Goldstein's deposition. Defendant refused to secure a date until the penultimate week of discovery and refused to produce her until the last week of discovery. The deposition did not occur until Friday, February 22, 2013.

Plaintiff submits that requesting that someone with knowledge of the task at hand swear to it having occurred is in step with the spirit of the FED. R. CIV. P. We understand that Defend-

---

[2] "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Magistrate Judge Tomlinson quoting FED. R. CIV. P. 26(b)(1) in the first of Her Honor's two (2) September 18, 2007 *Orders* in *Convermat v. St. Paul Fire & Marine Ins.*, 2007 WL 2743696, 2007 U.S. Dist. LEXIS 69102 (E.D.N.Y. 2007).

ant is a corporation, but we also understand that an employee of Defendant had to have been instructed by counsel to seek responsive documentation and information.  That is the person from whom Plaintiff desires sworn verification and respectfully requests that this Court so-order such a verification explaining that Defendant's discovery responses were complete due to their having searched for all relevant documentation and information to Plaintiff's *Document Requests and Interrogatories*.

Plaintiff's February 8, 2013 *Motion to Compel*[3] requested a sworn verification of a non-attorney as to the existence of each of the items requested.  *I.e.*, Plaintiff requested someone with personal knowledge to conduct the searches for responsive discovery.  To that end, *Motion to Compel* at 1, n.1, requested "that any verification [that] Defendant produce[] be sworn to by individuals or an individual with personal knowledge of the issue at hand, *i.e.*, not an attorney."

However, during the February 26, 2013 Conference, Magistrate Judge Tomlinson ignored that request.  *Conf. Tr.*, 4:11, 4:16–20.  Magistrate Judge Tomlinson said that "[Her Honor] had [Defendant's] representation on the record," which is inconsistent with the *Motion to Compel*, which requested that the party that swore, "not [be] an attorney."  *Motion to Compel* at 1, n.1.

Plaintiff has been seeking the verification of the existence of emails besides the very, very few that Defendant produced.  It is Plaintiff's understanding that if Defendant had actually produced each and every responsive email to Plaintiff's *Document Requests and Interrogatories*, Defendants would be equally capable of providing the sworn verification from the people who actually searched for such documentation, which would indicate that their search was fulsome and complete.  An example of the difference between what Plaintiff sought and what Magistrate

---

[3] For the purposes herein, "*Motion to Compel*" refers to Plaintiff's Second [and last] Amended *Motion to Compel*.  *See Docket Entry 37*.  Plaintiff inadvertently submitted his *Motion to Compel* with a watermark, and apologizes to the Court for the oversight.  An identical copy to the *Motion to Compel*, less the watermark, is annexed hereto as *Exhibit F*.

Judge Tomlinson ordered to be produced is in the *Conf Tr.* at 23:17: Jessica Chiclacos, Esq. of Defendants' counsel, Nixon Peabody LLP, state that she "believe[d]" that a search of Ms. Goldstein's computer was conducted in response to Plaintiff's demands, which was not questioned by the Court.

At Ms. Goldstein's February 22, 2013 deposition, Plaintiff learned that Defendant never even attempted to schedule the deposition any earlier than the day that it occurred.  Defendant's refusal to agree to a date for Ms. Goldstein's deposition prevented ample time between the deposition and the Conference for Plaintiff to properly address issues that arose from the deposition. As opposed to forgoing the deposition altogether due to its late date, Plaintiff still agreed to it, knowing that Defendants had effectively removed his time to react, respond, and/or object to any new information learned there.

To wit, when Plaintiff attempted to bring to Magistrate Judge Tomlinson's attention the specifics of discovery items that Plaintiff had already requested in writing:

    (i)       First in his October 8, 2012 *Document Requests and Interrogatories*;

    (ii)      Again in a December 28, 2012 deficiency letter;

    (iii)    Again in his January 18, 2013 *Motion to Compel*;

    (iv)    Again in his January 23, 2013 *Amended Motion to Compel*;

    (v)     Again in his February 8, 2013 *Second Amended Motion to Compel*; and

    (vi)    Again in his February 25, 2013 letter to the Court, which Plaintiff submitted on the only weekday between Ms. Goldstein's deposition and the Conference.  *See Docket Entry 41, Plaintiff's Letter regarding Defendant's production, of which Plaintiff first learned Friday, February 22, 2013 annexed hereto as Ex. D*.

4

During the February 26, 2013 Conference, Plaintiff reiterated the items in his Monday, February 25, 2013 Letter to Magistrate Judge Tomlinson, which relied heavily on the *Transcript of the Deposition of Lucy Goldstein*, which deposition had occurred the Friday previous.  Despite the fact that each and every one of the issues raised in the Letter sought discovery responsive to Plaintiff's *Document Requests and Interrogatories*, Magistrate Judge Tomlinson did not compel the discovery.  Her Honor decided that Plaintiff was "out of luck."  *Conf. Tr.* at 34:25.

Pursuant to the FED. R. CIV. P., Plaintiff is entitled to be presented with the certainty of sworn information regarding discovery demands.  It is our understanding that it was not unreasonable for Plaintiff to request that the information he sought during discovery would be sworn to by non-attorney, especially in regards to seeking information that Defendant would find less than flattering.  *Motion to Compel* at 1, n.1.

The *Motion to Compel* at § (ii) requests the "[d]isclosure of the identity of each and every employee who has worked for Defendant from 2005 until the time Plaintiff was terminated including each individual's age and purported reason for termination for those terminations that occurred in New York City or any of the following New York State counties: (i) Westchester; (ii) Nassau; and (iii) Suffolk" and was footnoted that "[t]his is an age discrimination and disability discrimination case and the information requested is pertinent to show a pattern and practice of discrimination against other workers with health issues."  *Motion to Compel* § (ii); at 2., n.4.

Plaintiff understands that Magistrate Judge Tomlinson's microphone was not completely functional at the Conference and is therefore concerned about the contents of the *Conf. Tr.  See*, *e.g.*, *Conf. Tr.* at 5:2–4, which literally and *verbatim* reads, "First of all, this is [indiscernible]. I'm not going to require the defendants to [indiscernible] because I don't [indiscernible]." (Omissions in original.)

As this segment of the transcript seems likely to contain relevant information that was never properly recorded, we respectfully request that Plaintiff be permitted to reserve his right to object to this matter.

Defendant purports that Plaintiff was the only individual terminated from his location for not meeting his sales goals, but refuses to produce documentation to support that purportedly legitimate, nondiscriminatory reason.   There are two (2) non-mutually-exclusive evidential possibilities: that (i) Plaintiff was not the only individual terminated for not meeting Defendant's sales goals; and/or that (ii) Plaintiff was the only individual that did not attain the sales goals (and that would be because they were arbitrary and far too high to attain in the very short time that Defendant allotted to him for improvement).   Plaintiff has been seeking the performance improvement plans of Plaintiff's former colleagues since October 2012.   Such information and/or documentation is responsive to Plaintiff's Document Request No. 2, which seeks "[t]he complete personnel file of any former direct supervisor or manager of Plaintiff and any employee of Defendants' in the greater New York area who has been disciplined for failing to meet sales quotas."   Further, Plaintiff's *Document Requests and Interrogatories* were prefaced with instructions, including one which directed that "[i]f any of the[] interrogatories [could not] be answered in full, [then that Defendant must] answer to the extent possible, specify the reasons for [Defendant's] inability to answer the remainder, and state what information, knowledge or belief [Defendant] ha[s] concerning the unanswered portion," and another which states that "[i]f any documents cannot be produced in full, produce to the extent possible specifying the reasons for the inability to produce the remainder.   This document request is a continuing one.   If, after producing documents, [Defendant] obtain[s] or become[s] aware of any further documents responsive to this request, [Defendant is] required to produce such additional documents."   <u>This</u>

<u>was not Plaintiff's first attempt at obtaining this discovery.  It was Plaintiff's attempt to further specify what he sought.</u>

Magistrate Judge Tomlinson denied Plaintiff's multiple requests to such data.  Her honor directed that because Plaintiff did not seek such discovery regarding "comparators," that Plaintiff was not entitled to it.  *Conf Tr.* 32:15.

On Monday, March 11, 2013, Defendant requested from Magistrate Judge Tomlinson a pre-motion conference in advance of its intended motion for summary judgment.  Plaintiff contends that if he is not supplied with responsive discovery, that he is hobbled in attempting to fully oppose any dispositive motion.  Plaintiff would however oppose such a motion with respect to Fed. R. Civ. P. 56(d).

Although Plaintiff made repeated efforts to make his discovery demands clear, Defendant still at certain points made deliberate efforts to avoid speaking to Plaintiff by telephone.  Mean-

while, Plaintiff voluntarily made efforts again and again in order to narrow his discovery demands.[4]

Plaintiff's December 19, 2012 *Notice of Deposition* of a FED. R. CIV. P. 30(b)(6) witness sought "testimony from [Defendant's] [FED. R. CIV. P.] 30(b)(6) **witnesses** on . . . [a]ll affirmative defenses asserted by [Defendant]." *See Plaintiff's December 19, 2012 Notice to Take Deposition upon Oral Examination*, annexed hereto as *Ex. E* at 3 (emphasis added). As is clear from the *Notice*, the quantity of witnesses that Plaintiff sought was not singular. It was indefinitely plural; Plaintiff sought as many witnesses as Defendant may have required in order to obtain testimony regarding all Defendant's asserted affirmative defenses, including those of Defendant's November 14, 2012 *Answer to Complaint with Affirmative Defenses*.

--------

[4] An illustrative example of Plaintiff repeatedly and voluntarily narrowing the scope of discovery sought the evolution of this request regarding similar terminations:

1. October 8, 2012: *Interrogatory No. 4* requested that Defendant "[identify] every employee who has worked for Defendant[] in the greater New York area from 2005 until the time Plaintiff [Friedmann] was terminated, and each individual's age, gender, and term of employment";

2. January 18, 2013: *Motion to Compel* ¶ (ii) at 2 narrowed the request to "[t]he identity of each and every employee who has worked for Defendant[] in New York State from 2005 until the time Plaintiff was terminated including each individual's age and term of employment";

3. January 23, 2013: [*First*] *Amended Motion to Compel* ¶ (ii) at 2 again narrowed the request further to "[t]he identity of each and every employee who has worked for Defendant[] in New York State from 2005 until the time Plaintiff was terminated including each individual's age at the end of their employment"; and finally,

4. February 8, 2013: *Second Amended Motion to Compel* ¶ (ii) at 2 requested only the "[d]isclosure of the identity of each and every employee who has worked for Defendant from 2005 until the time Plaintiff was terminated including each individual's age and purported reason for termination for those terminations that occurred in New York City or any of the following New York State counties: (i) Westchester; (ii) Nassau; and (iii) Suffolk."

Magistrate Judge Tomlinson provided that a FED. R. CIV. P. 30(b)(6) witness does not "have to have firsthand information in anything." *See Conf. Tr.* at 14:6–8.  However, Plaintiff's *Notice of Deposition*, which Her Honor reviewed at the Conference, specifically and explicitly sought testimony regarding Defendant's asserted affirmative defenses from their 30(b)(6) witnesses, it is Plaintiff's understanding that in this case, a 30(b)(6) would have had to have firsthand information regarding this action.  To that end, Plaintiff renews the request for appropriate and proper FED. R. CIV. P. 30(b)(6) witnesses pursuant to Plaintiff's *Notice of Deposition* and respectfully requests that discovery be reopened for such a deposition.

Plaintiff's *Motion to Compel* ¶¶ (vii)–(viii) at 2–3 seeks emails regarding Plaintiff would have been dropped long ago; it is indeed "broad" as Magistrate Judge Tomlinson described it. Nevertheless, Defendant produced paper copies of fewer than a dozen emails responsive to the request and represented that it was a complete production.  Plaintiff is at a loss to understand how after years in the service of Defendant there could be so few responsive instances of electronically-stored information.  Plaintiff therefore repeated his request that all of the individuals who participated in the search for responsive discovery swear to a complete production.  Defendant's counsel representing an unbelievable purported fact is insufficient.  *See Motion to Compel* (*Ex. F*) ¶¶ (vii)–(viii) at 2–3 and n.8 at 3.

Magistrate Judge Tomlinson did not require the individuals who performed the searches for responsive discovery to swear to the comprehensiveness of Defendant's production.  (Plaintiff respectfully reminds the Court of the deficiency of the *Conf. Tr.*  Nevertheless, had Her Honor ordered such a verification, one would surmise that it would have occurred in *Conf. Tr.* at 21:9, but it is clear from only context that no such order issued.)

## CONCLUSION

For the reasons stated herein and for the benefit of a fulsome discovery as the authors of the FED. R. CIV. P. intended, Plaintiff respectfully requests that this Court remand the above de-cisions of Magistrate Judge Tomlinson.

Dated: New York, New York
        March 20, 2013

                                        _____
                                                s/
                                        Walker G. Harman, Jr. [WH-8044]
                                        Peter J. Andrews [PA-3295]
                                        THE HARMAN FIRM, PC
                                        *Attorneys for Plaintiff*
                                        200 West 57th Street, Suite 900
                                        New York, New York 10019
                                        (212) 425-2600
                                        wharman@theharmanfirm.com
                                        pandrews@theharmanfirm.com