# NIXON PEABODY LLP
ATTORNEYS AT LAW

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500
Fax: (516) 832-7555
Direct Dial: (516) 832-7613
E-Mail: tdaub@nixonpeabody.com

June 4, 2013

**VIA ECF AND FEDERAL EXPRESS**

The Honorable Leonard D. Wexler
United States District Judge
United States District Court for the
 Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

      RE: **Lawrence I. Friedmann v. Raymour Furniture Co., Inc., et al.**
            **12 Civ. 1307 (LDW)(AKT)**

Dear Judge Wexler:

      As you know, this firm represents defendant Raymour Furniture Company, Inc., d/b/a Raymour & Flanigan Furniture ("Defendant") in connection with the above-referenced matter. We write in response to plaintiff Lawrence Friedmann's ("Plaintiff") May 28, 2013 letter regarding his request for certain documents after the close of discovery.

      By way of background, in his Complaint, Plaintiff, who worked as a Sales Associate for Defendant, alleged that he was placed on a performance improvement plan, along with eight other employees in May 2011, based on low sales figures. (See Docket Entry No. 1, at ¶ 32). Although Plaintiff initially made this Complaint allegation, during the eight months of discovery in this case that followed, Plaintiff never made any discovery requests relating to these employees.

      During the course of discovery, Plaintiff repeatedly failed to comply with Magistrate Tomlinson's discovery orders in that he, among other things, did not serve initial disclosures, discovery requests or responses to Defendant's discovery requests within the time frames set by the Court. Eventually, Plaintiff filed a motion to compel on January 18, 2013. After the Court rejected the motion based on Plaintiff's failure to certify compliance with Local Rule 37.3, Plaintiff later amended such motion on January 23, 2013. These motions did not seek any documents relating to the performance improvement plans of other employees. (See Docket Entries Nos. 32 and 34).

14490276.2

Thereafter, on February 25, 2013, the last day of fact discovery, Plaintiff's counsel sent Magistrate Tomlinson a letter, making additional "requests" for documents allegedly based on new information, while admitting that he again had not conferred with Defendant's counsel prior to submitting the letter. This letter set forth the only request Plaintiff has ever made or raised with Magistrate Tomlinson regarding performance improvement plans, requesting: "[t]he performance improvement or coaching plans for Rafael and Karen." (See Docket Entry No. 41).

During a status conference the next day, on February 26, 2013, although this issue was not a subject of Plaintiff's motion to compel, Magistrate Judge Tomlinson allowed Plaintiff to argue this point.[1] After hearing argument on the issue, Magistrate Tomlinson correctly rejected Plaintiff's claim that the coaching plans for Rafael and Karen were "new information" of which Plaintiff was unaware until a deposition close to the end of discovery, because Plaintiff's own Complaint alleged that he had knowledge of performance improvement plans of other employees. Magistrate Tomlinson properly ruled that Plaintiff should have requested these documents earlier in discovery and, thus, Defendant was not required to produce the plans for these two employees.

On March 11, 2013, Defendant filed a letter with Your Honor, requesting a pre-motion conference or briefing schedule for its motion for summary judgment. In the letter, Defendant outlined the basis of its motion. Plaintiff failed to file any response.

Instead, on March 20, 2013, Plaintiff untimely filed objections to Magistrate Tomlinson's discovery rulings. As relevant to the performance improvement plans for Rafael and Karen, Plaintiff asserted that that one of his document requests – which sought all personnel files and disciplines for hundreds if not thousands of employees in the greater New York area – would have encompassed these particular documents.[2] There is no dispute that Defendant objected to this document request, Plaintiff never attempted to meet and confer with Defendant on this issue, and Plaintiff did not raise this request as part of his motion to compel.

In opposition to Plaintiff's untimely objections, Defendant filed a letter with Your Honor, explaining the reasons why Magistrate Tomlinson's discovery rulings were correct, were not "contrary to law," and should be upheld. (See Docket Entry No. 49).

---

[1] Although this document request was not a part of Plaintiff's motion to compel, during the February 26, 2013 conference, Magistrate Judge Tomlinson requested that the parties attempt to resolve these issues on their own. Despite Plaintiff's belated attempt to raise these issues, at the conference after discussion with Plaintiff's counsel, Defendant agreed to produce certain documents relating to other employees, and thereafter produced such documents to Plaintiff's counsel.

[2] Furthermore, a performance improvement plan is not "discipline." See Parinello v. Bausch & Lomb, 2013 U.S. Dist. LEXIS 55379, at *25 (W.D.N.Y. Apr. 17, 2013).

On March 25, 2013, this Court so-ordered the proposed briefing schedule for Defendant's motion for summary judgment. On May 3, 2013, in accordance with the briefing schedule set by the Court, Defendant served its motion for summary judgment.

On May 21, 2013, the parties appeared for a Pretrial Conference before Magistrate Tomlinson. In addition, in accordance with this Court's directive, the parties then reported for a conference before Your Honor, to address Plaintiff's objections to Magistrate Tomlinson's discovery rulings.

During the conference with Your Honor on May 21, 2013, Plaintiff's counsel indicated his objections were focused on obtaining performance improvements plans of other employees (i.e., his belated request for performance or coaching plans for Rafael and Karen). Defendant pointed out, again, that Plaintiff's failure to request these documents during discovery could not be excused by lack of knowledge, since Plaintiff's own Complaint alleges that he had knowledge of eight other employees on performance improvement plans. When Your Honor asked Plaintiff's counsel for more information about the employees, Plaintiff's counsel stated that during the deposition of Plaintiff's former supervisor, she testified that approximately seven or eight other employees were placed on plans in May 2011. However, when Your Honor asked Plaintiff's counsel for the names of these employees, Plaintiff's counsel could not come up with a single name, despite having made this allegation in his Complaint and despite being provided with time during a break in the conference to review the deposition transcript of Plaintiff's former supervisor.

Because of Plaintiff's counsel's failure to provide a single name, the Court provided Plaintiff's counsel with a week's time to provide Defendant with the names of these 7 to 8 employees who were on performance improvement plans in May 2011. Disregarding these instructions, on May 28, 2013, Plaintiff's counsel filed a letter with the Court listing the names of 10 employees who allegedly had "low sales figures" at the time of Plaintiff's termination in June 2011. (See Docket Entry No. 60). This list of ten employees included many names that Plaintiff has never raised at any time in this litigation – including in response to Defendant's questions during his deposition about the identity of the eight other employees alleged in his Complaint to be on performance improvement plans. In Plaintiff's letter to the Court, he failed to identify the name of any employee on a performance improvement plan in May 2011. Thus, more than three months after the close of discovery, Plaintiff is now apparently seeking even more documents that are well beyond the scope of the two performance improvement plans, for Rafael and Karen, he belatedly requested in a letter to Magistrate Tomlinson on the final day of discovery.

Under Federal Rules of Civil Procedure ("FRCP") Rule 72(a), the district court should "consider <u>timely</u> objections" and set aside any order that is "<u>clearly erroneous</u> or is <u>contrary to law</u>." FRCP 72(a) (emphasis added). As detailed in Defendant's response to Plaintiff's objections to Magistrate Tomlinson's discovery rulings, Plaintiff's objections were untimely, as

The Honorable Leonard D. Wexler
June 4, 2013
Page 4

they were filed more than 14 days after Magistrate Tomlinson issued her rulings. See FRCP 72(a). Moreover, Magistrate Tomlinson's rulings were well reasoned and neither clearly erroneous nor contrary to law.

However, in an attempt to resolve this matter, Defendant will agree to produce to Plaintiff the coaching plans for Karen and Rafael, the two employees for whom Plaintiff made discovery "requests" to Magistrate Tomlinson on the final day of discovery. This was the only issue Plaintiff submitted to Magistrate Tomlinson regarding performance improvement plans and the only issue within the scope of Plaintiff's pending objections. Defendant will produce these documents, Bates stamped D000507 – D000510 and marked "Confidential" pursuant to the Confidentiality Stipulation and Order executed by the parties, under separate cover by the close of business today.

In light of the foregoing, Plaintiff's objections to Magistrate Tomlinson's discovery rulings are now moot. Defendant requests that Plaintiff be directed to promptly serve opposition papers, if any, in response to Defendant's motion for summary judgment. Should Your Honor require any additional information, please do not hesitate to contact us. Thank you in advance for your attention to this matter.

Respectfully submitted,

/S/

Tara Eyer Daub
Jessica Chiclacos

cc: Walker G. Harman, Jr., Esq. (via ECF)

14490276.2

NIXON PEABODY LLP