UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAWRENCE I. FRIEDMANN,

                                        Plaintiff,

            - against -

RAYMOUR FURNITURE CO., INC., and LUCY
GOLDSTEIN, individually.

                                        Defendants.

12 CV 1307
(LDW) (AKT)

**DEFENDANT RAYMOUR & FLANIGAN'S
REPLY MEMORANDUM OF LAW IN FURTHER
<u>SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

**NIXON PEABODY LLP**

50 Jericho Quadrangle
Jericho, New York 11753
(516) 832-7500

*Attorneys for Defendant
Raymour Furniture Company, Inc.,
d/b/a Raymour & Flanigan
Furniture*

Of Counsel:
    Tara Eyer Daub, Esq.
    Jessica Chiclacos, Esq.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ...........................................................................................................2

    POINT I

            PLAINTIFF'S AGE DISCRIMINATION CLAIM MUST BE
            DISMISSED BECAUSE HE HAS FAILED TO
            DEMONSTRATE THAT THERE IS A GENUINE
            ISSUE FOR TRIAL ..............................................................................2

          A.  Plaintiff Offers No Evidence to Establish a *Prima Facie*
             Case of Age Discrimination..............................................................2

          B.  There is No Record Evidence to Suggest that Defendant's
             Legitimate, Non-Discriminatory Reason for Plaintiff's
             Discharge is a Pretext for Age Discrimination .................................4

    POINT II

            PLAINTFF'S DISABILITY ACCOMMODATION
            CLAIM FAILS....................................................................................7

          A.  The Continuing Violation Doctrine Does Not Apply to
             Plaintiff's Accommodation Requests and, Thus,
              His Claim is Time-Barred..................................................................8

          B.  There is No Record Evidence that Plaintiff was
             Denied Accommodations....................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Aztar Corp. v. New York Enter., LLC,
  15 F. Supp. 2d 252 (E.D.N.Y. 1998), aff'd, 210 F.3d 354 (2d Cir. 2000)................................1

Barkley v. Penn Yan Cent. Sch. Dist.,
  2011 U.S. App. LEXIS 18535 (2d Cir. Sept. 6, 2011) .............................................................6

Brink v. Union Carbide Corp.,
  2000 U.S. App. LEXIS 7150 (2d Cir. Apr. 18, 2000) ..............................................................6

Butler v. Raytel Med. Corp.,
  2005 U.S. App. LEXIS 20987 (2d Cir. Sept. 27, 2005) ...........................................................5

Ciullo v. Yellow Book, USA, Inc.,
  2012 U.S. Dist. LEXIS 93912 (E.D.N.Y. July 6, 2012)..........................................................10

Davis v. New York Office of Mental Health,
  2009 U.S. Dist. LEXIS 121365 (E.D.N.Y. Dec. 31, 2009) ......................................................9

Duviella v. Jet Blue Airways,
  2009 U.S. App. LEXIS 24895 (2d Cir. Nov. 12, 2009)............................................................6

Fried v. LVI Servs,
  2012 U.S. App. LEXIS 21244 (2d Cir. Oct. 15, 2012).............................................................4

Garofalo v. Verizon New York, Inc.,
  2012 U.S. Dist. LEXIS 148388 (E.D.N.Y. Oct. 3, 2012) (LDW) ............................................8

Giallanza v. Time Warner Cable,
  2009 U.S. Dist. LEXIS 27086 (W.D.N.Y. Mar. 30, 2009).....................................................10

Graham v. L.I.R.R.,
  230 F.3d 34 (2d Cir. 2000)........................................................................................................7

Gross v. FBL Financial Srvcs., Inc.,
  557 U.S. 167 (2009)...................................................................................................................4

Hyek v. Field Support Serv, Inc.,
  702 F. Supp. 2d 84 (E.D.N.Y. 2010) ........................................................................................3

Lipka v. Potter,
  2006 U.S. Dist. LEXIS 22960 (W.D.N.Y. Mar. 28, 2006)......................................................9

Livingston v. Adecco,
  2005 U.S. Dist. LEXIS 43346 (E.D.N.Y. Sept. 21, 2005).......................................................6

Marullo v. Ellerbe Becket, Inc.,
    2001 U.S. Dist. LEXIS 3826 (E.D.N.Y. Mar. 16, 2001) ..........................................................3

Maya v. Bronx Comm. Coll.,
    2011 U.S. Dist. LEXIS 72997 (S.D.N.Y. July 6, 2011) ...........................................................6

O'Connor v. Viacom, Inc.,
    1996 U.S. App. LEXIS 32986 (2d Cir. Dec. 16, 1996) ...........................................................3

Quinn v. Green Tree Credit Corp.,
    159 F.3d 759 (2d Cir. 1998)......................................................................................................8

Robinson v. City of N.Y.,
    2012 U.S. Dist. LEXIS 172136 (S.D.N.Y. Dec. 3, 2013) ........................................................6

Stuevecke v. The New York Hosp. Med. Ctr. of Queens,
    2003 U.S. Dist. LEXIS 14793 (E.D.N.Y. Aug. 26, 2003).......................................................9

Universal Calvary Church v. City of New York,
    2000 U.S. Dist. LEXIS 17037 (S.D.N.Y. Nov. 28, 2000) .......................................................1

## PRELIMINARY STATEMENT

Defendant Raymours Furniture Company, Inc., d/b/a Raymour & Flanigan Furniture, by its attorneys Nixon Peabody LLP, submits this reply memorandum of law, and the accompanying Declarations of Patricia Delgenio and Tara E. Daub, Esq., with exhibits, in further support of its motion, pursuant to Rule 56, for an Order granting summary judgment and dismissing the Complaint of plaintiff Lawrence Friedmann in its entirety.

In opposition to Defendant's motion, Plaintiff fails specifically to deny the vast majority of the statements in Defendant's 56.1 Statement.  Even where he purports to do so, he fails to cite record evidence, as required, to support his purported denials and instead offers supposition, conjecture, or gross distortions of the record, all of which are insufficient to raise genuine issues of fact.[1]  As such, Plaintiff's "Statement of Material Facts in Dispute" fails to comport with Rule 56 and Local Rule 56.1, and the undisputed facts in Defendant's 56.1 Statement should be deemed admitted.[2]  Critically, Plaintiff admits that the following dispositive facts are undisputed:

1. As a commissioned Sales Associate, Plaintiff's primary duty was the sale of merchandise to customers and he was required to produce annually a minimum of $750,000 in delivered sales, actually delivered to customers each year.  (Rule 56.1 ¶ 13, 14.)

2. Plaintiff's sciatica flare-up in 2010 lasted six months, from approximately March 2010 through August 2010.  (Rule 56.1 ¶¶ 35-36.)  After August 2010, Plaintiff was "fully recovered" from the flare up "within 30 days or so," by September 2010.  (Rule 56.1 ¶¶ 36-37; Pl. Dep. 110.)

---

[1]   Local Rule 56.1(c) and (d) provides that "unless specifically controverted" and "followed by citation to evidence" the moving party's statement of material fact "will be deemed admitted." Plaintiff's failure to follow these rules requires that Defendant's statements be admitted.  See Aztar Corp. v. New York Enter., LLC, 15 F. Supp. 2d 252, 254 n.1 (E.D.N.Y. 1998), aff'd, 210 F.3d 354 (2d Cir. 2000); Universal Calvary Church v. City of New York, 2000 U.S. Dist. LEXIS 17037, at *6 n.5 (S.D.N.Y. Nov. 28, 2000).

[2]   At a minimum, the following facts set forth in Defendant's 56.1 Statement, with citation to the record, must be deemed admitted:  ¶¶ 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 35, 36, 38, 40, 41, 44, 45, 46, 47, 48, 49, 51, 54, 55, 56, 58, 59, 65, 68, 69, 70.

3. After his flare-up ended by August 2010, Plaintiff did not suffer from another flare-up during the remainder of his employment, and did not need or request any accommodations after his "full recovery" by in or about September 2010.  (Rule 56.1 ¶¶ 38, 39.)

4. By May 7, 2011, Plaintiff's 2011 year-to-date delivered sales were $53,537 below the minimum expectation for that point in the year.  (Rule 56.1 ¶¶ 43, 47.)  After receiving multiple performance improvement plans and goals, as of June 18, 2011, the date of discharge, Plaintiff's delivered sales for 2011 year-to-date remained $52,221 below expectation.  (Rule 56.1 ¶ 47, 51, 56, 58, 62.)

5. Plaintiff's manager, Lucy Goldstein, was 66 years old on February 22, 2013.  (Rule 56.1 ¶21.)  Ms. Goldstein made the decision to terminate Plaintiff's employment effective June 18, 2011.  (Rule 56.1 ¶ 64.)  Prior to these events, Ms. Goldstein had approved Plaintiff's transfer request in 2006 and had chosen Plaintiff to join her at Defendant's Garden City location in 2008 when he was 67 years old, presenting him with the opportunity to work in a higher sales volume location and earn higher commissions.  (Rule 56.1 ¶¶ 16, 17, 24-27.)

Because these material facts (along with many others) remain undisputed, Defendant's motion for summary judgment should be granted in its entirety.

## ARGUMENT

## POINT I

## PLAINTIFF'S AGE DISCRIMINATION CLAIM MUST BE DISMISSED BECAUSE HE HAS FAILED TO DEMONSTRATE THAT THERE IS A GENUINE ISSUE FOR TRIAL

As detailed in Defendant's moving papers, Defendant is entitled to summary judgment on Plaintiff's age discrimination claim for three independent reasons:  (1) Plaintiff cannot establish a *prima facie* case because the record is devoid of any facts that would support an inference of age discrimination; (2) he concedes that Defendant had a legitimate business reason for terminating his employment, i.e., that his sales were far below the minimum goals required of a Sales Associate; and (3) Plaintiff cannot demonstrate either that this proffered reason is false or that age discrimination was the "but for" cause of Ms. Goldstein's decision to terminate his employment.

**A.**   **Plaintiff Offers No Evidence to Establish a *Prima Facie* Case of Age Discrimination**

Plaintiff cannot establish a *prima facie* case of age discrimination because the following undisputed facts not only undercut any possible inference of discrimination but support an inference

- 2 -

14519428

that no discrimination occurred:  (1) Plaintiff was 64 years old when Defendant hired him in October 2005; and (2) Ms. Goldstein (66 years old and close in age to Plaintiff), who was responsible for placing Plaintiff on performance improvement plans and terminating his employment in 2011, is the same actor who both approved Plaintiff's transfer to the Carle Place location when he was 65 years old and made the decision to hire Plaintiff for the Garden City showroom when he was 67 years old in 2008.  (Rule 56.1 ¶¶ 11, 17, 19, 21, 25-27, 46, 56, 64).

Plaintiff's argument that the same-actor inference should not apply simply because Ms. Goldstein did not also originally hire him in 2005 (Pl. Mem. 12), ignores the undisputed facts and settled law.  In the Second Circuit, a defendant is entitled to the same-actor inference even where the person who made the discharge decision did not originally hire the plaintiff.  See Hyek v. Field Support Serv., Inc., 702 F. Supp. 2d 84, 101 (E.D.N.Y. 2010) (holding that the same-actor inference applied because the same individual promoted the plaintiff, authorized salary increases and then terminated her employment); Marullo v. Ellerbe Becket, Inc., 2001 U.S. Dist. LEXIS 3826, at *17 (E.D.N.Y. Mar. 16, 2001) (applying the same-actor inference when the same individual approved the plaintiff's transfer request and terminated his employment).

Plaintiff's attempt to taint Ms. Goldstein's termination decision with ageist animus fares no better at raising an inference of discrimination.  Plaintiff alleges that:  (1) Ms. Goldstein referred to him as "old man"; (2) Ms. Goldstein asked him about his retirement plans; (3) Ms. Goldstein, after terminating his employment, told him to "enjoy [his] summer in the Hamptons"; and (4) Laura D'Ambrosio, Store Manager of the Carle Place showroom, said she was not looking for someone "with a few bucks in the bank" to work for her.  (Pl. Mem. 10-11).

Even if they occurred, these stray remarks do not raise an inference of discrimination because Plaintiff cannot demonstrate that any were "proximate and related to the employment decision in question."  O'Connor v. Viacom, Inc., 1996 U.S. App. LEXIS 32986, *9 (2d Cir. Dec.

16, 1996); see also Fried v. LVI Servs, 2012 U.S. App. LEXIS 21244, *3 (2d Cir. Oct. 15, 2012) (applying factors for analysis and holding that CEO's alleged comment about 71-year-old plaintiff's age and retirement plans, six weeks before termination, was "stray remark"). Plaintiff could not provide any details regarding the date, time or circumstances of Ms. Goldstein's alleged "old man" remark. Similarly, he testified that Ms. Goldstein asked about his age and retirement plans in February 2011, four months before her discharge decision. As such, these purported comments are remote and cannot be linked to Plaintiff's discharge on June 18, 2011. See id. (holding that six-week period was insufficient to show proximity and relatedness).

Finally, Plaintiff's warped interpretation of Ms. D'Ambrosio's alleged "few bucks in the bank" comment as being age-related is irrelevant. He lacks admissible evidence regarding what Ms. D'Ambrosio meant by her alleged comment and it is undisputed that Ms. D'Ambrosio played no role in the discharge decision. In light of the foregoing, Plaintiff has failed to establish a *prima facie* case of age discrimination and his claim should be dismissed.

**B.      There is No Record Evidence to Suggest that Defendant's Legitimate, Non-Discriminatory Reason for Plaintiff's Discharge is a Pretext for Age Discrimination**

Even assuming that Plaintiff can make out a *prima facie* case of age discrimination, he has no evidence from which a reasonable fact finder could conclude that Defendant's reason for his discharge is false or that age discrimination was the "but for" cause. See Gross v. FBL Financial Srvcs., Inc., 557 U.S. 167, 180 (2009). In opposition to this motion, Plaintiff admits that: (1) between January 2011 and May 2011, his 2011 year-to-date delivered sales were far below requirements; (2) by May 7, 2011, his 2011 delivered sales were deficient by $53,537; and (3) as of June 18, 2011, his delivered sales for 2011 remained $52,221 below expectation. (Rule 56.1 ¶¶ 42, 43, 47, 50, 52, 57, 58, 62). Thus, Plaintiff admits that Defendant's reason for his discharge is true.

Against the backdrop of the strong inferences against age discrimination, discussed above, and Plaintiff's admissions regarding his deficient 2011 sales, no reasonable jury could conclude that

- 4 -

age discrimination was the "but for" cause of his discharge.  He nevertheless argues that Ms. Goldstein acted "arbitrarily" in holding him accountable to maintain delivered sales consistent with a $750,000 minimum.  Specifically, he states – for the first time in opposition to Defendant's motion and in direct contravention of his deposition testimony – that although his *delivered* sales were below requirements, his higher *written* sales should have been taken into account.  (Pl. Aff. ¶ 20).[3]  Put another way, although conceding that he and other Sales Associates were required to produce a minimum of $750,000 in annual *delivered* sales (Rule 56.1 ¶ 14), and that simply "writing up an invoice" for merchandise did not count towards that number (Pl. Dep. 31), he seems to argue that Ms. Goldstein was required to let him continue performing at a deficient level until she could prove at year end that he did not attain $750,000.

To support this argument, Plaintiff cobbles together a series of assumptions lacking evidentiary support:  that given the remainder of 2011, he could have still met the $750,000 delivered sales requirement; that ten other employees, allegedly younger than him, had "sold less than $300,000" as of the date of his discharge but were not also discharged; and that, therefore, the only reason for his discharge must have been age discrimination.  (Pl. Aff. ¶ 19).  These speculative and conclusory allegations are inadmissible and cannot be considered on this motion.[4]

---

[3]   To the extent Plaintiff's Affidavit contradicts his deposition testimony, the Court should ignore it pursuant to the federal sham affidavit doctrine.  See, e.g., Butler v. Raytel Med. Corp., 2005 U.S. App. LEXIS 20987, at *2 (2d Cir. Sept. 27, 2005).

[4]   Plaintiff's assertion that he cannot adequately oppose Defendant's motion because the Court "denied" him certain discovery (Pl. Mem. 5) is meritless.  Plaintiff previously raised this issue with the Court in connection with objections he filed with this Court to Magistrate Tomlinson's discovery rulings.  (See Docket Entry No. 46).  On June 5, 2013, this Court denied Plaintiff's objections.  Plaintiff's effort to imply that Defendant did not produce the coaching plans referenced in Defendant's June 4, 2013 letter to the Court should be rejected as a blatantly false. (Pl. Mem. 14, n.2).  See Daub Reply Declaration, dated June 28, 2013.

- 5 -

14519428

Allegations of facts submitted in opposition to a motion for summary judgment motion must be anchored to admissible evidence.  Personal knowledge of matters alleged is mandated by the Rules and it is settled that affidavits submitted in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence…" FRCP 56(e); see also Barkley v. Penn Yan Cent. Sch. Dist., 2011 U.S. App. LEXIS 18535, at *10-11 (2d Cir. Sept. 6, 2011); Brink v. Union Carbide Corp., 2000 U.S. App. LEXIS 7150, at *4-5 (2d Cir. Apr. 18, 2000).

Here, Plaintiff's affidavit sets forth no evidentiary basis for his conclusion that he would have met the $750,000 delivered sales requirement by the end of the year (despite the significant deficiency he maintained as of June 2011);[5] nor does it set forth the basis of his claimed knowledge regarding other employees' ages and delivered sales.[6]  Thus, his affidavit should be disregarded. Furthermore, Plaintiff has adduced no evidence showing that the Sales Associates who Ms. Goldstein allegedly treated better than him are suitable comparators.  In fact, the evidence in the

---

[5]   To the extent Plaintiff argues that Ms. Goldstein mistakenly concluded that he could not meet the annual requirement, that is irrelevant.  A plaintiff cannot demonstrate pretext by attacking the prudence of the employer's decision to discharge him or by showing that it "was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent."  Duviella v. Jet Blue Airways, 2009 U.S. App. LEXIS 24895, at *3 (2d Cir. Nov. 12, 2009).

[6]   To the extent Plaintiff's affidavit is based upon out of court statements, such statements are inadmissible hearsay that cannot defeat Defendant's motion.  See Robinson v. City of N.Y., 2012 U.S. Dist. LEXIS 172136, at *16 (S.D.N.Y. Dec. 3, 2013) (disregarding as hearsay documents relied upon by plaintiff in opposition to summary judgment where the documents were not authenticated, comments on the documents were hearsay and no evidence was provided to give context to the documents); see also Maya v. Bronx Comm. Coll., 2011 U.S. Dist. LEXIS 72997, at *11 (S.D.N.Y. July 6, 2011) (granting summary judgment and concluding that plaintiff's testimony about a statement made by an unidentified employee is hearsay); Livingston v. Adecco, 2005 U.S. Dist. LEXIS 43346, at *45 (E.D.N.Y. Sept. 21, 2005) (plaintiff's testimony regarding what a coworker said about a document she received from the plaintiff's former supervisor was inadmissible hearsay).

record shows that Ms. Goldstein <u>did</u> terminate a younger employee for low sales.[7]  To allow comparison, "the plaintiff must show she was 'similarly situated in all material respects' to the individuals with whom she seeks to compare herself." <u>See</u> <u>Graham v. L.I.R.R.</u>, 230 F.3d 34, 39 (2d Cir. 2000).  The record is devoid of evidence relating to the other employees listed in Plaintiff's affidavit.  Indeed, there is no record evidence to establish any facts about these employees, including what supervisors they dealt with, how long they had worked in the Garden City showroom, how their work performance compared to Plaintiff's in terms of delivered sales and other metrics, or whether they even remained employed with Defendant.  The Court, therefore, should dismiss Plaintiff's age discrimination claim, with prejudice.

## POINT II

## <u>PLAINTIFF'S DISABILITY ACCOMMODATION CLAIM FAILS</u>

In opposing Defendant's motion, Plaintiff confirms that his ADA reasonable accommodation claim is incongruously based upon his alleged requests to sit down during his sciatica flare-up in 2010, which he did, and his failure to receive an unrequested downward adjustment to his sales goals for 2011, long after his "full recovery" from any disability in 2010. (Pl. Mem. 16-17).  Plaintiff again <u>admits</u> that he sat down at work in the showroom when his sciatica was bothering him in 2010, and that he never asked for any downward adjustment to his minimum sales goals.  (Rule 56.1 ¶¶ 34-35).  As set forth herein, Plaintiff cannot provide any viable legal theory or any record evidence to support this claim.

---

[7]   Even if the Court were to consider Plaintiff's inadmissible assertions about other Sales Associate's ages and "low sales," he cannot dispute Ms. Goldstein's testimony that she <u>did</u> in fact terminate an employee who was younger than Plaintiff for failure to meet sales goals – an employee more than 25 years younger than Plaintiff and Ms. Goldstein.  (<u>See</u> Delgenio Decl. ¶¶ 3-5; Goldstein at 60-61.).

14519428

**A.**     **The Continuing Violation Doctrine Does Not Apply to Plaintiff's**
            **Accommodation Requests and, Thus, His Claim is Time-Barred**

As Defendant has established, Plaintiff filed his EEOC Charge on October 21, 2011 and,

thus, any claims relating to events that occurred before December 25, 2010 – more than 300 days

prior to his EEOC filing – are time-barred.  See Quinn v. Green Tree Credit Corp., 159 F.3d 759,

765 (2d Cir. 1998); see also Garofalo v. Verizon New York, Inc., 2012 U.S. Dist. LEXIS 148388, at

*11-13 (E.D.N.Y. Oct. 3, 2012) (LDW).  During his deposition, Plaintiff testified:

> Q:     The complaint says that the flare-up started in March, correct?
>
> A:     Yes.
>
> Q:     And that your treatment began –
>
> A:     It began – March 3rd was the first time I went to the orthopedist, and **it went**
>        **through** it looks like **August, but there was not full recovery for another 30**
>        **days or so** because these – the physical therapy and the epidural injections really
>        take time before they restore you to complete normalcy.
>
> Q:     So by the end of **September of 2010**, you had a **full recovery** from this flare-up?
>
> A:     **Pretty much.**
>
> Q:     Did you ask anyone at Raymour & Flanigan for any kinds of assistance after the
>        flare-up ended?
>
> A.     **No.**

(Pl. Dep. at pp. 110-111) (emphasis added).

Any claims relating to events before December 25, 2010 are time-barred.  Based on

Plaintiff's unequivocal deposition testimony, there is no alleged denial of any requested

accommodation after the flare-up ended in August 2010; and, in fact, there is not even an alleged

disability to support any accommodation claim after his "full recovery" by late September 2010.

Plaintiff largely admits this and offers no record evidence to the contrary.  (56.1 ¶¶ 36-37.)  As

Plaintiff has not properly controverted Defendant's statement with a citation to admissible evidence,

this fact should be deemed admitted.   Thus, his accommodation claim is solidly time-barred.

14519428

Plaintiff attempts to argue, without authority, that the continuing violation theory should apply to a denial of accommodation claim if the plaintiff is later discharged.  Plaintiff's argument is directly contrary to well established law.  Each of his alleged requests for an accommodation were discrete acts that <u>cannot</u> support a continuing violation theory.[8]  <u>See</u> <u>Davis v. New York Office of Mental Health</u>, 2009 U.S. Dist. LEXIS 121365, at *6 (E.D.N.Y. Dec. 31, 2009) (holding that failure to accommodate was a discrete act and continuing violation doctrine could not apply); <u>see also</u> <u>Lipka v. Potter</u>, 2006 U.S. Dist. LEXIS 22960, at *13-14 (W.D.N.Y. Mar. 28, 2006) (same).  Here, Plaintiff's alleged requests to sit down – which he admittedly did – are discrete acts.

Finally, Plaintiff's claim has always been, and remains, that he was denied accommodation for a disability in 2010.  (Pl. Mem. 16).  While he refers to his termination, Plaintiff has confirmed that he does not intend to assert (even if he could) that he was terminated in "retaliation" for allegedly requesting to sit down long ago, at least ten months earlier.[9]  Under these circumstances, Plaintiff's claims are time-barred and should be dismissed.

**B.    There is No Record Evidence that Plaintiff was Denied Accommodations**

Even assuming that Plaintiff's sciatica rose to the level of an ADA disability prior to his full recovery by September 2010, Plaintiff cannot point to a scintilla of record evidence that demonstrates that he was denied a reasonable accommodation during any period of disability.

---

[8]    Making the same argument differently, Plaintiff also argues that his accommodation claim should be deemed timely because his June 2011 discharge, ten months after his flare-up ended in August 2010, was part of an "ongoing policy of discrimination."  (Pl. Mem. 18).  Again, the fact that Plaintiff's termination occurred ten months later, within the 300-day window, is immaterial to the timeliness of a claim based on earlier alleged discrete acts.  <u>See</u> <u>Stuevecke v. The New York Hosp. Med. Ctr. of Queens</u>, 2003 U.S. Dist. LEXIS 14793, at *9-10 (E.D.N.Y. Aug. 26, 2003) (rejecting application of continuing violation with respect to untimely ADA accommodation claims where plaintiff's termination was within limitations period).

[9]    Plaintiff concedes, emphatically, that he does not assert a retaliation claim. (Pl. Mem. 22). Such a claim, therefore, is foreclosed.

14519428

Plaintiff argues that he was "chastised" for sitting down and that Defendant did not "consider" the impact the breaks taken in 2010 would have on his sales. (Pl. Mem. 17). First, the undisputed record evidence establishes that Defendant took no employment actions based on Plaintiff's 2010 sales. Plaintiff admits that all of the performance improvement plans beginning in May 2011 were focused on bringing his 2011 sales up to minimum expectations. Plaintiff received every accommodation that he claims to have been denied.

Second, Plaintiff admits that he <u>never</u> asked for any adjustment to his minimum sales goals. (Pl. Dep. 154-155). To the extent Plaintiff believes that he should have been exempted from meeting applicable sales goals in 2011 or indefinitely – many months after his full recovery in 2010 and without request – Plaintiff misunderstands the law. Even for an employee with a disability, such accommodation is not required. <u>See</u> <u>Ciullo v. Yellow Book, USA, Inc.</u>, 2012 U.S. Dist. LEXIS 93912, at *36 (E.D.N.Y. July 6, 2012); <u>see also</u> <u>Giallanza v. Time Warner Cable</u>, 2009 U.S. Dist. LEXIS 27086, at *29 (W.D.N.Y. Mar. 30, 2009) (granting summary judgment on the plaintiff's ADA claim and noting that the employer did not have to accommodate a reduction in the plaintiff's sales quotas).

In light of the foregoing, Plaintiff's disability accommodation claim under the ADA is untimely and fails as a matter of law. Accordingly, Plaintiff's claim should be dismissed.

Dated: June 28, 2013
   Jericho, New York

**NIXON PEABODY LLP**

      /s/
By: _____
   Tara Eyer Daub (TE-7943)
   Jessica Chiclacos (JG-2534)

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500
tdaub@nixonpeabody.com
jchiclacos@nixonpeabody.com

- 10 -

14519428