UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAWRENCE I. FRIEDMANN,

                                        Plaintiff,

- against -

RAYMOUR FURNITURE CO., INC., and LUCY GOLDSTEIN, individually,

                                        Defendants.

**DECLARATION OF PATRICIA DELGENIO**

12 CV 1307
(LDW) (AKT)

     **PATRICIA DELGENIO**, declares under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

     1.     I am presently employed by defendant Raymours Furniture Co., Inc., ("Raymour & Flanigan"), as a Vice President of Human Resources. I have held this position since October 1, 2011. Before that date, and since May 15, 2006, I held the position of Manager and then Director of Human Resources for the company's New York metropolitan market, which included the Garden City showroom where Plaintiff Lawrence Friedmann ("Plaintiff") worked. As such, based upon my personal knowledge and from a review of Raymour & Flanigan's business records, I am fully familiar with the facts set forth herein.

     2.     As a Vice President of Human Resources, my duties and responsibilities include, but are not limited to, overseeing the human resources support function, managing employment relations matters and knowing about the hiring, discipline and discharge of employees in the New York metropolitan market..

     3.     I understand that, in connection with this matter, Lucy Goldstein testified that at some point between October 2008 and August 2011, during her tenure as the Garden City Store

14520367.1

Manager, she terminated the employment of an employee much younger than Plaintiff for failure to meet sales goals. I further understand that Ms. Goldstein could not recall this employee's name.

4. Following Ms. Goldstein's deposition, I reviewed Raymour & Flanigan's business records and ascertained that the individual to whom Ms. Goldstein referred during her deposition was Angelo Rodriguez. Upon my review of Mr. Rodriguez's personnel file, which is a business record that Raymour & Flanigan maintains in the ordinary course of its business, I learned that Ms. Goldstein placed him on a "Coaching for Success" plan on November 11, 2010, due to his failure to meet the sales goals required of Sales Associates, and that Ms. Goldstein ultimately terminated Mr. Rodriguez's employment on January 31, 2011, due his continued failure to meet sales goals. (Copies of the "Coaching for Success" plan dated November 11, 2010 and Mr. Rodriguez's termination report dated January 31, 2011 are attached hereto as Exhibits A and B, respectively.) I also understand that copies of these documents were produced to Plaintiff during discovery in this matter.

5. In addition, I reviewed Mr. Rodriguez's personnel file and learned that he was 41 years of age at the time of his termination in January 2011.

Dated: June 2_, 2013

_____
Patricia Delgenio