# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

July 3, 2013

**VIA ECF**
Hon. Leonard D. Wexler
United States District Court for the
  Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

      **Re:**   *Friedmann v. Raymour Furniture et al.*,
            **12 CV 1307 (LDW)(AKT)**

Dear Judge Wexler:

      We represent the Plaintiff, Lawrence I. Friedmann, in the above-referenced matter, wherein the Complaint describes him being fired the day after he turned 70 for his perceived age and disability.

      We are writing the Court regarding the Declaration of Patricia DelGenio dated June 28, 2013, which accompanied Defendant's Reply in Further Support of their Motion for Summary Judgment (Docket Entries 75, 75-1, and 75-2).

      Pursuant to this Court's Amended Rules, ¶ 2.B., Plaintiff respectfully requests a pre-motion conference[1] in order to move to strike the three (3) documents from the record. Plaintiff requests such relief for two (2) primary reasons:

(i)    The Declaration[2] was not "made on personal knowledge" and contains hearsay. FED. R. CIV. P. 56(e); *see also Advantage Title Agency v. Karl*, 363 F. Supp. 2d 462, 465 (E.D.N.Y. 2005); *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line*, 391 F.3d 77, 83 (2d Cir. 2004). It was made in response to second-hand information including, "I understand that . . . Lucy Goldstein testified"; and "I reviewed Raymour & Flanigan's business records and ascertained [the identity of] the individual to whom Ms. Goldstein referred during her deposition" even though the "affiant" did not attend the deposition and is only an employee of Defendant; and

---

[1] Plaintiff would request leave to move to strike if the Court were to allow. It is Plaintiff's opinion that the information in this letter supersedes the need for a pre-motion conference.

[2] The Declaration was submitted by a non-attorney and as such, should more properly have been a sworn affidavit.

    (ii)    The Declaration sets forth new information Defendant's Reply papers, including the name of the person whose identity Plaintiff has sought since 2012. It thus prevented Plaintiff from addressing it in his Opposition. " '[I]t is well settled . . . that a party may not raise an argument for the first time in a reply brief.' " *Harvey v. Bennett*, 98 CV 7814 (CPS), 2009 WL 2568551, *4, n.1 (E.D.N.Y. Aug. 19, 2009) (quoting *Concepcion v. U.S.*, 181 F. Supp. 2d 206, 231 (E.D.N.Y. 2002)); *see also Evangelista v. Ashcroft*, 359 F.3d 145, 156 n.4 (2d Cir. 2004) (which, in citing *U.S. v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003), observes that the Second Circuit "will not consider an argument raised for the first time in a reply brief."); *Fairfield Fin. Mortg. Grp. v. Luca*, 584 F. Supp. 2d 479, 487, n.4 (E.D.N.Y. 2008) (arguments "raised for the first time in reply papers . . . will not be considered.").

We thank the Court for its time and attention to this matter.

                            Respectfully submitted,
                            THE HARMAN FIRM, PC


                            _____s/_____
                            Walker G. Harman, Jr. [WH-8044]


cc:    Tara E. Daub, Esq. (via ECF)
       Jessica Chiclacos, Esq. (via ECF)
       Peter J. Andrews (via ECF)