

NIXON PEABODY LLP
ATTORNEYS AT LAW

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500
Fax: (516) 832-7555
Direct Dial: (516) 832-7613
E-Mail: tdaub@nixonpeabody.com

July 5, 2013

**VIA ECF AND FEDERAL EXPRESS**

The Honorable Leonard D. Wexler
United States District Judge
United States District Court for the
   Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

> RE:   **Lawrence I. Friedmann v. Raymour Furniture Co., Inc., et al.**
>       **12 Civ. 1307 (LDW)(AKT)**

Dear Judge Wexler:

As you know, this firm represents defendant Raymour Furniture Company, Inc., d/b/a Raymour & Flanigan Furniture ("Defendant") in this matter. We write in response to plaintiff Lawrence Friedmann's July 3, 2013 letter requesting a pre-motion conference for a proposed motion to strike (Docket Entry No. 77). For the following reasons, Plaintiff's request is procedurally improper, lacks any factual or legal basis, and should be denied.

Specifically, Plaintiff proposes making a motion to strike the Declaration of Patricia Delgenio, dated June 28, 2013, and the two exhibits attached thereto, submitted with Defendant's reply papers in further support of its motion for summary judgment. As an initial matter, this Court should deny Plaintiff's request because a motion to strike is not the appropriate mechanism for objecting to an affidavit submitted on a motion, and, thus, no pre-motion conference request was necessary. See Amarsingh v. JetBlue Airways Corp., 2009 U.S. Dist. LEXIS 13311, at *2-4 (E.D.N.Y. Feb. 20, 2009) (noting that some Second Circuit courts have opined that "motions to strike are only appropriately directed to pleadings and cannot be used to challenge evidence in support of, or in opposition to, a motion for summary judgment" and holding that request for formal motion was not required) (citations omitted). See also Aukema v. Chesapeake Appalachia, LLC, 904 F. Supp. 2d 199, 208 (N.D.N.Y. 2012) (denying motion to strike portions of affidavit and noting that "[c]ourts are able to distinguish between proper and improper submissions"); Fifth Ave. of Long Island Realty Assoc. v. Caruso Mgmt. Co., 2009 U.S. Dist. LEXIS 13369, at *21 (Feb. 17, 2009) (LDW) (adopting magistrate's recommendation that motion to strike declarations be denied and noting that "Motions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute") (citation omitted).

The Honorable Leonard D. Wexler
July 5, 2013
Page 2

Plaintiff's letter is, effectively, a sur-reply submitted without permission. As this Court has observed, there is no need for a formal motion in these circumstances and Plaintiff cites to no Federal Rule of Civil Procedure that would authorize his ability to file a formal motion to strike under these circumstances. For these reasons, Plaintiff's pre-motion conference request should be denied as procedurally improper.

Even if the Court considers Plaintiff's letter as sur-reply, his objections to Ms. Delgenio's declaration are utterly baseless. Plaintiff argues that the declaration is improper because it allegedly: (1) was not based on personal knowledge; and (2) set forth new information that was not previously provided to Plaintiff. First, Ms. Delgenio's declaration, which details the basis of her personal knowledge – her review of Defendant's business records – contains evidence plainly admissible under the business records exception to the hearsay rule. See FRE 803(6)(B); see also Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgt., Inc., 2007 U.S. Dist. LEXIS 1404, at *5-6 (E.D.N.Y. Jan. 8, 2007). Indeed, Ms. Delgenio's declaration specifically states that she reviewed this employee's personnel file, which is a business record that Defendant maintains in the ordinary course of its business. (See Docket Entry No. 75 at ¶ 4). Furthermore, Plaintiff's manager, Lucy Goldstein clearly testified during her deposition that she terminated this younger employee based on his sales performance. (Goldstein Dep. 60-61.) Ms. Delgenio's declaration merely supplied the name of the employee and supporting records.

Second, contrary to Plaintiff's allegation that the Delgenio Declaration (and the exhibits attached thereto) contains "new information," nothing could be further from the truth. Again, Ms. Goldstein testified regarding her termination of this younger employee during her deposition. Furthermore, Defendant produced the relevant documents and information to Plaintiff four months ago, on March 8, 2013, specifically stating in the cover letter that the documents related to the employee about whom Ms. Goldstein testified about during her deposition. (See Exhibit A (the March 8, 2013 letter to Plaintiff's counsel) and Exhibit B (the Federal Express delivery confirmation sheet reflecting Peter Andrew, Esq.'s signature upon delivery)). The exhibits attached to the Delgenio Declaration were bates stamped D000455 – D000457, within the range identified in Defendant's cover letter to the production. Plaintiff was well aware of Ms. Goldstein's testimony about this employee and the documents Defendant produced relating to his performance improvement plan and termination.

Finally, Plaintiff's assertion that Defendant improperly raised a "new argument" on reply in connection with the Delgenio Declaration is entirely incorrect. As argued in Defendant's moving papers, there is no evidence in the record to support Plaintiff's age-based disparate treatment claim. In opposition to Defendant's motion, Plaintiff argued – without citation to any record evidence – that he was the only Sales Associate terminated for failure to meet sales goals. (See Plaintiff's Affidavit in Opposition to Summary Judgment at ¶¶ 16, 19). Accordingly, in reply, Defendant was directly rebutting Plaintiff's argument through, among other things, the record evidence of Ms. Goldstein's deposition testimony and Ms. Delgenio's Declaration and attached exhibits. Thus, Plaintiff's assertion that this was a "new argument" raised for the first

The Honorable Leonard D. Wexler
July 5, 2013
Page 3


time in reply is meritless.  See Briese v. Langton, 2012 U.S. Dist. LEXIS 160535, at *19-20 (S.D.N.Y. Nov. 8, 2012) (denying motion to strike and noting that reply papers may properly address new material issues raised in opposition papers).

        Should Your Honor require any additional information, please do not hesitate to contact us.  Thank you in advance for your attention to this matter.

                                Respectfully submitted,

                                    /s/

                                Tara Eyer Daub
                                Jessica Chiclacos

cc:     Walker G. Harman, Jr., Esq. (via ECF)

# EXHIBIT A

# NIXON PEABODY LLP

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500
Fax: (516) 832-7555
Direct Dial: (516) 832-7538
E-Mail: jchiclacos@nixonpeabody.com

March 8, 2013

**VIA FEDERAL EXPRESS**

Peter Andrews, Esq.
The Harman Firm, P.C.
200 West 57th Street, Suite 900
New York, New York 10019

> **RE:** **Lawrence I. Friedmann v. Raymour Furniture Co., Inc., et al.**
> **12 Civ. 1307 (LDW)(AKT)**

Dear Peter:

In connection with Magistrate Tomlinson's February 26, 2013 rulings in connection with Plaintiff's motion to compel in the above-referenced matter, enclosed please find:

(1) Document Bates stamped D 000450, which is the unredacted version of the document previously produced at document Bates stamped D 000019;

(2) Documents Bates stamped D 000451 – D 000454, which are the only emails from Lucy Goldstein's e-mail box that pertain to Plaintiff;

(3) Documents Bates stamped D 000455 – D 000457, which are documents relating to the termination of Angelo Rodriguez, the individual Ms. Goldstein testified about during her deposition. Please note that these documents have been marked "Confidential" pursuant to the Confidentiality Agreement entered into by the parties;

(4) Documents Bates stamped D000458 – D000500, which are pleadings from other charges/complaints filed by sales associates in New York State against Raymour & Flanigan from 2008 to the present regarding age and disability discrimination. Please note that these documents have been marked "Confidential", and that personal and confidential information has been redacted from these documents, as well as information relating to complaints that do not involve age or disability discrimination; and

(5) Documents Bates stamped D000501 – D000506, which is a list of the names, reasons for termination and ages of all employees that were involuntary terminated by Raymour & Flanigan in Nassau and Suffolk counties from January 2005 until June 2011.

14361539.1

Peter Andrews, Esq.
March 8, 2013
Page 2

Please contact me if you have any questions.

Very truly yours,

Jessica Chiclacos

Enclosures

14361539.1

# EXHIBIT B

**FedEx**

| 794928323444 |
|---|

Ship (P/U) date :
Fri 3/08/2013
JERICHO, NY  US

**Delivered**
Signed for by: P.ANDREWS

Actual delivery :
Mon 3/11/2013 10:23 am
NEW YORK, NY  US

## Travel History

| Date/Time | Activity | Location |
|---|---|---|
| ▪ 3/11/2013 · Monday | | |
| 10:23 am | Delivered | NEW YORK, NY |

Local Scan Time 🖳

## Shipment Facts

| Tracking number | 794928323444 | Service | Priority Overnight |
|---|---|---|---|
| Shipper reference | CM/601438/000028/1691 | | |

Page 1 of 1

From: (516) 832-7500
Jessica Chiclacos, Esq.
Nixon Peabody LLP
50 Jericho Quadrangle
Suite 300
Jericho, NY 11753

Origin ID: RMEA



Ship Date: 08MAR13
ActWgt: 1.0 LB
CAD: 1180355/INET3370

J1310121219O326

Delivery Address Bar Code



SHIP TO: (516) 832-7500

BILL SENDER

Ref #    CM/601438/000028/1691
Invoice #
PO #
Dept #

**Peter Andrews, Esq.**
**The Harman Firm, P.C.**
**200 West 57th Street**
**Suite 900**
**NEW YORK, NY 10019**

MON - 11 MAR 10:30A
PRIORITY OVERNIGHT

TRK#  **7949 2832 3444**
0201

**10019**
NY-US
**EWR**

# SB QNYA





518G2/DCF8/63AB

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.